**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NOVARTIS VACCINES & DIAGNOSTICS, INC.,

*Plaintiff*,

*v.*

MEDIMMUNE, LLC,
BIOGEN IDEC, INC., AND
ALEXION PHARMACEUTICALS, INC.,

*Defendants*.

**Civil Action No. [________]**

**Demand for Jury Trial**

**Complaint For Patent Infringement**

Plaintiff Novartis Vaccines & Diagnostics, Inc., by and through its undersigned counsel, for its Complaint herein against MedImmune, LLC, Biogen Idec, Inc., and Alexion Pharmaceuticals, Inc., upon knowledge as to matters relating to itself and upon information and belief as all other matters, alleges as follows:

**Nature of the Action**

1. This is an action for patent infringement.

**Parties**

2. Plaintiff Novartis V&D is a corporation organized and existing under the laws of Delaware, having places of business in Emeryville, California and Cambridge, Massachusetts. Novartis V&D is engaged in the research, development, manufacture and sale of pharmaceutical products, including vaccines and diagnostic products.

3. Defendant MedImmune, LLC ("MedImmune") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One MedImmune Way, Gaithersburg, MD 20878. MedImmune is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

4. Defendant Biogen Idec, Inc. ("Biogen") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 14 Cambridge Center, Cambridge, Massachusetts, 02142. Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

5. Defendant Alexion Pharmaceuticals, Inc. ("Alexion") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410. Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

**Jurisdiction And Venue**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

7. The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the

exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Count I**

**(MedImmune's Infringement of U.S. Patent No. 5,688,688)**

9. Novartis V&D incorporates by reference and realleges paragraphs 1-3, and 6-8 above as though fully stated herein.

10. On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer and Nancy Haigwood. A true and correct copy of the '688 Patent is attached hereto as Exhibit 1.

11. Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron"), a biotechnology firm that was formerly based in Emeryville, California.

12. On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly owned subsidiary of Novartis AG. After the acquisition, Chiron's vaccines and blood-testing units were combined to form what is now known as Novartis V&D.

13. As successor to Chiron, Novartis V&D holds all right, title and interest in the '688 Patent.

14. The '688 Patent discloses and claims, among other things, gene expression constructs for the expression of polypeptides in mammalian cells.

15. Defendant MedImmune has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Synagis® without authority or license from Novartis V&D. Synagis is manufactured in the United States.

16. Defendant MedImmune is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

17. Defendant MedImmune's acts of infringement have caused damage to Novartis V&D, and Novartis V&D is entitled to recover from the MedImmune the damages sustained by Novartis V&D as a result of the MedImmune's wrongful acts in an amount subject to proof at trial.

18. Defendant MedImmune's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**Count II**

**(Biogen's Infringement of U.S. Patent No. 5,688,688)**

19. Novartis V&D incorporates by reference and realleges paragraphs 1-2, 4, 6-8, and 10-14 above as though fully stated herein.

20. Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among

other things, making or causing to be made Tysabri® without authority or license from Novartis V&D. Tysabri is manufactured in the United States.

21. Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

22. Defendant Biogen's acts of infringement have caused damage to Novartis V&D, and Novartis V&D is entitled to recover from Biogen the damages sustained by Novartis V&D as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

23. Defendant Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**Count III**

**(Alexion's Infringement of U.S. Patent No. 5,688,688)**

24. Novartis V&D incorporates by reference and realleges paragraphs 1-2, 5-8, and 10-14 above as though fully stated herein.

25. Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Soliris® without authority or license from Novartis V&D. Soliris is manufactured in the United States.

26. Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

27. Defendant Alexion's acts of infringement have caused damage to Novartis V&D, and Novartis V&D is entitled to recover from Alexion the damages sustained by Novartis V&D as a result of the Alexion's wrongful acts in an amount subject to proof at trial.

28. Defendant Alexion's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**Prayer for Relief**

WHEREFORE, Novartis V&D demands judgment:

A. declaring that MedImmune has infringed and continues to infringe the '688 Patent and finding such infringement willful;

B. declaring that Biogen has infringed and continues to infringe the '688 Patent and finding such infringement willful;

C. declaring that Alexion has infringed and continues to infringe the '688 Patent and finding such infringement willful;

D. awarding Novartis V&D compensatory damages for Defendants' infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

E. trebling any and all damages awarded to Novartis V&D, pursuant to 35 U.S.C. § 284, for willful acts of infringement complained of herein;

F. awarding Novartis V&D reasonable attorneys' fees pursuant to 35 U.S.C 285; and

G. granting Novartis V&D such other and further relief as this Court deems just and proper.

**Jury Demand**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Novartis V&D demands a trial by jury.

Dated: January 26, 2011

*/s/ Richard K. Herrmann*

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Amy A. Quinlan (#3021)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Plaintiff,*
*Novartis Vaccines & Diagnostics, Inc.*

Of Counsel:

Evan R. Chesler
David Greenwald
Teena-Ann V. Sankoorikal
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000