# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC,) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEDIMMUNE, LLC, ) <br> BIOGEN IDEC, INC., and ) <br> ALEXION PHARMACEUTICALS, INC. ) <br> Defendants. ) | C.A. No.: 1:11-CV-84-SLR |

### MEDIMMUNE, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO NOVARTIS VACCINES & DIAGNOSTICS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant MedImmune, LLC ("MedImmune"), by and through its undersigned counsel, hereby answers the Complaint filed by Novartis Vaccines & Diagnostics, Inc. ("Novartis") on January 26, 2011 as follows. The Complaint was served on May 16, 2011 and MedImmune's time for response was extended to July 6, 2011.

### NATURE OF THE ACTION

1. MedImmune admits this action purportedly arises under the patent laws of the United States, but denies that it has infringed any valid and enforceable claim of U.S. Patent No. 5,688,688 as reexamined ("the '688 patent") as alleged elsewhere in the Complaint. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations of infringement by the other Defendants and, on that basis, denies those allegations.

## PARTIES

2. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, on that basis, denies the allegations of paragraph 2.

3. MedImmune admits that MedImmune is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at One MedImmune Way, Gaithersburg, MD 20878. MedImmune further admits that it is engaged in the research, development, manufacture, and sale of pharmaceutical products, but denies the remaining allegations of paragraph 3 of the Complaint.

4. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, on that basis, denies the allegations of paragraph 4.

5. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, on that basis, denies the allegations of paragraph 5.

## JURISDICTION AND VENUE

6. MedImmune admits that this action purports to be brought against MedImmune under the patent laws of the United States, Title 35 of the United States Code, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that it has infringed the '688 patent. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other Defendants and, on that basis, denies the allegations of paragraph 6 of the Complaint regarding the other Defendants.

7. MedImmune admits that it is a limited liability company organized and existing under the laws of the State of Delaware and, on that basis, that this Court has personal jurisdiction over it for purposes of the present litigation against it, but denies the remaining allegations of paragraph 7 regarding MedImmune. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendants and, on that basis, denies those allegations of paragraph 7 of the Complaint regarding the other Defendants.

8. With respect to MedImmune, MedImmune admits that venue is proper in this Court for purposes of the present litigation against it, but denies the remaining allegations of paragraph 8 of the Complaint. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendants and, on that basis, denies those allegations of paragraph 8 regarding the other Defendants.

## COUNT I

9. In response to paragraph 9 of the Complaint, MedImmune reasserts and realleges above paragraphs 1-3 and 6-8 of this Answer as though fully stated herein.

10. MedImmune admits that the '688 patent, entitled "Vector for Expression of a Polypeptide in a Mammalian Cell" first issued on November 18, 1997, but denies it was duly and legally issued. MedImmune further admits that the '688 patent lists Paul A. Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer, and Nancy L. Haigwood as inventors, but lacks knowledge or information sufficient to form a belief as to the truth of that allegation and, on that basis, denies that allegation of paragraph 10 of the Complaint. MedImmune admits that Exhibit 1 to the Complaint appears to contain a true and correct copy of the '688 patent, including its Ex Parte Reexamination Certificate. MedImmune lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and, on that basis, denies each and every remaining allegation.

11. MedImmune admits that "**Chiron Corporation**, Emeryville, Calif." is listed on the face of the '688 patent as the assignee, but MedImmune is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint and, on that basis, denies the remaining allegations of paragraph 11.

12. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, on that basis, denies those allegations.

13. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, on that basis, denies those allegations.

14. MedImmune denies each and every allegation in paragraph 14 of the Complaint.

15. MedImmune admits that some of its Synagis® product is manufactured in the United States. MedImmune denies each and every remaining allegation in paragraph 15 of the Complaint.

