IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 11-cv-84-SLR <br><br> JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT ALEXION PHARMACEUTICALS, INC.

Defendant Alexion Pharmaceuticals, Inc. ("Alexion"), for its Answer to the Complaint of Plaintiff Novartis Vaccines & Diagnostics, Inc. ("Novartis"), hereby states as follows:

1. Alexion admits that this action purportedly arises under the Patent Laws of the United States, but denies that it has infringed any valid and enforceable claim of U.S. Patent No. 5,688,688 as reexamined ("the '688 patent") as alleged elsewhere in the Complaint. Alexion is without knowledge or information sufficient to form a belief regarding the truth of the allegations of infringement by the other Defendants.

2. Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 2 of Novartis's Complaint.

3. Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 3 of Novartis's Complaint.

4. Alexion is without knowledge or information sufficient to form a belief as to the

averments of Paragraph 4 of Novartis's Complaint.

5.   Alexion admits the averments of Paragraph 5 of Novartis's Complaint.

6.   Alexion neither admits nor denies the averments of Paragraph 6 of Novartis's Complaint because they are legal conclusions to which no response by Alexion is required. To the extent that any response by Alexion is required, Alexion does not contest subject matter jurisdiction in this action.

7.   Alexion neither admits nor denies the averments of Paragraph 7 of Novartis's Complaint because they are legal conclusions to which no response by Alexion is required. To the extent that any response by Alexion is required, Alexion does not contest personal jurisdiction in this action. Alexion is without knowledge or information sufficient to form a belief regarding whether this court has personal jurisdiction over Defendants MedImmune, LLC ("MedImmune") or Biogen Idec, Inc. ("Biogen").

8.   Alexion neither admits nor denies the averments of Paragraph 8 of Novartis's Complaint because they are legal conclusions to which no response by Alexion is required. To the extent that any response by Alexion is required, Alexion does not contest venue in this action.

9.   Alexion repeats and incorporates by reference its answers to Paragraphs 1 through 8 above as if fully set forth herein.

10.   Alexion admits that the '688 patent, attached as Exhibit 1 to Novartis's Complaint, is entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," names on its face Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer, and Nancy Haigwood as inventors, and purports to have been issued on November 18, 1997. Alexion denies that the '688 patent was duly and legally issued. Except as expressly admitted herein,

Alexion denies all averments of Paragraph 10 of Novartis's Complaint

11. Alexion admits that the '688 patent names on its face Chiron Corporation ("Chiron") as the assignee of the '688 patent. Alexion is without sufficient information to form a belief as to the remaining averments of Paragraph 11 of Novartis's Complaint.

12. Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 12 of Novartis's Complaint.

13. Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 13 of Novartis's Complaint.

14. Alexion neither admits nor denies the averments of Paragraph 14 of Novartis's Complaint because they are legal conclusions to which no response by Alexion is required. Alexion denies the claims of the '688 patent were duly and legally issued.

15. Paragraph 15 of Novartis's Complaint is directed to Defendant MedImmune and therefore, no response by Alexion is required. To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 15.

16. Paragraph 16 of Novartis's Complaint is directed to Defendant MedImmune, and therefore, no response by Alexion is required. To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 16.

17. Paragraph 17 of Novartis's Complaint is directed to Defendant MedImmune, and therefore, no response by Alexion is required. To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 17.

18. Paragraph 18 of Novartis's Complaint is directed to Defendant MedImmune, and therefore, no response by Alexion is required. To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 18.

19. Alexion repeats and incorporates by reference its answers to Paragraphs 1-14 above as if fully set forth herein.

20. Paragraph 20 of Novartis's Complaint is directed to Defendant Biogen, and therefore, no response by Alexion is required. To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 20.

21. Paragraph 21 of Novartis's Complaint is directed to Defendant Biogen, and therefore, no response by Alexion is required. To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 21.

22. Paragraph 22 of Novartis's Complaint is directed to Defendant Biogen, and therefore, no response by Alexion is required. To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 22.

23. Paragraph 23 of Novartis's Complaint is directed to Defendant Biogen, and therefore, no response by Alexion is required. To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 23.

24. Alexion repeats and incorporates by reference its answers to Paragraphs 1-14

above as if fully set forth herein.

25. Alexion admits that Soliris® is manufactured in the United States. Alexion denies all other averments of Paragraph 25 of Novartis's Complaint.

26. Alexion denies the averments of Paragraph 26 of Novartis's Complaint.

27. Alexion denies the averments of Paragraph 27 of Novartis's Complaint.

28. Alexion denies the averments of Paragraph 28 of Novartis's Complaint.

### Response to Novartis's Prayer for Relief

29. Alexion denies that Novartis is entitled to any relief whatsoever from Alexion or the Court, either as prayed for in its Complaint or otherwise.

30. Alexion further denies each and every averment contained in Novartis's Complaint that was not specifically admitted, denied, or otherwise responded to in its Answer and Counterclaims.

