# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC., <br><br> Defendant. | C.A. No. 11-cv-84 (SLR) <br><br> JURY TRIAL DEMANDED |

## <u>OPENING BRIEF IN SUPPORT OF DEFENDANT ALEXION'S MOTION TO DISMISS FOR IMPROPER JOINDER</u>

Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com

Gerald J. Flattmann, Jr. (admitted *pro hac vice*)
Christine Willgoos (admitted *pro hac vice*)
Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 E. 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Attorneys for Defendant Alexion Pharmaceuticals, Inc.*

Dated: July 6, 2011

## TABLE OF CONTENTS

Page

I.   NATURE AND STAGE OF THE PROCEEDINGS ................................................ 1

II.  SUMMARY OF THE ARGUMENT ................................................................... 1

III. STATEMENT OF FACTS .................................................................................. 2

IV.  ARGUMENT ..................................................................................................... 3

    A.   LEGAL STANDARD ................................................................................ 3

    B.   ALEXION'S ALLEGED INFRINGEMENT DOES NOT "ARIS[E] OUT
        OF THE SAME TRANSACTION" AS THE ALLEGED
        INFRINGEMENT OF THE OTHER TWO DEFENDANTS ................................ 3

    C.   COMMON QUESTIONS OF LAW OR FACT WILL NOT ARISE
        AMONG THE ALLEGED INFRINGEMENTS OF ALEXION AND THE
        OTHER TWO DEFENDANTS ..................................................................... 6

    D.   ALEXION WILL SUFFER PREJUDICE FROM IMPROPER JOINDER
        TO THE OTHER TWO DEFENDANTS .......................................................... 7

V.   CONCLUSION ................................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Interval Licensing LLC v. AOL, Inc.*,
  No. C10-1385 (MJP), 2011 WL 1655713 (W.D. Wa. April 29, 2011) ....................................5

*Joao Control and Monitoring Sys. of Cal. v. ACTI Corp. Inc.*,
  No. SA CV 10-01909 DOC (RNBx), 2011 WL 1519277 (C.D. Cal. April 19, 2011) ..............6

*New Jersey Mach. Inc. v. Alford Indus. Inc.*,
  No. 89-1879 (JCL), 1991 WL 340196 (D.N.J. Oct. 7, 1991), *aff'd* 983 F.2d 1087
  (Fed. Cir. 1992) ...........................................................................................................5

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  564 F. Supp. 1358 (D. Del. 1983) ...............................................................................3, 4, 5

*Pergo, Inc. v. Alloc, Inc.*,
  262 F. Supp. 2d 122 (S.D.N.Y. 2003) ...........................................................................4, 5

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
  220 FRD 415 (D. Del. 2004) ...........................................................................................4

*Rudd v. Lux Prods. Corp.*,
  No. 09-CV-6957, 2011 WL 148052 (N.D. Ill. Jan 12, 2011) ...................................3, 4, 5, 7

*WiAV Networks, LLC v. 3Com Corp.*,
  No. C 10-03448 (WHA), 2010 WL 3895047 (N.D. Cal. Oct 1, 2010) ....................................7

RULES

Fed. R. Civ. P. 20 ................................................................................................passim

Fed. R. Civ. P. 21 .......................................................................................................1, 3

## I.    <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

On January 26, 2011, Novartis Vaccines & Diagnostics, Inc. ("Novartis") filed a

Complaint alleging that three unrelated entities, Alexion Pharmaceuticals, Inc. ("Alexion"),

MedImmune LLC ("MedImmune") and Biogen Idec, Inc. ("Biogen"), had each independently

infringed United States Patent No. 5,688,688 ("the '688 patent") based upon three different

methods of manufacture of three different drug products. *See* Complaint (D.I. 1).  On May 16,

2011, Alexion was served with the Complaint.  (D.I. 8).  On June 2, 2011, the Court approved

the stipulation granting Alexion until July 6, 2011 to answer or otherwise respond to the

Complaint.  On July 6, 2011, Alexion filed a Motion to Dismiss for Improper Joinder (the

"Motion") seeking to dismiss itself from the above-captioned action for misjoinder pursuant to

Federal Rules of Civil Procedure 20 and 21 or, alternatively, to sever itself from the other

defendants in this action.  This is Alexion's Opening Brief in support of the Motion.

