IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 11-84(SLR) <br><br> JURY TRIAL DEMANDED |

### REPLY BRIEF IN SUPPORT OF DEFENDANT ALEXION'S MOTION TO DISMISS FOR IMPROPER JOINDER

Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com

Gerald J. Flattmann, Jr. (admitted *pro hac vice*)
Christine Willgoos (admitted *pro hac vice*)
Paul Hastings LLP
Park Avenue Tower
75 E. 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Attorneys for Defendant Alexion Pharmaceuticals, Inc.*

Dated: August 1, 2011

## TABLE OF CONTENTS

Page

SUMMARY OF ARGUMENT ........................................................................................................1
NATURE AND STAGE OF THE PROCEEDINGS ...................................................................2
ARGUMENT....................................................................................................................................2
I.    NOVARTIS' CLAIM DOES NOT SATISFY THE PERMISSIVE JOINDER
REQUIREMENTS OF RULE 20(A) ..............................................................................2
    A.    The "Common Issues" On Which Novartis Relies Are Not Common ...................3
    B.    The Claims Against Each Defendant Do Not Arise From "The Same
Transaction, Occurrence, Or Series Of Transactions Or Occurrences" ..................4
II.    JOINDER WILL UNFAIRLY PREJUDICE ALEXION .................................................7
III.    ALEXION SHOULD HAVE A SEPARATE TRIAL ......................................................8
CONCLUSION ..................................................................................................................................8

# TABLE OF AUTHORITIES

Page

**CASES**

*B&R Plastics, Inc. v. Kikkerland Design, Inc.*, No. 08-CV-02646, 2009 WL 3698528 (D. Colo. Nov. 2, 2009) ................................................................................................................6

*eSpeed, Inc. v. Brokertec USA, L.L.C.*, No. 03-CV-612, 2004 U.S. Dist. LEXIS 13486 (D. Del. June 15, 2004) ................................................................................................................7

*Ex Parte Novartis Pharms. Corp.*, 975 So. 2d 297 (Ala. 2007) ........................................................6

*Interval Licensing LLC v. AOL, Inc.*, No. C10-1385, 2011 WL 1655713 (W.D. Wa. April 29, 2011) ........................................................................................................................4, 6

*Mosley v. General Motors Corp.*, 497 F. 2d 1330 (8th Cir. 1974) ...................................................6

*MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455 (E.D. Tex 2004) ................................................6

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358 (D. Del. 1983) ....................................................................................4, 7

*Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122 (S.D.N.Y. 2003) .....................................................5

*Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415 (D. Del. 2004) ........................4, 5, 7

*Rudd v. Lux Prods. Corp.*, No. 09-CV-6957, 2011 WL 148052 (N.D. Ill. Jan 12, 2011) ............4, 6

*Sorensen v. DMS Holdings, Inc.*, No. 08-CV-559, 2010 WL 4909615 (S.D. Cal. Nov. 24, 2010) .........................................................................................................................................5

**RULES**

Fed. R. Civ. P. 20(a) ...............................................................................................................passim

## SUMMARY OF ARGUMENT

Alexion Pharmaceuticals, Inc. ("Alexion") is improperly joined in this action to two unrelated biotechnology companies. The three Defendants each use separate and distinct manufacturing processes that result in three different and unrelated drug products. There is no relationship among them and no common transaction on which to base joinder. Recognizing the merits of Alexion's motion to dismiss, Plaintiff Novartis Vaccines & Diagnostics, Inc. ("Novartis") amended its Complaint to allege that each of the three drugs produced by Defendants infringe its patent through the use of a component, a "vector," that was purchased from Lonza Group AG ("Lonza"). Novartis relies entirely upon this common manufacturer of the components in an attempt to transform the disparate actions of three companies into a single "transaction or occurrence" pursuant to Federal Rule of Civil Procedure 20(a)(2)(A). Yet, even if Novartis proves that each Defendant independently used a Lonza vector in the development of its product, that still would not convert the unrelated activities of each Defendant into the single transaction or occurrence necessary for joinder.

