IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>MEDIMMUNE, LLC,<br>BIOGEN IDEC, INC., AND<br>ALEXION PHARMACEUTICALS, INC.,<br><br>*Defendants*. | C.A. No. 11-cv-84 (SLR) |

**O R D E R**

At Wilmington this _____ day of _____ 2011, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 on August 12, 2011.

2. **Discovery.**

(a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b) Discovery will be needed on the following subjects: infringement of the patent-in-suit; validity/enforceability of the patent-in-suit; defendants' affirmative defenses.

(c) All fact discovery shall be commenced in time to be completed by December 7, 2012.

(1) Maximum of 25 interrogatories by the plaintiff to each defendant, and a maximum of 25 joint interrogatories and 5 individual interrogatories by each defendant to the plaintiff (for a total of 40 interrogatories from the defendants).

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of 25 requests for admission by the plaintiff to each defendant, and a maximum of 35 joint requests for admission and 15 individual requests for admission by each defendant to the plaintiff (for a total of 80 requests for admission from the defendants).[1]

(4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before June 15, 2012. In the absence of agreement among the parties or by order of the court: (i) e-discovery shall be limited to the initial custodians identified by the parties on or before August 31; (ii) the parties shall discuss the temporal scope of e-discovery during a teleconference on August 24; (iii) on or before March

---

[1] Requests for admission aimed at authenticating documents shall not count against these limits and shall not be limited in number.

15, 2012, each party may request e-discovery of additional custodians or for additional years, for good cause shown; and (iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of e-discovery.

(5) Each fact deposition of witnesses other than named inventors is limited to a maximum of 7 hours unless extended by agreement of parties, but no deposition may last more than 2 calendar days. Each fact deposition of named inventors is limited to a maximum of 12 hours. Maximum of 100 hours for fact depositions by the plaintiff and 200 hours combined for fact depositions by the defendants, including third-party depositions.

(d) Expert discovery shall be commenced in time to be completed by May 31, 2013.

(1) Expert reports on issues for which the parties have the burden of proof due February 1, 2013. Rebuttal expert reports due March 15, 2013. Supplement reports (for, e.g., on secondary considerations of obviousness) due April 5, 2013.

(2) Depositions of each of plaintiff's experts shall be limited to a maximum of 12 hours unless extended by agreement of the parties, but no deposition may last more than 2 calendar days. Depositions of each of defendants' experts shall be limited to a maximum of 7 hours, but no deposition may last more than 2 calendar days.

(3) All Daubert motions shall be filed on or before June 14, 2013.

(e) Supplementations under Rule 26(e) shall be exchanged as required by Rule 26(e) but not later than January 15, 2013.

(f) **Discovery Disputes.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(g) **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial (June 28, 2013).  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial (July 26, 2013).  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before July 15, 2012.

4. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on November 7, 2012 [thirty (30) days before the end of fact discovery].  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on June 14, 2013, with the claim chart separately docketed.  Plaintiff shall serve and file its opening brief on claim construction on or before June 21, 2013.  Defendant shall serve and file its answering claim construction brief on or before July 12, 2013.  Plaintiff shall serve and file its reply brief on or before July 19, 2013.  Defendant shall serve and file its surreply brief on or before July 26, 2013.

7. **Summary Judgment Motions (only in cases where a jury demand has been made)**

(a) All summary judgment motions shall be served and filed on or before August 2, 2013.  No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

(b) Opening briefs on infringement and invalidity shall be served and filed on or before August 2, 2013.

(c) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before August 23, 2013.

(d) Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

(e) Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

(f) The hearing on the claim construction and motion(s) for summary judgment will be heard on October 4, 2013 at 9:30 a.m.

8. **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk.  The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.  The email shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on December 18, 2013 at 9:30 a.m. in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a 2 week jury trial commencing on January 13, 2014 in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Sue L. Robinson
United States District Judge