**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>MEDIMMUNE, LLC,<br>BIOGEN IDEC, INC., AND<br>ALEXION PHARMACEUTICALS, INC.,<br><br>*Defendants*. | C.A. No. 11-CV-84 (SLR) |

**NOVARTIS VACCINES & DIAGNOSTICS'S MOTION FOR AN
ORDER AUTHORIZING THE ISSUANCE OF A
LETTER OF REQUEST AND A COMMISSION**

Plaintiff Novartis Vaccines & Diagnostics, Inc., ("Novartis") hereby moves this Court, pursuant to Federal Rule of Civil Procedure 28 and the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S No. 7444, for an order authorizing (i) the issuance of a Letter of Request addressed to the appropriate judicial authority of the United Kingdom ("U.K.") seeking testimonial and documentary evidence and (ii) a commission to Novartis' counsel, David Greenwald, Larry A. Coury and Joseph E. Lasher, so that they may be permitted by the judicial authority of the U.K. to take the deposition of witnesses residing in England.

Novartis makes this motion because important evidence relevant to proof of patent infringement by defendants MedImmune, LLC ("MedImmune"), Biogen Idec, Inc. ("Biogen") and Alexion Pharmaceuticals, Inc. ("Alexion") is located in England.

Novartis asks this Court to request the judicial authority of the U.K. (i) to permit Novartis to take testimonial evidence from James Rance and Robert Young, employees of Lonza Biologics plc, which is located in Slough, Berkshire, U.K.

Furthermore, because of the technological complexity of the testimony expected from the designated witnesses, Novartis asks the Court to appoint Novartis' counsel, David Greenwald, Larry A. Coury and Joseph E. Lasher to a commission, so that they may be authorized by the judicial authority of the U.K. to take these depositions.

The reasons for this motion are more fully set forth in the Memorandum in Support of Novartis' Motion for an Order Authorizing the Issuance of a Letter of Request and a Commission and the accompanying affidavit of David Greenwald, which are submitted herewith.

Dated: October 3, 2011

                                                                                       */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Plaintiff,*
*Novartis Vaccines & Diagnostics, Inc.*

Of Counsel:

Evan R. Chesler
David Greenwald
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

2

## PLAINTIFF'S RULE 7.1.1 STATEMENT

Counsel for Plaintiff Novartis Vaccines & Diagnostics, Inc. hereby states that it contacted opposing counsel in an effort to resolve the issues raised in its Motion. Defendants refused to agree to the Motion unless Plaintiff showed Defendants the Motion and related papers in advance. Plaintiff believes this position is unreasonable.


Dated: October 3, 2011                    */s/ Richard K. Herrmann*
                                          Richard K. Herrmann

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC., *Plaintiff*, v. MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC., *Defendants*. | C.A. No. 11-CV-84 (SLR) |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970
ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the District of Delaware, on the application of Novartis Vaccines and Diagnostics, Inc. ("Novartis"), submits this Letter of Request to the judicial authority of the United Kingdom under the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters. The purpose of this request is to obtain for use at trial in the above-captioned civil action presently before this court (1) the testimony of James Rance and Robert Young, employees of Lonza Biologics plc, as witnesses who reside in the U.K. and (2) the production of documents specified before by Lonza Biologics plc. The court has not yet made a determination of the merits of the claims asserted in this action.

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

1. **Sender**

    The Honorable Sue L. Robinson
    United States District Judge
    United States District Court for the District of Delaware
    J. Caleb Boggs Federal Building
    844 N. King Street
    Room 4124, Unit 31
    Wilmington, DE 19801-3568
    United States of America

2. **Central Authority of the Requested State**

    Senior Master
    Foreign Process Section
    Royal Courts of Justice
    Strand
    London  WC2A 2LL
    United Kingdom

3. **Persons to Whom the Executed Request Is to be Returned**

    The Honorable Sue L. Robinson
    United States District Judge
    United States District Court for the District of Delaware
    J. Caleb Boggs Federal Building
    844 N. King Street
    Room 4124, Unit 31
    Wilmington, DE 19801-3568
    United States of America

