# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC., *Plaintiff*, v. MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC., *Defendants*. | C.A. No. 11-CV-84 (SLR) |

**MEMORANDUM IN SUPPORT OF NOVARTIS VACCINES & DIAGNOSTICS'S MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A LETTER OF REQUEST AND A COMMISSION**

Dated: October 3, 2011

          Richard K. Herrmann (#405)
          MORRIS JAMES LLP
          500 Delaware Avenue, Suite 1500
          Wilmington, DE 19801
          (302) 888-6800
          rherrmann@morrisjames.com

          *Attorneys for Plaintiff,*
          *Novartis Vaccines & Diagnostics, Inc.*

Of Counsel:

Evan R. Chesler
David Greenwald
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

**Table of Contents**

Page

Table of Authorities ............................................................................................................. ii

Preliminary Statement..........................................................................................................1

Relevant Background ...........................................................................................................2

       A.    The Claimed Inventions...............................................................................2

       B.    Use of Lonza's Expression Vectors in the Production of Biologic Drugs ..............2

       C.    Novartis' Discovery Requests to Lonza's U.S. Affiliates .......................................3

Argument ..............................................................................................................................4

I.    The Court Should Issue a Letter of Request for Discovery of Testimonial and Documentary Evidence Located in England..........................................................................4

       A.    The Letter of Request Should Seek Specific Documentary Evidence from Lonza Biologics ................................................................................................5

       B.    The Letter of Request Should Seek Testimonial Evidence From the Employees of Lonza Biologics and Grant a Commission to Novartis' Counsel for the Taking of Such Testimony. ............................................................8

Conclusion ..........................................................................................................................11

## **Table of Authorities**

**Page(s)**

**Cases**

*AstraZeneca v. Ranbaxy Pharms., Inc.*,
   2008 U.S. Dist. LEXIS 6337 (D.N.J. Jan. 25, 2008) ............................................................... 9

*Brake Parts, Inc. v. Lewis*,
   No. 09-132, 2009 U.S. Dist. LEXIS 57512 (E.D. Ky. July 6, 2009) ........................................ 5

*Ethypharm S.A. France v. Abbott Labs.*,
   748 F. Supp. 2d 354 (D. Del. 2010) ......................................................................................... 8

*In re Urethane Antitrust Litig.*,
   2010 U.S. Dist. LEXIS 129536 (D. Kan. Dec. 1, 2010) ........................................................... 9

*U.S. v. Reagan*,
   453 F.2d 165 (6th Cir. 1971) .................................................................................................... 5

**Statutes & Rules**

Fed. R. Civ. P. 28 .................................................................................................................. passim

Hague Convention on the Taking of Evidence in Civil or Commercial Matters,
   Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ........................................................... passim

**Other Authorities**

6-28 *Moore's Federal Practice* - Civil § 28.12 (2011) ................................................................... 5

1 Bruno Ristau, *International Judicial Assistance* § 5-2-2 (1) (Int'l Law Inst. 2000) ................... 8

Plaintiff Novartis Vaccines & Diagnostics, Inc., ("Novartis") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 28 for the issuance of a Letter of Request Pursuant to the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 (the "Hague Convention"), to the judicial authority of the United Kingdom ("U.K.") for testimonial and documentary evidence located in England.  Novartis also seeks the appointment of a Commission to Novartis' counsel so that they may be authorized by the judicial authority of the U.K. to take the deposition of two witnesses believed to reside in England.[1]

**Preliminary Statement**

This case concerns Defendants' infringement of U.S. Patent No. 5,688,688 (the "'688 Patent"), which is directed to the use of "expression vectors" derived from genetic material of the human cytomegalovirus and "expression systems" incorporating such vectors.  Each Defendant is alleged to infringe the '688 Patent by using or causing to be used in the manufacturing of its respective biologic drugs[2] an expression system marketed by non-party Lonza[3] as the GS Gene Expression System™ (the "Lonza Expression System").  Novartis believes that information concerning the Lonza Expression System, which is essential to resolution of the claims and defenses raised in this case, is located in England, and can be discovered only through the mechanisms provided by the Hague Convention.  Accordingly,

---

[1] The documents cited herein are appended to the Declaration of Joseph E. Lasher, dated September 30, 2011 and submitted concurrently herewith ("Lasher Decl.").