16. MedImmune denies each and every allegation in paragraph 16 of the Complaint.

17. MedImmune denies each and every allegation in paragraph 17 of the Complaint.

18. MedImmune denies each and every allegation in paragraph 18 of the Complaint.

## COUNTS II & III

19. MedImmune is without knowledge or information sufficient to form a belief as to the truth of the allegations in Count II regarding Biogen Idec, Inc. and in Count III regarding

Alexion Pharmaceuticals, Inc. and, on that basis, denies the allegations of paragraphs 19 through 28 of the Complaint. MedImmune further reasserts and realleges above paragraphs 1-2, 4-8, and 10-14 of this Answer as though fully stated herein.

## GENERAL DENIAL

20. Any allegation in Plaintiff Novartis' Complaint not expressly admitted by MedImmune is hereby denied. Having answered Novartis' Complaint, MedImmune denies that Novartis is entitled to the relief requested in Novartis' Prayer for Relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Answering further, MedImmune asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

21. MedImmune is not infringing and has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '688 patent. MedImmune is not and has not been actively inducing anyone to infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '688 patent. MedImmune is not and has not been contributorily infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '688 patent.

## SECOND AFFIRMATIVE DEFENSE

22. The claims of the '688 patent are invalid for failure to comply with one or more conditions and requirements for patentability set forth in Title 35 of the United States Code including, but not limited to, anticipation, obviousness, lack of enablement, lack of written description, and indefiniteness in accordance with, *inter alia*, 35 U.S.C. §§ 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

23. Novartis, and its identified predecessor-in-interest Chiron Corporation ("Chiron"), unreasonably delayed in submitting, procuring, and enforcing claims alleged to cover MedImmune's manufacture of the Synagis® product to the detriment of MedImmune. Chiron and/or Novartis unreasonably delayed in submitting and procuring claims alleged to cover MedImmune's manufacture of the Synagis® product. On information and belief, Novartis and Chiron knew or reasonably should have known of MedImmune's manufacture of the Synagis® product at least as of that product's commercial sale in 1998. Yet, to the detriment of MedImmune, Novartis and Chiron failed to file a lawsuit until 2011. Having prejudiced MedImmune with these delays, it would be inequitable to now allow Novartis to profit from these delays by asserting alleged rights under the '688 patent. Novartis, thereby, is barred from enforcing the '688 patent by laches.

## FOURTH AFFIRMATIVE DEFENSE

24. To the extent Novartis asserts one or more amended claims of the '688 patent that issued following its reexamination proceedings, MedImmune asserts the defense of intervening rights under 35 U.S.C. § 307(b).

## FIFTH AFFIRMATIVE DEFENSE

25. Under 35 U.S.C. § 286, Novartis is not entitled to any recovery with respect to any allegation of infringement of the '688 patent more than six years prior to the filing of its Complaint in this action.

26. MedImmune specifically reserves the right to assert any other defense that may become evident in the course of discovery.

## COUNTERCLAIM FOR AFFIRMATIVE RELIEF

### Declaratory Judgment of Non-Infringement, Invalidity, and/or Unenforceablility of U.S. Patent No. 5,688,688

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, MedImmune hereby asserts the following counterclaim against Novartis:

### PARTIES

1. Counterclaim Plaintiff MedImmune, LLC ("MedImmune") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at One MedImmune Way, Gaithersburg, MD 20878.

2. On information and belief, Counterclaim Defendant Novartis Vaccines and Diagnostics, Inc. ("Novartis") is a corporation incorporated under the laws of the State of Delaware, with places of business in California and Massachusetts.

### JURISDICTION AND VENUE

3. This is a counterclaim for declaratory relief under the patent laws of the United States. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. Because Novartis sued MedImmune for alleged patent infringement in this judicial district, this Court has personal jurisdiction over Novartis.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

### COUNTERCLAIM

6. An actual controversy exists between Novartis and MedImmune concerning the '688 patent, which requires a declaration of rights by this Court. This controversy relates to the alleged infringement, validity, and enforceability of the '688 patent.

7. Novartis has asserted ownership of the '688 patent and has accused MedImmune of purportedly infringing the '688 patent in its Complaint in this action.