### SEPARATE DEFENSES

Alexion asserts the defenses set forth below, undertaking the burden of proof on such defenses only to the extent required by law, and specifically reserves the right to amend its Answer and Counterclaims with additional defenses and/or counterclaims:

### First Defense

31. Novartis's Complaint fails to meet the requirements for permissive joinder under Federal Rule of Civil Procedure 20. Novartis's claims against Alexion should therefore be dismissed, or in the alternative severed from the claims against MedImmune and Biogen pursuant to Federal Rule of Civil Procedure 21.

### Second Defense

32. Alexion has not infringed any claim of the '688 patent, either directly, indirectly,

literally, or under the doctrine of equivalents.

33.     To the extent that Novartis asserts infringement of any claim of the '688 patent based on any act of making, using, offering to sell, or selling within the United States, or importing into the United States, any accused product solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products or medical devices, that activity cannot constitute infringement under 35 U.S.C. § 271(e)(1).

### Third Defense

34.     Each claim of the '688 patent is invalid for failure to comply with one or more of the conditions of patentability and/or requirements specified in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Defense

35.     Novartis's Complaint, and each purported claim for relief set forth therein, is barred by the doctrine of laches.

### Fifth Defense

36.     To the extent Novartis asserts one or more amended claims of the '699 patent that issued following its reexamination proceedings, Alexion asserts the defense of intervening rights under 35 U.S.C. § 307(b).

### COUNTERCLAIMS

Defendant Alexion Pharmaceuticals, Inc. ("Alexion"), in its Counterclaim against Plaintiff Novartis Vaccines & Diagnostics, Inc. ("Novartis"), hereby alleges and avers as follows:

1.      This is a declaratory judgment counterclaim for a declaration of noninfringement and invalidity of all of the asserted claims of U.S. Patent No. 5,688,688 ("the '688 patent"). This

counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Counterclaim Plaintiff Alexion is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 352 Knotter Drive, Cheshire, Connecticut 06410.

3. On information and belief, Counterclaim Defendant Novartis is a corporation incorporated under the laws of the State of Delaware with places of business at 4560 Horton Street, Emeryville, California 94608 and 75 Sidney Street, Cambridge, Massachusetts 02139.

4. This court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§1331 and 1338(a). As demonstrated by, *inter alia*, the Complaint filed by Novartis in this action and Alexion's Answer and Counterclaims to that Complaint, an actual and justiciable controversy exists between Novartis and Alexion regarding the '688 patent.

5. Counterclaim Defendant Novartis is subject to personal jurisdiction in this Court, as evidenced by, *inter alia*, its consent to jurisdiction in this court and its existence as a corporation incorporated under the laws of the State of Delaware.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, *inter alia*, Novartis has consented to venue in this judicial district, Novartis resides in this district, and Novartis is subject to personal jurisdiction in this district.

7. On January 26, 2011, Novartis initiated a civil action by filing a Complaint against Alexion in this Court alleging that Alexion has infringed the '688 patent.

## COUNT I
### Declaratory Judgment Counterclaim for a
### Declaration of Patent Noninfringement

8. Alexion incorporates and realleges Paragraphs 1-7 as if set forth herein.

9. Novartis has created an actual and justiciable controversy between itself and Alexion regarding whether Alexion has infringed any valid and enforceable claim of the '688 patent.

10. Alexion has not infringed any claim of the '688 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

11. To the extent that Novartis asserts infringement of any claim of the '688 patent based on any act of making, using, offering to sell, or selling within the United States, or importing into the United States, any accused product solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products or medical devices, that activity cannot constitute infringement under 35 U.S.C. § 271(e)(1).

12. A judicial declaration of noninfringement of the '688 patent is necessary and appropriate to resolve this controversy.

## COUNT II
### Declaratory Judgment Counterclaim for a
### Declaration of Patent Invalidity

13. Alexion incorporates and realleges Paragraphs 1-12 as if set forth herein.

14. Each claim of the '688 patent is invalid for failure to comply with one or more of the conditions of patentability and/or requirements specified in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

15. A judicial declaration of invalidity of the '688 patent is necessary and appropriate

to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Alexion prays for entry of judgment:

A. Dismissing Novartis's Complaint, and all claims therein, with prejudice;

B. Declaring that Alexion has not infringed any claim of the '688 patent;

C. Declaring that each claim of the '688 patent is invalid;

D. Enjoining Novartis, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, and its parents, successors, and assigns, from directly or indirectly charging infringement, or instituting any further action for infringement of the '688 patent against Alexion and/or any of its affiliates, customers, suppliers, licensees, or potential customers or licensees, in connection with any product accused of infringement in this action, including Alexion's Soliris®;

E. Awarding Alexion its attorney fees, costs, and expenses;

F. Declaring this case to be exceptional pursuant to 35 U.S.C. § 285 and that Alexion be awarded its attorney fees, costs and expenses; and

G. Awarding Alexion such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Alexion demands a trial by jury on all issues so triable.

Dated: July 6, 2011                                FARNAN LLP

/s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com

-and-

Gerald J. Flattmann, Jr. (admitted *pro hac vice*)
Christine Willgoos (admitted *pro hac vice*)
Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 E. 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel for Alexion Pharmaceuticals, Inc.*