## II.    <u>SUMMARY OF THE ARGUMENT</u>

Simply put, Novartis's allegations against the three unrelated defendants in this

action do not "aris[e] out of the same transaction, occurrence, or series of transactions or

occurrences," as required for permissive joinder under Federal Rule of Civil Procedure 20.  *Fed.*

*R. Civ. P. 20(a)(2)(A).*  The three unrelated defendants do not act in concert; nor do they

collaborate or collude with respect to their allegedly infringing products.  Indeed, the sole

connection among the three defendants with respect to this action is that they are each being

accused by Novartis of independently infringing the same patent.  Because the allegations in

Novartis's Complaint do not satisfy the requirements for permissive joinder under Rule 20, the

Court should dismiss, or alternatively sever, Alexion from this action pursuant to Federal Rule of

Civil Procedure 21.

## III.   STATEMENT OF FACTS

Novartis's Complaint does not allege that defendants' alleged infringement arose out of the same transaction, occurrence, or series of transactions or occurrences. The Complaint does not allege that any of the named defendants worked in concert to infringe the asserted patent or otherwise were connected with respect to the allegations in the Complaint. Nor does Novartis's Complaint allege any connection or relationship among the accused products.

Alexion's product bears no relationship to those of the other two defendants. The three accused products are humanized antibodies with different compositions that are marketed to different patient populations for different indications. Alexion's Soliris® (eculizumab) product is directed at the body's own immune system and selectively inhibits complement system activation by blocking complement protein C5. (*See* Soliris® (eculizumab) [package insert], Cheshire, CT: Alexion Pharmaceuticals, Inc.; 2009, *available at* http://www.soliris.net/ Downloads/pdf/soliris.pdf (last visited July 5, 2011)). Soliris® (eculizumab) is an orphan drug, indicated for the treatment of Paroxysmal Nocturnal Hemoglobinuria ("PNH"), a rare blood disorder. (*See* FDA News Release dated March 16, 2007, "FDA Approves First-of-its-Kind Drug to Treat Rare Blood Disorder," *available at* http://www.fda.gov/NewsEvents/ Newsroom/PressAnnouncements/2007/ucm108869.htm (last visited July 5, 2011)). Upon information and belief, MedImmune's Synagis® product is an antibody directed at a virus and marketed for use in infants to prevent respiratory syncytial virus infections. Upon information and belief, Biogen's Tysabri® product is an antibody directed at cell surface receptors and given to patients with Crohn's disease and multiple sclerosis.

Alexion has not collaborated with either of the other two defendants in the research, development, manufacture, marketing or sale of Soliris®. Moreover, Alexion was not

2

involved in the research, development, manufacture, marketing or sale of Biogen's or

MedImmune's accused products.  In sum, there is absolutely no connection among defendants

other than Novartis's allegations that each defendant infringes the asserted patent.

IV.     **ARGUMENT**

    A.     **LEGAL STANDARD**

           Pursuant to Federal Rule of Civil Procedure 20(a)(2), joinder of multiple

defendants in the same action is proper only when both of the following criteria are met with

respect to the defendants:

           (A) any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; **and**

           (B) any question of law or fact common to all defendants will arise in the action.

*Fed. R. Civ. P. 20(a)(2).*

           Each subsection is a separate test and joinder of multiple parties is only permitted

when the criteria of both subsections are satisfied.  *See Paine, Webber, Jackson & Curtis, Inc. v.*

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370 (D. Del. 1983).  Fed. R.

Civ. P. 21 allows a court to dismiss or sever a party that has not been properly joined under Fed.

R. Civ. P. 20(a).  *See Rudd v. Lux Prods. Corp.*, No. 09-CV-6957, 2011 WL 148052, at *1 (N.D.

Ill. Jan 12, 2011).