Novartis oversimplifies the infringement question by alleging that it must prove only that Lonza's vector infringes its patent. This posturing is the exact reason Alexion seeks severance from this action. Novartis attempts to create a *single* infringement (and liability) question from the separate acts of three different, independent Defendants. The infringement inquiry, however, will not focus on a single question. Instead, Novartis must prove which vector is being used in each product, prove that each vector is infringing, and prove that the current manufacturing process of each of the three Defendants still uses an infringing vector. These questions necessarily require separate investigation and separate determination. Alexion is improperly joined in this action and will be prejudiced by Novartis' attempts to create a single liability issue based on the independent actions of three unrelated parties.

## NATURE AND STAGE OF THE PROCEEDINGS

On July 6, 2011, Alexion filed a Motion to Dismiss for Improper Joinder (D.I. 20), arguing that the allegations in Novartis' Complaint (D.I. 1) against three unrelated Defendants did not satisfy the "same transaction or occurrence" requirement of Federal Rule of Civil Procedure 20(a). On July 22, 2011, Novartis filed an Amended Complaint (D.I. 27), adding the allegation that the three Defendants use a component, called a "vector," in the manufacturing process of each of their drug products, and that all three Defendants purchase that component from the same manufacturer, Lonza Group AG. *See* D.I. 27 at ¶¶ 15-16, 20-21, and 25-26.

This is Alexion's reply brief in support of its motion to dismiss. Alexion seeks dismissal, or in the alternative, severance from this action in view of Novartis' Amended Complaint.

## ARGUMENT

### I. NOVARTIS' CLAIM DOES NOT SATISFY THE PERMISSIVE JOINDER REQUIREMENTS OF RULE 20(A)

Novartis concedes that, pursuant to Rule 20(a), joinder is proper only if the claims against all of the joined Defendants arise out of the same transaction or occurrence. *See* D.I. 32 at 5. Like Novartis' initial Complaint, however, the Amended Complaint contains no allegation that the Defendants acted in concert or share any connection other than being accused of infringing the same patent.

Novartis does not dispute that each of Defendants' accused products are made by different manufacturing processes and result in different drug products. *See* D.I. 32 at 5. Instead, Novartis alleges that there is a single infringement question because each Defendant independently used a vector (manufactured by Lonza) in each of the separate manufacturing processes. Novartis claims that "[a]ssessment of the infringement/validity of the patent-in-suit will turn exclusively upon the internal structure (*i.e.*, nucleotide sequence) of [Lonza's] vector,

and not upon the differences among Defendants' respective products." D.I. 32 at 2. Novartis is wrong on both the law and the facts.

Notably, whether each of the Defendants uses the Lonza vector (and whether the alleged single vector is the same for all three Defendants) is a question of fact that Novartis must prove. Indeed, Novartis admits that the actual vector used to manufacture each product is distinct. D.I. 32 at 5. But even assuming *argueundo* for purposes of this motion that Novartis' allegation can be proven, it is still insufficient. Novartis' claims present three separate controversies arising at various times and in various ways. While Novartis' claims may arguably arise from *similar* types of independent transactions, permissive joinder requires that they arise from the *same* transaction.

### A. The "Common Issues" On Which Novartis Relies Are Not Common

Novartis alleges that the common issue among all three Defendants is the incorporation of a single component in each of their complex manufacturing processes. This "common issue" is, in reality, only a common allegation. In joining three Defendants who have no connection to each other, Novartis improperly seeks to focus the entire infringement inquiry on a vector allegedly used by a non-party manufacturer. Novartis asserts that "[a]ssessment of the infringement/validity of the patent-in-suit will turn exclusively upon the internal structure (i.e., nucleotide sequence) of that vector, and not upon the differences among Defendants' respective products." D.I. 32 at 2. Novartis' argument, however, ignores the real facts at issue in this case.

Novartis does not dispute that each of the Defendants independently manufactures a different monoclonal antibody drug. Insertion of a vector into a cell line is only the first of many steps in manufacturing a monoclonal antibody. Novartis describes the cell, after the vector has been inserted, as "essentially . . . a factory for producing the protein of interest." D.I. 32 at 4.