    Dr. Penny Gilbert
    Powell Gilbert LLP
    85 Fleet Street
    London  EC2Y 1AE
    United Kingdom

4. **Requesting Judicial Authority**

    The Honorable Sue L. Robinson
    United States District Judge
    United States District Court for the District of Delaware
    J. Caleb Boggs Federal Building
    844 N. King Street
    Room 4124, Unit 31
    Wilmington, DE 19801-3568
    United States of America

**To the Competent Authority of**

> Senior Master
> Foreign Process Section
> Royal Courts of Justice
> Strand
> London  WC2A 2LL
> United Kingdom

5. **Names and Addresses of the Parties and Their Representatives**

    **(a)  Plaintiff Novartis**

    > Novartis Vaccines & Diagnostics, Inc.
    > 4560 Horton Street
    > Emeryville, CA 94608-2916
    > United States of America

    > Represented by:

    > Evan R. Chesler
    > David Greenwald
    > Cravath, Swaine & Moore, LLP
    > 825 Eighth Avenue
    > New York, NY 10019
    > United States of America

    > Richard K. Herrmann
    > Mary B. Matterer
    > Kenneth L. Dorsney
    > Morris James LLP
    > 500 Delaware Avenue, Suite 1500
    > Wilmington, DE 19801
    > United States of America

    **(b)  Defendant MedImmune, LLC:**

    > MedImmune, LLC
    > One MedImmune Way
    > Gaithersburg, MD 20878
    > United States of America

Represented by:

Charles E. Lipsey
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
United States of America

Linda A. Wadler
Kakoli Caprihan
Marcus Kretzschmar
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413
United States of America

Mary W. Bourke
Connolly Bove Lodge & Hutz, LLP
1007 N. Orange Street
Wilmington, DE 19899
United States of America

Elliott M. Olstein
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
United States of America

**Defendant Biogen Idec, Inc.**

Biogen Idec, Inc.
133 Boston Post Road
Weston, MA 02493
United States of America

Represented by:

Donald R. Ware
Jeremy A. Younkin
Foley Hoag LLP
Seaport West
155 Seaport Blvd.
Boston, MA 02210-2600
United States of America

Collins J. Seitz, Jr.
Seitz Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
United States of America

**Defendant Alexion Pharmaceuticals, Inc.**

Alexion Pharmaceuticals, Inc.
352 Knotter Drive
Cheshire, CT 06140
United States of America

Represented by:

Gerald J. Flattmann, Jr.
Christine Willgoos
Paul Hastings LLP
Park Avenue Tower
75 E. 55th Street, 1st Floor
New York, NY 10022
United States of America

Brian E. Farnan
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
United States of America

There are no other parties to the proceeding.

6. **Nature and Purpose of the Proceedings and Summary of the Facts**

This is a civil action, Case No. 11-CV-84, now pending in the United States District Court for the District of Delaware, that plaintiff Novartis brought against defendants MedImmune, Inc., Biogen Idec, Inc., and Alexion Pharmaceuticals, Inc. (collectively, "Defendants").

Plaintiff alleges in its complaint that Defendants have infringed the claims of U.S. Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell" by using or causing to be used in the manufacturing of certain biologic drugs

an expression system marketed by non-party Lonza Biologics plc as the GS Gene Expression System™ (the "Lonza GS Expression System").

In this action, Defendants deny Plaintiff's allegations and raise defenses of non-infringement, invalidity, laches, intervening rights and prosecution laches.

The Requesting Authority has ordered that no deposition may be scheduled prior to June 16, 2012 and that all fact discovery, including depositions, must be completed by December 7, 2012.

**7.     Evidence to Be Obtained and Judicial Act to Be Performed**

The Requesting Authority respectfully requests the Supreme Court to compel viva voce testimony of witnesses to be used at trial as more fully specified in paragraphs 8 and 9 below.

**8.     Identity and Addresses of Any Person to be Examined**

James Rance
Lonza Biologics plc
228 Bath Road
Slough
Berkshire, SL1 4DX
United Kingdom

Robert Young
Lonza Biologics plc
228 Bath Road
Slough
Berkshire, SL1 4DX
United Kingdom

**9.     Subject Matter of Examination**

It has been represented to this Court that it is necessary for the purpose of justice and for the due determination of matters in dispute between the parties that James Rance and Robert Young should be examined as witnesses in the action.