[2] Alexion Pharmaceuticals, Inc. makes or causes to be made the biologic drug Soliris® (eculizumab); Defendant MedImmune, LLC ("MedImmune") makes or causes to be made the biologic drug Synagis® (palivizumab); and Defendant Biogen Idec, Inc. ("Biogen") makes or causes to be made the biologic drug Tysabri® (natalizumab).

[3] As used herein, "Lonza" refers to Lonza Biologics plc, as well as its parent, subsidiary and affiliate corporations.

Novartis respectfully requests the Court to issue a Letter of Request to the appropriate English judicial authority, and grant a commission to Novartis' counsel so that Novartis may depose two employees of Lonza believed to reside in England.

## Relevant Background

### A. The Claimed Inventions

The '688 Patent discloses and claims, among other things, gene expression systems for the expression of proteins ("polypeptides") in mammalian cells. Critical to the development of the claimed inventions was the discovery that expression vectors containing a particular genetic regulatory sequence found within the human cytomegalovirus perform significantly better—*i.e.*, result in higher levels of protein expression—than expression vectors lacking that regulatory sequence. Using that discovery, the inventors conceived of the particular combination of genetic elements that comprise the expression vectors and host cell expression systems incorporating such vectors that are the subjects of the issued claims.

### B. Use of Lonza's Expression Vectors in the Production of Biologic Drugs

Expression vectors are critical to the production of biologic protein drugs, such as those manufactured by Defendants. In simple terms, an expression vector is an instrument of biotechnology, comprised of DNA, that is used in conjunction with a living cell to cause the cell to make copies of a particular protein (the "protein of interest") that is encoded by a portion of the vector. When a vector is incorporated into such a "host cell," the cell becomes essentially a factory for producing the protein of interest.

As alleged in Novartis' First Amended Complaint, non-party Lonza manufactures and sells a commercial gene expression system—the Lonza Expression System—that makes use of the same technology claimed in the '688 Patent. Thus, critical to the question of infringement is whether a typical expression vector used by the defendants in the Lonza Expression System

(the "GS Expression Vector") includes each of the four primary elements of the claimed inventions: (a) an upstream SV40 origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from the HCMV immediate early region IE1, inclusive of the promoter, enhancer and first intron; and (d) a polypeptide coding sequence encoding a heterologous polypeptide.

In general, this determination can be made by comparing a vector diagram for the GS Expression Vector to the claims and vector diagrams in the specification of the '688 Patent. Certain claims, however, require specific sequences for one or more of the claimed elements. For example, reexamined claim 5 is directed to an expression vector that includes, *inter alia*, an SV40 origin of replication with the same nucleotide sequence for that element as found in a particular plasmid, pSVT2. *See* Lasher Decl. Ex. A (Ex Parte Reexamination Certificate) at 2. Determination of whether this and other sequence-specific claims—such as claim 4, requiring the SV40 polyadenylation sequence present in plasmid pSV7d, or claim 5, requiring the SV40 origin of replication sequence present in plasmid PSVT2, or claim 9, requiring the HCMV sequences present in plasmid pCMV6ARV120tpa—are infringed requires a comparison of the nucleotide sequence comprising the GS Expression Vector and the sequences claimed in the Patent. Accordingly, information relating to the sequence and derivation of the GS Expression Vector is necessary to proof of infringement.

      **C.**    **Novartis' Discovery Requests to Lonza's U.S. Affiliates**

Novartis has also sought to obtain discovery of the documentary evidence addressed by the accompanying Letter of Request from Lonza's U.S. affiliates. On August 19, 2011, Novartis served subpoenas on Lonza Biologics, Inc., and Lonza, Inc., two subsidiaries of Lonza AG, based in the United States (collectively, "Lonza U.S."), seeking documentary evidence including that sought from Lonza Biologics plc. However, Lonza U.S. may not possess

all the documentary evidence necessary for Novartis to prove infringement.[4] It is therefore incumbent upon Novartis to seek that information from other Lonza entities now, at the outset of fact discovery, to ensure that all necessary documentary evidence is obtained before the commencement of depositions, scheduled to begin in the middle of 2012.