8. MedImmune realleges and reincorporates by reference its responses and allegations set forth in Paragraphs 1 through 20 of its Answer above.

9. MedImmune realleges and reincorporates by reference Paragraphs 21 through 26 of its Affirmative Defenses above.

10. MedImmune is entitled to a declaratory judgment that the asserted claims of the '688 patent are invalid, unenforceable, and/or not infringed by MedImmune.

## PRAYER FOR RELIEF

WHEREFORE, MedImmune respectfully requests that this Court enter a Judgment and Order:

A. Dismissing the Complaint, and each count thereof, with prejudice and denying Novartis any relief whatsoever;

B. Declaring that all asserted claims of the '688 patent are invalid, not infringed, and/or unenforceable;

C. Issuing an injunction restraining Novartis, its parents, successors, and assigns from enforcing or attempting to enforce the '688 patent against MedImmune, MedImmune's affiliates, any of MedImmune's suppliers, or any of MedImmune's customers or licensees, or potential customers or licensees;

D. Finding that this case is an exceptional case pursuant to 35 U.S.C. § 285 or otherwise, and awarding MedImmune its costs, together with reasonable attorneys' fees and all of its expenses for defending this suit; and

E. Awarding MedImmune any such other costs and further relief as the Court may deem just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| Of Counsel: | |
| Charles E. Lipsey | /s/ Mary W. Bourke |
| Finnegan, Henderson, Farabow, Garrett & Dunner LLP | Mary W. Bourke (#2356) |
| | CONNOLLY BOVE LODGE & HUTZ LLP |
| Two Freedom Square | 1007 N. Orange Street |
| 11955 Freedom Drive | Wilmington, DE 19899 |
| Reston, VA 20190-5675 | Telephone: (302) 658-9141 |
| Telephone: 571-203-2755 | Facsimile: (302) 658-5614 |
| | mbourke@cblh.com |
| Linda A. Wadler | |
| Kakoli Caprihan | *Counsel for Defendant MedImmune, LLC* |
| Marcus Kretzschmar | |
| Finnegan, Henderson, Farabow, Garrett & Dunner LLP | |
| 901 New York Avenue, NW | |
| Washington, DC 20001-4413 | |
| Telephone: 202-408-4037 | |

Elliot M. Olstein
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973-994-1700

DATED: July 6, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2011, I electronically filed a true and correct copy of **MEDIMMUNE, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO NOVARTIS VACCINES & DIAGNOSTICS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** via CM/ECF and electronically mailed a copy to the below individuals:

*Novartis Vaccines & Diagnostics, Inc.*
Evan R. Chesler
David Greenwald
Teena-Ann V. Sankoorikal
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
echesler@cravath.com
dgreenwald@cravath.com
tsankoorikal@cravath.com

*Novartis Vaccines & Diagnostics, Inc.*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
rherrmann@morrisjames.com
mmatterer@morrisjames.com
kdorsney@morrisjames.com

*Alexion Pharmaceuticals, Inc.*
Gerald J. Flattmann, Jr.
Christine Willgoos
Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 E. 55th Street, 1st Floor
New York, NY 10022
geraldflattmann@paulhastings.com
christinewillgoos@paulhastings.com

*Alexion Pharmaceuticals, Inc.*
Brian E. Farnan (#4089)
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com

*Biogen Idec, Inc.*
Donald R. Ware
Jeremy A. Younkin
Foley Hoag LLP
Seaport West
155 Seaport Blvd.
Boston, MA 02210-2600
dware@foleyhoag.com
jyounkin@foleyhoag.com

*Biogen Idec, Inc.*
Collins J. Seitz, Jr. (#2237)
Seitz Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
cseitz@seitzross.com

**CONNOLLY BOVE LODGE & HUTZ LLP**

/s/ *Mary W. Bourke*
Mary W. Bourke (#2356)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
mbourke@cblh.com

4384242