    B.     **ALEXION'S ALLEGED INFRINGEMENT DOES NOT "ARIS[E] OUT OF
THE SAME TRANSACTION" AS THE ALLEGED INFRINGEMENT
OF THE OTHER TWO DEFENDANTS**

           Alexion is improperly joined in this action.  Novartis has not satisfied the first

prong of the permissive joinder test of Fed. R. Civ. P. 20(a)(2), *i.e.*, that the right to relief is

3

alleged "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Allegations of infringement of the same patent against unrelated parties based on different acts do not satisfy the "common transaction or occurrence" test. *See Paine, Webber, Jackson & Curtis, Inc.*, 564 F. Supp. at 1371. Nor is the "common transaction or occurrence" test satisfied by an allegation that the accused products are similar. *See Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003). Finally, the potential for overlap in defendants' defenses or counterclaims does not suffice to demonstrate a "common transaction or occurrence." *See Rudd*, 2011 WL 148052, at *4. Instead, to satisfy the "common transaction or occurrence" test of Rule 20, plaintiff must allege some connection among the infringing acts of unrelated defendants. *See Paine, Webber, Jackson & Curtis, Inc.*, 564 F. Supp. at 1371. Novartis has not done so.

This Court has found misjoinder where multiple unrelated defendants were joined in the same action for allegedly infringing the same patent or patents. In *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 FRD 415 (D. Del. 2004), plaintiff alleged infringement of two patents by two unrelated remote control unit distributors, Compo Micro Tech ("CMT") and Hango Remote Solution, Inc. ("Hango"). The court severed and ordered a separate trial for defendant CMT, finding that it had been improperly joined with defendant Hango, reasoning that "the only connection between CMT and Hango is that they may have infringed the same patents owned by Philips. . . which is an insufficient basis to join unrelated parties as defendants in the same lawsuit." *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 FRD 415, 418 (D. Del. 2004).

Similarly, in *Paine, Webber*, this Court found joinder inappropriate where the basis for joinder was alleged infringement of the same patent and no allegations were made that the acts of infringement were related. The Court reasoned that "[a]llegations of infringement

4

against two unrelated parties based on different acts do not arise from the same transaction."

*Paine, Webber*, 564 F. Supp at 1371. Notably, the court in *Paine, Webber* found joinder

improper even though the second prong of the permissive joinder test of Fed. R. Civ. P. 20(a)(2),

*i.e.*, the "common question of law or fact" test, was presumed to be met. *Id.* at 1370, n.9.

       Numerous other district courts have followed the same reasoning and found

misjoinder where multiple unrelated defendants with unrelated products are alleged to infringe

the same patent or patents. *See, e.g., Interval Licensing LLC v. AOL, Inc.*, No. C10-1385 (MJP),

2011 WL 1655713, at *1 (W.D. Wa. April 29, 2011) (finding misjoinder "when the only shared

facts alleged against multiple defendants is that each infringed the same patent" and severing

case into eleven individual actions); *Rudd*, 2011 WL 148052 (N.D. Ill. Jan 12, 2011) (severing,

and transferring to a separate venue, case against one defendant where plaintiff failed to allege

any connection between defendants' alleged acts of infringement); *Pergo, Inc. v. Alloc, Inc.*, 262

F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("the fact that two parties may manufacture or sell similar

products, and that these sales or production may have infringed the identical patent owned by the

plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to

Rule 20(a)"); *New Jersey Mach. Inc. v. Alford Indus. Inc.*, No. 89-1879 (JCL), 1991 WL 340196

(D.N.J. Oct. 7, 1991) (denying motion to join additional defendants, finding Rule 20(a) not

satisfied by allegations of infringement of the same patent by different machines and parties),

*aff'd* 983 F.2d 1087 (Fed. Cir. 1992).

       In its Complaint, Novartis alleged that three unrelated products of three unrelated

defendants are each independently infringing the '688 patent.   Novartis did not allege any

conspiracy or joint action.   There is no claim that Alexion's alleged infringement is related to the

alleged infringement of the other two defendants, nor is there a claim that Alexion shares any

relationship with the other two defendants. The only relationship alleged between Alexion's

Soliris® product and the products of the other two defendants is that they are humanized

antibodies accused of infringing the '688 patent. That does not warrant joinder.