What this characterization glosses over is that the so-called "factory" is a collection of living cells that constantly replicate and mutate, such that the "factory" is constantly changing. The infringement question turns, not on whether each Defendant, at some undefined point in time, once used a vector provided by Lonza, but rather, on whether each Defendant's "factory" currently contains or uses any vector, and if so, whether that vector infringes Novartis' patent. That inquiry requires an independent assessment of each Defendant's current manufacturing process, independent fact and expert discovery, and an analysis of independent legal and factual arguments.

Accordingly, there is not, as Novartis alleges, a single infringement question common to all three Defendants. Even if there were, Novartis' allegation still does not satisfy the "same transaction" test. *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 416-418 (D. Del. 2004).

### B. The Claims Against Each Defendant Do Not Arise From "The Same Transaction, Occurrence, Or Series Of Transactions Or Occurrences"

Novartis' allegation that Defendants use the same vector in manufacturing their different products is no more than an allegation that Defendants all infringe Novartis' patent in a similar way. However, as this Court and other district courts have held, such an allegation does not satisfy the same transaction or occurrence test and is an improper basis for joinder of unrelated parties. *See, e.g., Philips*, 220 F.R.D. at 416-418 (D. Del. 2004); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983); *see also Interval Licensing LLC v. AOL, Inc.*, No. C10-1385, 2011 WL 1655713, at *2 (W.D. Wa. April 29, 2011) (allegation that defendants infringed plaintiff's patents in "similar ways" not sufficient for joinder); *Rudd v. Lux Prods. Corp.*, No. 09-CV-6957, 2011 WL 148052, at *2-*3 (N.D. Ill. Jan 12, 2011) (Rule 20(a) not satisfied by allegations that defendants' accused

4

products are similar and infringe in a "nearly identical manner"); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) (allegations that accused products are similar and infringe in a similar way are not sufficient to satisfy the "same transaction or occurrence" test).

Indeed, Novartis' exact allegation has been addressed and rejected in another recent patent infringement case. *See Sorensen v. DMS Holdings, Inc.*, No. 08-CV-559, 2010 WL 4909615, at *1 (S.D. Cal. Nov. 24, 2010). In *Sorensen*, the plaintiff alleged that two unrelated parties were each producing digital thermometers that infringed the plaintiff's patent. The plaintiff argued that joinder was proper because both parties allegedly infringed the same patent and because their allegedly infringing products were manufactured by the same non-party manufacturer, Actherm. The *Sorensen* plaintiff offered the same argument that Novartis now offers, arguing that the common manufacturer created a "sufficient nexus" for joinder. *See id.* The *Sorenson* court found that "alleging a common manufacturer and infringement of the same patent is not enough to support joinder where defendants are unrelated companies, selling different products." *Id.* Just as in *Sorensen*, Alexion has no legal or business relationship with either MedImmune, LLC or Biogen IDEC, Inc. Alexion is not alleged to have conspired with either of them, nor does Novartis allege that Alexion is liable in any way for their alleged infringements. In the absence of any legal or business relationship among the Defendants, Novartis' argument for joinder fails. *See Sorensen*, 2010 WL 4909615, at *1(citing *Philips*, 220 F.R.D. at 417-419 (D. Del. 2004)).

Unable to make any allegation that Defendants engaged in the "same transaction," Novartis instead argues that its claims need only be "logically related" in order for joinder to be proper. *See* D.I. 32 at 6. The cases Novartis cites, however, are inapposite.[1]

For example, Novartis relies on *MyMail, Ltd. v. America Online, Inc.* In *MyMail*, however, although the court stated that joinder was appropriate based on a "nucleus of operative facts or law," those facts included a direct connection among defendants—they "utilized shared resources, such as dial-up Internet access numbers."[2] *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 456-7 (E.D. Tex. 2004). Similarly, in *B&R Plastics, Inc. v. Kikkerland Design, Inc.*, the court found joinder proper where defendants sold the exact same product, the "EZ Step-Up Stepstool," that was manufactured by one of the defendants.[3] *B&R Plastics, Inc. v. Kikkerland Design, Inc.*, No. 08-CV-02646, 2009 WL 3698528, at *3 (D. Colo. Nov. 2, 2009). In contrast to these cases, Novartis does not allege any shared resources or direct connection among the products sold by the three Defendants.