While employed at Lonza Biologics plc, James Rance and Robert Young have performed research, given presentations and published scientific articles concerning the use of the Lonza GS Expression System, the use of which by or at the direction of Defendants is alleged to infringe the '688 Patent. The witnesses should be examined upon oath on matters pertinent and necessary to the fair and just determination of the action, specifically the nature and use of the Lonza GS Expression System.

Each witness will be questioned regarding:

(a) His work relating to the Lonza GS Expression System;

(b) The work of his collaborators (in particular, the work of Stephan Kalwy, Alison Norman, and Robert Gay), relating to the Lonza GS Expression System and reported in S. Kalwy, J. Rance, A. Norman, and R. Gay, "Towards Stronger Gene Expression - a Promoter's Tale," R. Smith (ed.), *Cell Technology for Cell Products*, pp. 19–28 (2007) and S. Kalwy, J. Rance, and R. Young, "Toward More Efficient Protein Expression," *Molecular Biotechnology* 34: 151-56 (2006);

(c) Use of the Lonza GS Expression System in the production of Defendant's products, Synagis, Soliris and Tysabri;

(d) The performance of the Lonza GS Expression System relative to other expression systems, such as the system described in U.S. Patent Nos. 5,168,062 and 5,385,839; and

(e) The sequence of the expression vector associated with the Lonza GS Expression System (the "GS Expression Vector") and the derivation or source of the SV40 and HCMV elements of that expression vector.

**10.   Documents and Other Property to be Inspected**

It is hereby requested that in the interest of justice, you cause by your usual and proper process, such orders to be entered as English law permits directing that the following documents be produced by Lonza Biologics plc for inspection and copying by counsel for Plaintiff at a time and place to be determined by you:

(a) Documents showing a schematic diagram of the GS Expression Vector, including the derivation of the origin of replication, promoter region, and

7

        polyadenylation sequence (*e.g.,* "an SV40 origin of replication" or "the promoter region from the human cytomegalovirus");

(b) Documents showing the complete nucleotide sequence of the GS Expression Vector;

(c) Documents showing the derivation or source of the SV40 and HCMV elements of the expression vector associated with the GS Expression Vector;

(d) Documents showing the presence of any selectable marker for ampicillin resistance in the GS Expression Vector;

(e) Documents identifying the type and origin of any signal sequence in the GS Expression Vector;

(f) Copies of Lonza posters, presentations and marketing materials showing diagrams of the GS Expression Vector, including (i) a copy of the 2007 Lonza poster entitled "Evaluation of Alternative Signal Sequences" with listed authors James Rance and Robert Young; and (ii) a copy of the article entitled "The GS Gene Expression System™ – the Cornerstone of Lonza's Mammalian Cell Culture Business" from Issue 5 of the Lonza Business Awareness report dated 2009;

(g) Documents showing a comparison of the performance of the GS Expression System with other expression systems, such as the system described in U.S. Patent Nos. 5,168,062 and 5,385,839; and

(h) Documents that describe or report measurements of protein expression from the HCMV IE1 promoter in the presence or absence of an HCMV IE1 intron.

## 11. Requirement of an Oath

Plaintiff respectfully requests that James Rance and Robert Young each give testimony on oath or affirmation.

## 12. Special Methods or Procedures to be Followed

The Requesting Authority requests that the examination of James Rance be scheduled on _____, or at such other time as is agreed between U.S. counsel for the parties and James Rance or ordered by the Examiner, that one day of examination be permitted, and that the examination be taken before an individual who according to the Supreme Court's

procedure is competent and authorized or commissioned to take the testimony and administer the oath of truthfulness.

The Requesting Authority requests that the examination of Robert Young be scheduled on _____, or at such other time as is agreed between U.S. counsel for the parties and Robert Young or ordered by the Examiner, that one day of examination be permitted, and that the examination be taken before an individual who according to the Supreme Court's procedure is competent and authorized or commissioned to take the testimony and administer the oath of truthfulness.