It appears that Lonza Biologics plc is the primary Lonza affiliate responsible for developing, manufacturing and licensing the Lonza Expression System and related GS Expression Vectors.[5] Among other things, Lonza Biologics plc is the successor to Celltech, an English company that developed the precursor to the GS Expression System and which obtained patents in this area. In addition, employees of Lonza Biologics plc have published several posters and other presentations, posted on Lonza's website, suggesting that they are highly knowledgeable concerning the technical attributes of the GS Expression System. Accordingly, although other Lonza entities (nearly all of which are also based abroad) may also have this information, it is highly likely that Lonza Biologics plc will have the type of detailed, sequence-specific information that Novartis requires to prove its claims.

## Argument

I. **The Court Should Issue a Letter of Request for Discovery of Testimonial and Documentary Evidence Located in England.**

Under the Hague Convention, to which the United States and United Kingdom are signatories, a Letter of Request is the primary method by which litigants obtain foreign

---

[4] In response to the subpoenas, counsel for Lonza U.S. stated in a letter dated September 2, 2011 that "the documents at issue are overwhelmingly if not entirely those of one or more entities outside the U.S." *See* Lasher Decl. Ex. B (September 2 letter) at 1.

[5] *See* http://www.lonza.com/group/en/company/sites/europe/slough/slough.html (noting that Lonza Biologics plc's facility in Slough, Berkshire specializes in "custom manufacturing of recombinant therapeutic proteins and monoclonal antibodies" using, among other things, "The GS (Glutamine Synthetase) Gene Expression System").

4

discovery. 6-28 *Moore's Federal Practice* - Civil § 28.12 (2011). Article 1 of the Hague Convention provides: "In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention, art. 1, 23 U.S.T. 2555. Federal courts possess inherent power to issue, on appropriate terms, Letters of Request seeking the assistance of foreign authorities on behalf of litigants. Fed. R. Civ. P. 28(b)(2); *see U.S. v. Reagan*, 453 F.2d 165, 173 (6th Cir. 1971); *Brake Parts, Inc. v. Lewis*, No. 09-132, 2009 U.S. Dist. LEXIS 57512, 2009 WL 1939039, at *2 (E.D. Ky. July 6, 2009).

  **A.** **The Letter of Request Should Seek Specific Documentary Evidence from Lonza Biologics**

While the U.K. has adopted the reservations to the Hague Convention pursuant to Article 23, which provides that it will not execute a request "for the purpose of obtaining pretrial discovery of documents as known in Common Law Countries," it expressly permits requests for "particular documents specified in the Letter of Request as being documents appearing to be, or likely to be, in [the recipient's] possession, custody or power." Hague Convention, art. 23, n.3f.

Novartis' proposed Letter of Request seeks only particular documents likely to be in the "possession, custody or power" of Lonza Biologics necessary to prove facts central to the claims and defenses asserted in this litigation. The table set forth below describes those documents and their relevance to this lawsuit:

| | Request | Relevance |
|---|---|---|
| (a) | Documents showing a schematic diagram of the GS Expression Vector, including the derivation of the origin of replication, promoter region, and polyadenylation sequence (*e.g.,* "an SV40 origin of replication" or "the promoter region from the human cytomegalovirus") | Infringement of all claims |

5

| | | |
|---|---|---|
| (b) | Documents showing the complete nucleotide sequence of the GS Expression Vector | Infringement of claims 4, 5 and 9 |
| (c) | Documents showing the derivation or source of the SV40 and HCMV elements of the expression vector associated with the GS Expression Vector | Infringement of claims 4, 5 and 9 |
| (d) | Documents showing the presence of any selectable marker for ampicillin resistance in the GS Expression Vector | Infringement of claims 6 and 7 |
| (e) | Documents identifying the type and origin of any signal sequence in the GS Expression Vector | Infringement of claims 11 and 12 |
| (f) | Copies of Lonza posters, presentations and marketing materials showing diagrams of the GS Expression Vector, including (i) a copy of the 2007 Lonza poster entitled "Evaluation of Alternative Signal Sequences" with listed authors James Rance and Robert Young; and (ii) a copy of the article entitled "The GS Gene Expression System™ – the Cornerstone of Lonza's Mammalian Cell Culture Business" from Issue 5 of the Lonza Business Awareness report dated 2009 | Infringement of all claims, willful infringement |
| (g) | Documents showing a comparison of the performance of the GS Expression System with other expression systems, such as the system described in U.S. Patent Nos. 5,168,062 and 5,385,839 | Non-obviousness, damages |
| (h) | Documents that describe or report measurements of protein expression from the HCMV IE1 promoter in the presence or absence of an HCMV IE1 intron | Non-obviousness, damages |