C.   **COMMON QUESTIONS OF LAW OR FACT WILL NOT ARISE AMONG THE ALLEGED INFRINGEMENTS OF ALEXION AND THE OTHER TWO DEFENDANTS**

Because Novartis fails to satisfy the "common transaction or occurrence" test of

Rule 20(a)(2), the Court need not reach the issue of whether the "common question of law or

fact" test is satisfied. *See Joao Control and Monitoring Sys. of Cal. v. ACTI Corp. Inc.*, No. SA

CV 10-01909 DOC (RNBx), 2011 WL 1519277, at *1 (C.D. Cal. April 19, 2011). However,

even if the Court considers this prong, Novartis fails to meet the required standard. Novartis's

Complaint does not allege that any common question of law or fact will arise in this action. That

is unsurprising, given that the defendants do not act in concert and the accused products are

unrelated.

Infringement actions are complex matters, particularly when the accused products

are biological drugs. In this action, there will be extensive discovery into the development and

manufacture of each defendant's allegedly infringing product. The questions to be determined by

the trier of fact will concern issues of infringement and damages that are unique to each

defendant. In addition, the court will look to a variety of factors that are unique to each accused

product.

Because there is no relationship among the accused parties or products, the

extensive discovery, issues of fact, and legal questions will be different for each defendant and

will have little overlap. Common or overlapping issues of claim construction or invalidity are

insufficient to permit joinder of unrelated parties - instead, each defendant is "entitled to present individualized assaults on questions of non-infringement, invalidity and claim construction." *See WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448 (WHA), 2010 WL 3895047, at *2 (N.D. Cal. Oct 1, 2010). *See also Rudd*, 2011 WL 148052 at *4 (N.D. Ill. Jan 12, 2011) (similarity in affirmative defenses and counterclaims insufficient to satisfy Rule 20(a)).

### D.   ALEXION WILL SUFFER PREJUDICE FROM IMPROPER JOINDER TO THE OTHER TWO DEFENDANTS

Joinder in this action will cause Alexion to suffer undue prejudice. Each of the defendants' arguments and defenses are likely to be different and a jury may confuse, or conflate, the facts and arguments presented. This is especially true in the context of this case in which a jury will have to consider complex issues of microbiology and biotechnology.

Moreover, if improperly joined with the other defendants, Alexion may unfairly be required to disclose sensitive business and research documents and testimony to two defendants (and potential competitors) who otherwise would not have access to this information. Furthermore, in the course of litigation, Alexion may have to disclose proprietary legal and business strategies that would otherwise not be made available to the unrelated defendants.

### V.   CONCLUSION

For the above reasons, Plaintiff's joinder of Alexion with the other two named defendants is improper under Fed. R. Civ. P. 20(a)(2). Novartis fails to satisfy the requirements for permissive joinder under Fed. R. Civ. P. 20(a)(2). Alexion therefore respectfully requests that it be dismissed from this action, or alternatively severed from the other two defendants because of improper joinder.

Respectfully submitted,

Dated: July 6, 2011                    FARNAN LLP


                                       /s/ Brian E. Farnan
                                       Joseph J. Farnan, III (Bar No. 3945)
                                       Brian E. Farnan (Bar No. 4089)
                                       919 N. Market Street, 12th Floor
                                       Wilmington, DE 19801
                                       Telephone: (302) 777-0300
                                       Facsimile: (302) 777-0301
                                       bfarnan@farnanlaw.com


                                       Gerald J. Flattmann, Jr. (admitted *pro hac vice*)
                                       Christine Willgoos (admitted *pro hac vice*)
                                       Paul, Hastings, Janofsky & Walker LLP
                                       Park Avenue Tower
                                       75 E. 55th Street
                                       New York, NY 10022
                                       Telephone: (212) 318-6000
                                       Facsimile: (212) 319-4090

                                       *Attorneys for Defendant Alexion Pharmaceuticals,
                                       Inc.*