The *eSpeed* case cited by Novartis actually supports Alexion's argument and follows the reasoning of *Philips* and *Paine, Webber*. *See eSpeed, Inc. v. Brokertec USA, L.L.C.*, No. 03-CV-

---

[1] Notably, when faced with a similar situation, Novartis rejected the idea that the same transaction or occurrence requirement could be satisfied by defendants' independent relationship with a third party. *See Ex Parte Novartis Pharms. Corp.*, 975 So. 2d 297, 300 (Ala. 2007) ("In the cases on which Novartis relies, federal courts have applied Rule 20(a) . . . to hold that joinder was improper in situations such as the one presented here—where one plaintiff sues multiple defendants . . . based on the same legal theory. In these cases, a common theme emerges of lack of any conspiracy allegations coupled with different entities engaging in coincidentally similar yet separate transactions.").

[2] Moreover, *MyMail*'s "operative nucleus of facts or law" standard has been roundly criticized in other circuits. *See, e.g., Rudd*, 2011 WL 148052 at *2-*3 (finding that *MyMail*'s approach is a minority view which "eviscerates the same transaction or occurrence requirement"); *Interval Licensing*, 2011 WL 1655713 at *2 (refusing to follow *MyMail*).

[3] Novartis' citation to *Mosley v. General Motors Corp.*, a civil rights case from the 1970s that allowed joinder of multiple plaintiffs where defendants had a company wide policy of race discrimination, is of no relevance to the current dispute. *Mosley v. General Motors Corp.*, 497 F. 2d 1330 (8th Cir. 1974).

612, 2004 U.S. Dist. LEXIS 13486 (D. Del. June 15, 2004). In *eSpeed*, the Court found that "infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder." *Id.* at *4, n.9. Instead, the Court found joinder proper where defendants were "related" because they were subsidiaries of the same company and their trading platforms were "merged." *See id.* No such facts exist here.

## II. JOINDER WILL UNFAIRLY PREJUDICE ALEXION

Novartis' opposition brief illustrates the prejudice that Alexion will face by being improperly joined in this action to two unrelated parties. Novartis seeks to intertwine Alexion's liability with that of the other Defendants by arguing that there is a ***single*** infringement question. *See* D.I. 32 at 1. Just as Novartis tries to focus the Court on the "common vector" theory of infringement here, it will attempt to conflate the separate manufacturing processes of the three Defendants into a single infringement question, thereby causing Alexion prejudice through jury confusion and misdirection. Moreover, Alexion will suffer prejudice throughout this litigation as Novartis attempts to blunt any non-infringement arguments specific to Alexion by combining fact and expert discovery with two parties with whom Alexion shares no connection.

Novartis will suffer no prejudice as a result of dismissal or severance of the claims against Alexion. Instead, Novartis will simply be required to draft a proper complaint against Alexion. Indeed, Novartis identifies no cognizable prejudice that it will suffer. Instead, Novartis presents a convoluted argument that its own decision to wrongly join Alexion to this action could theoretically come back to strengthen Alexion's laches defense. This is certainly not cognizable prejudice to Novartis.

## III. ALEXION SHOULD HAVE A SEPARATE TRIAL

If the Court chooses to sever the claims against Alexion rather than dismiss, Alexion defers to the Court's discretion to determine whether judicial economy merits consolidation of

7

the separate action for purposes of discovery. Alexion, however, requests a separate trial to avoid jury confusion and to allow Alexion to mount a full and fair defense.

## CONCLUSION

For the above reasons, Alexion requests that it be dismissed from this action, or alternatively, severed from the other two Defendants, because of improper joinder.

Respectfully submitted,

Dated: August 1, 2011

FARNAN LLP

/s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com

Gerald J. Flattmann, Jr. (admitted *pro hac vice*)
Christine Willgoos (admitted *pro hac vice*)
Paul Hastings LLP
Park Avenue Tower
75 E. 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Attorneys for Defendant Alexion Pharmaceuticals, Inc.*