It is requested that U.S. counsel for Plaintiff be permitted to conduct the direct examination viva voce of the witness related to the matters in question between the parties and the documents produced at the examination; that U.S. counsel for Defendants be permitted to cross-examine; and that U.S. counsel for Plaintiff have the opportunity to conduct re-direct examination (collectively, "the Examination"). The Examination should be transcribed verbatim, and it is requested that Plaintiff be permitted to provide a court reporter for this purpose who is certified in the United States. The transcript should be presented to each witness for review and signature. It is requested that all books, letters, papers and documents produced upon such Examination be duly marked or identified; that all books, letters, papers and documents produced at said Examination may be photocopied by the parties; and that you will be further pleased to authenticate such Examination, including the transcription thereof, by the seal of your tribunal, or in such other way as is in accordance with the Supreme Court's procedure, and to return the same, together with such request in writing, if any, of the charges and expenses payable in respect of the execution of this Request, through the Supreme Court from whom the

9

same was received for transmission to the United Kingdom solicitors and United States counsel for the parties.

In addition, it is requested that the Examination of each witness be allowed to be videotaped so that the Examination may be presented to the Requesting Authority at the trial of this action in the United States. The necessary equipment and operator to videotape the Examination shall be provided by counsel for Plaintiff.

**13.   Request for Notification**

Notification of the time and place of the execution of this letter request is requested to be sent to the requesting judicial authority, the Plaintiff and the Defendants at the addresses for their counsel listed in paragraph 5 above.

**14.   Specification of Privilege to Refuse to Give Evidence Under the Law of the State of Origin**

Any witness may refuse to answer any question propounded pursuant to paragraph 10 of the above if such answer (1) would subject him to a real and appreciable danger of criminal liability in the United States, or (2) would disclose a confidential communication between him and his attorney.

It is requested that any objections or privileges asserted be articulated with specificity at the designated date and hour for examination so that it may be transcribed for use in this case.

**15.   Fees and Costs**

Fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention, or other applicable statute, ordinance or rule will be borne by:

       Plaintiff Novartis Vaccines & Diagnostics, Inc.

       Payable through:

       Dr. Penny Gilbert
       Powell Gilbert LLP
       85 Fleet Street
       London  EC2Y 1AE
       United Kingdom

DATE OF REQUEST: _____

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY

_____
Honorable Sue L. Robinson
United States District Judge
United States District Court
  for the District of Delaware

WITNESS, _____, the Deputy Clerk of the United States District

Court for the District of Delaware this _____ day of _____, 2011.

       _____
       DEPUTY CLERK OF THE UNITED STATES
       DISTRICT COURT FOR THE
       DISTRICT OF DELAWARE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC., *Plaintiff*, v. MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC., *Defendants*. | C.A. No. 11-CV-84 (SLR) |

**COMMISSION TO DAVID GREENWALD, ESQ.,
LARRY A. COURY, ESQ., AND JOSEPH E. LASHER ESQ.**

David Greenwald. Esq., Larry A. Coury, Esq. and Joseph E. Lasher, Esq., counsel for plaintiff Novartis Vaccines & Diagnostics, Inc. ("Novartis"), are hereby appointed and authorized as officers of this Court, pursuant to Articles 9, 17 and 18 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, to depose, on oral examination, James Rance and Robert Young, both of whom are employees of Lonza Biologics plc, 228 Bath Road, Slough, Berkshire, SL1 4DX, England, U.K.

Messrs. Rance and Young have been identified as having knowledge of technology related to the above-captioned patent infringement action currently pending before this Court. The purpose of such oral examination is to obtain that evidence.

Such deposition shall occur at a time and place designated by and on the terms and conditions established by the judicial authority in the United Kingdom authorized to execute the attached Letter of Request.

2

   When the Commission is executed, the Commission and a transcript of the deposition signed by the witness are to be returned to David Greenwald, Cravath, Swaine & Moore, 825 Eighth Avenue, New York, NY 10019-7475, United States of American, with all speed.

   WITNESS the Honorable Sue L. Robinson, United States District Judge, the ____ day of _____, 2011.

                       _____
                        Honorable Sue L. Robinson
                        United States District Judge
                        United States District Court
                        District of Delaware