In requests (a) through (e), Novartis seeks documents showing the sequence, structure, or derivation of the GS Expression Vector and certain elements thereof. Such information is critical to the determination of Novartis' claims of infringement. In particular, each and every claim of the '688 Patent requires a vector or other nucleic acid molecule that contains, *inter alia,* (i) an SV40 origin of replication; (ii) an SV40 polyadenylation region; and (iii) a transcription regulatory region from human cytomegalovirus immediate early region

6

HCMV IE1, inclusive of intron A. Whether the GS Expression Vector satisfies these three basic limitations can be determined with reference to a schematic diagram of the vector, which is the subject of request (a).

For claims that require additional elements or specific nucleotide sequences for each of the three basic elements, proof of infringement requires a comparison of the complete nucleotide sequence of the GS Expression Vector to the claimed sequences and/or a comparison of the derivation or origin of each of the constituent elements of the GS Expression Vector to the derivation or origin of the elements described in the claims. This information is precisely what is sought by requests (b) – (e). Additionally, Novartis seeks through request (f) copies of posters, presentations and marketing materials that contain schematic diagrams of the GS Expression Vector. Such documents are relevant both to the determination of infringement and willfulness. Finally, Novartis seeks in requests (g) and (h) specific documents describing the performance of Lonza's expression system relative to other systems. Such information is relevant to validity, in particular, the secondary indicia of non-obviousness.

These are not general requests for "any" document, but are narrow requests for specific documents necessary to discover information critical to the resolution of the claims and defenses in this case. Further, there is substantial reason to believe that the requested documents are likely to be in the possession, custody or power of Lonza Biologics plc. Lonza Biologics plc appears to be the Lonza entity primarily responsible for the development, marketing and licensing of the Lonza Expression System and associated GS Expression Vector.[6] As such, it is

---

[6] *See* http://www.lonza.com/group/en/company/sites/europe/slough/slough.html (noting that Lonza Biologics plc's facility in Slough, Berkshire specializes in "custom manufacturing of recombinant therapeutic proteins and monoclonal antibodies" using, among other things, "The GS (Glutamine Synthetase) Gene Expression System").

highly likely that it maintains highly detailed sequence information on that vector. While Lonza's U.S. affiliates, from whom Novartis has sought documents as well, may also possess that information, there is some risk they do not, making it incumbent upon Novartis to seek that information now, in tandem from other Lonza entities that may.

> B.  **The Letter of Request Should Seek Testimonial Evidence From the Employees of Lonza Biologics and Grant a Commission to Novartis' Counsel for the Taking of Such Testimony.**

The issuance of a Letter of Request under the Hague Convention is the proper method for taking testimony from a person residing abroad according to the Federal Rules. Fed. R. Civ. P. 28(b)(1) ("A Letter of Request may be taken in a foreign country . . . under a Letter of Request, whether or not captioned a 'letter rogatory'"); *Ethypharm S.A. France v. Abbott Labs.*, 748 F. Supp. 2d 354, 358 (D. Del. 2010) (granting motion for Letter of Request). The Federal Rules also define proper notice, stating that "[a] Letter of Request, a commission or both may be issued: (a) on appropriate terms after application and notice of it; and (b) without a showing that taking the deposition in another manner is impracticable or inconvenient." Fed. R. Civ. P. 28(b)(2).

The authority executing a Letter of Request typically does so in conformity with its own procedures, as if it were domestic litigation. *See* Hague Convention, art. 9, 23 U.S.T. at 2561. Thus, the judicial authority in the U.K. normally appoints a "special commissioner" of its choosing to execute an American Letter of Request, including taking testimonial evidence. 1 Bruno Ristau, *International Judicial Assistance* § 5-2-2 (1) (Int'l Law Inst. 2000). Attorneys for the parties may be present at, but not participate in, the oral examination by the special commissioner. *Id.* at § 5-2-2 (4).

Appointment of a "special commissioner," however, is not the only procedure authorized by the Hague Convention. The Convention also permits a party to seek "a special

8

method or procedure" in its Letter of Request. Hague Convention, art. 9, 23 U.S.T. at 2561. Such a "special method" includes permitting Novartis' attorneys to conduct the examination of the designated witnesses. *See In re Urethane Antitrust Litig.,* 2010 U.S. Dist. LEXIS 129536, 34-35 (D. Kan. Dec. 1, 2010) (granting motion to issue a Letter of Request seeking a "special method or procedure" allowing counsel for plaintiffs to conduct the requested depositions in a foreign country); *AstraZeneca v. Ranbaxy Pharms., Inc.*, 2008 U.S. Dist. LEXIS 6337 (D.N.J. Jan. 25, 2008) (same). Articles 17 and 18 of the Hague Convention allow a person duly appointed as a commissioner to take evidence (such as by deposition) without compulsion in the territory of a contracting state and, if necessary, to seek the assistance of the competent judicial authority of that state to obtain evidence by compulsion.[7] Similarly, Rule 28 provides, in relevant part, that "[a] deposition may be taken in a foreign country . . . before a person commissioned by the court to administer any necessary oath and take testimony." Fed. R. Civ. P. 28(b)(1).

Novartis has identified from publicly available documents the two named individuals—James Rance and Robert Young—as individuals who are likely to be knowledgeable of those subjects. Both are Lonza employees identified as authors of presentations and posters having relevant information about the sequence and attributes of the Lonza GS Expression System. *See* Lasher Decl. Ex. C (2007 poster entitled "Evaluation of

---

[7] *See* Hague Convention, art. 17 ("In a civil or commercial matter, a person duly appointed as a commissioner may, without compulsion, take evidence in the territory of a Contracting State . . . if (a) a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case; and (b) he complies with the conditions which the competent authority has specified in the permission."), art. 18 ("A Contracting State may declare that a . . . commissioner authorized to take evidence under [Article 17] may apply to the competent authority designated by the declaring State for appropriate assistance to obtain the evidence by compulsion.").

Alternative Signal Sequences"), Lasher Decl. Ex. D (2008 presentation entitled "Important Topics in the Expression of Recombinant Antibodies from CHO Cells").  Novartis believes that their testimony will be necessary not only to explain information set forth in documents produced in response to this Request but also to answer questions not answered fully therein.  In particular, Novartis expects to inquire about the use of Lonza GS Expression System in the production of Defendants' products, Synagis, Soliris and Tysabri, as well as each Lonza employee's own research and development efforts related to the Lonza GS Expression System.  Additionally, Novartis expects to ask each deponent about the structure and origin of the GS Expression Vector, to the extent that such information is not fully elucidated by the documents produced by Lonza Biologics plc in response to the Letter of Request.  Testimony from Lonza employees will also be necessary to authenticate documents produced in response to the Letter of Request and to lay a foundation under U.S. law for their admissibility as, for example, business records.

Granting a commission to Novartis' counsel is particularly appropriate in light of the considerable complexity of the technology at issue in this case.  The '688 Patent is directed to materials and methods of biotechnology that are used to produce some of today's most sophisticated pharmaceutical products—including the humanized monoclonal antibodies sold by Defendants.  A substantial investment of time is required to become knowledgeable about the field of biotechnology, the production of biologic drugs, and the specific details of the inventions claimed in the '688 Patent.  As the attorneys responsible for litigation of this action in the District of Delaware, counsel for Novartis is reasonably knowledgeable of the technology of the patent in suit and its application.  It would be neither desirable nor practical to require an unknown third party, appointed by the judicial authority of the U.K. to expend the time and

resources required to adequately prepare to take the depositions of Lonza employees about the subject matter of this action. Accordingly, Novartis respectfully requests that the Court grant a Commission to Novartis' attorneys, David Greenwald, Larry A. Coury and Joseph E. Lasher, to authorize them to take testimony as allowed by Article 9, 17 and 19 of the Hague Convention.

## Conclusion

For the foregoing reasons, Novartis respectfully requests that the Court (i) issue Novartis' proposed Letter of Request to the judicial authority of the United Kingdom; and (ii) grant a Commission to Novartis' counsel so that they may be authorized by the judicial authority of the United Kingdom to question the designated witnesses.

Dated: October 3, 2011

       /s/ Richard K. Herrmann
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Plaintiff,*
*Novartis Vaccines & Diagnostics, Inc.*

Of Counsel:

Evan R. Chesler
David Greenwald
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000