

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

October 4, 2011

**VIA E-FILING AND HAND DELIVERY**
The Honorable Mary Pat Thynge
USDC for the District of Delaware
844 North King Street
Wilmington, DE 19801

      **RE:**   *Novartis Vaccines & Diagnostics, Inc. v. MedImmune, LLC, et al.*
             D.Del., C.A. No. 11-84-SLR

Your Honor:

      We represent Novartis Vaccines and Diagnostics, Inc. ("NVD") in the above-captioned action and write in support of NVD's motion seeking (i) the issuance of a Letter of Request Pursuant to the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Mar. 18, 1970 (the "Hague Convention"), to the judicial authority of the United Kingdom ("U.K.") for testimonial and documentary evidence in the possession of Lonza Biologics plc ("Lonza U.K."); and (ii) the appointment of a Commission to NVD's counsel so that they may be authorized by the judicial authority of the U.K. to take the deposition of two witnesses residing in England.

    **I.**   **Background**

      This case concerns Defendants' infringement of U.S. Patent No. 5,688,688 (the "'688 Patent"), which is directed to the use of "expression vectors" derived from the DNA of the human cytomegalovirus ("HCMV") and "expression systems" incorporating such vectors. Expression vectors are critical to the production of biologic protein drugs, such as those manufactured by Defendants. In simple terms, an expression vector is a piece of DNA that, in conjunction with a living cell, can produce ("express") copies of a particular protein. The vector and cell together form the expression system, which is essentially a factory for producing the particular protein.

      Each Defendant is alleged to infringe the '688 Patent by using or causing to be used in the manufacture of its respective biologic drugs an expression system marketed by non-party Lonza U.K. and its affiliates as the GS Gene Expression System™ (the "Lonza Expression System") that makes use of the technology claimed in the '688 Patent. The Lonza website itself has stated that MedImmune and Alexion use the Lonza Expression System to produce their accused drugs, and a 2009 UBS report on Lonza reports that Biogen uses it to produce its own. *See* Lasher Decl. (D.I. 33) Ex. A ("The GS Gene Expression System . . . is currently being used to make . . . Synagis [and] Soliris."); Ex. B (noting that Biogen's drug Tysabri is based on the GS Expression System). Thus, critical to a determination of infringement is whether the Lonza Expression System's vector (the "GS Expression Vector") includes each of the four primary

elements of the claimed inventions: (a) an upstream SV40[1] origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from HCMV; and (d) a polypeptide coding sequence.

In general, this determination can be made by comparing a vector diagram or the DNA sequence for the GS Expression Vector to the claims of the '688 Patent. Certain claims require specific DNA sequences, for example, reexamined claim 5 requires, *inter alia*, an SV40 origin of replication with the same DNA sequence as that found in a particular plasmid. *See* '688 Patent Ex Parte Reexamination Certificate at 2. Determination of whether this and other sequence-specific claims—such as claim 4, requiring a specific SV40 polyadenylation sequence, or claim 9, requiring particular HCMV sequences — are infringed requires a comparison of the DNA sequence of the GS Expression Vector and the sequences claimed in the Patent. Accordingly, information relating to the sequence and derivation of the GS Expression Vector is necessary to prove infringement. This is the primary information sought by the proposed Letter of Request.

NVD has also sought to obtain this information from Lonza's U.S. Affiliates. On August 19, 2011, NVD served subpoenas on Lonza Biologics, Inc., and Lonza, Inc., two U.S. subsidiaries of Lonza AG (collectively, "Lonza U.S."), seeking documentary evidence including that sought from Lonza Biologics plc. But Lonza U.S. has thus far refused to commit to produce any material in response to the subpoenas, and has taken the position that "the documents at issue are overwhelmingly if not entirely those of one or more entities outside the U.S." *See* D.I. 65, Lasher Decl. Ex. B (September 2 letter) at 1. Additionally, NVD has sought in its First Set of Interrogatories to obtain sequence information from each Defendant. To date, however, each Defendant has declined to provide the requested sequence information (or any sequence information at all), even though NVD has provided complete vector sequences in response to Defendants' interrogatories seeking sequence information. NVD must seek that information from other Lonza entities now, at the outset of fact discovery, to ensure that all necessary sequence information is obtained before the outset of depositions, scheduled to begin in the middle of 2012. NVD is seeking that information from Lonza U.K. in particular because it appears that Lonza U.K. is responsible for developing, manufacturing and licensing the Lonza Expression System and related GS Expression Vectors.

II. **The Court Should Issue a Letter of Request for Discovery of Testimonial and Documentary Evidence Located in England.**

Under the Hague Convention, to which the United States and United Kingdom are signatories, a Letter of Request is the primary method by which litigants obtain foreign discovery. 6-28 *Moore's Federal Practice* - Civil § 28.12 (2011). Article 1 of the Hague Convention provides: "In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention, art. 1, 23 U.S.T. 2555. Federal courts possess inherent power to issue, on appropriate terms, Letters of Request seeking the assistance of

---

[1] SV40 stands for "Simian virus 40," a virus with properties that make it useful in the biotechnology industry.

foreign authorities on behalf of litigants. Fed. R. Civ. P. 28(b)(2); *see U.S. v. Reagan*, 453 F.2d 165, 173 (6th Cir. 1971).

### A. The Letter of Request Should Seek Specific Documentary Evidence from Lonza U.K.

While the U.K. has adopted the reservations to the Hague Convention pursuant to Article 23, which provides that it will not execute a request "for the purpose of obtaining pretrial discovery of documents as known in Common Law Countries," it expressly permits requests for "particular documents specified in the Letter of Request as being documents appearing to be, or likely to be, in [the recipient's] possession, custody or power." Hague Convention, art. 23, n.3f.

NVD's proposed Letter of Request seeks only particular documents likely to be in the "possession, custody or power" of Lonza U.K. necessary to prove facts central to the claims and defenses asserted in this litigation. In requests (a) through (e), NVD seeks documents showing the sequence, structure, or derivation of the GS Expression Vector and certain elements thereof. As noted above, such information is very important to the determination of NVD's claims of infringement. Additionally, NVD seeks through request (f) copies of posters, presentations and marketing materials that contain schematic diagrams of the GS Expression Vector. Such documents are relevant to the determination of infringement also. Finally, NVD seeks in requests (g) and (h) specific documents describing the performance of Lonza's expression system compared to other systems. Such information is relevant to validity, in particular, the secondary indicia of non-obviousness.

These are not general requests for "any" document, but are narrow requests for specific documents necessary to discover information critical to the resolution of the claims and defenses in this case. Further, there is substantial reason to believe that Lonza U.K. has the requested documents. In particular, it appears that Lonza U.K. is the Lonza entity primarily responsible for the development, marketing and licensing of the Lonza Expression System and associated GS Expression Vector, and has published several articles and posters reflecting its detailed knowledge of the construction of that vector. *See, e.g.*, S. Kalwy, J. Rance, A. Norman, and R. Gay, R. Smith (ed.), *Cell Technology for Cell Products*, pp. 19–28 (2007) and S. Kalwy, J. Rance, and R. Young, *Molecular Biotechnology* 34: 151-56 (2006). As such, it is extremely likely that Lonza U.K. maintains complete sequence information on that vector.

### B. The Letter of Request Should Seek Testimonial Evidence and Grant a Commission to NVD's Counsel for the Taking of Such Testimony.

NVD also seeks a commission to depose two Lonza employees during the period set forth in this case for fact witness depositions. The issuance of a Letter of Request under the Hague Convention is the proper method for taking testimony from a person residing abroad according to the Federal Rules. Fed. R. Civ. P. 28(b)(1); *Ethypharm S.A. France v. Abbott Labs.*, 748 F. Supp. 2d 354, 358 (D. Del. 2010) (granting motion for Letter of Request). The authority executing a Letter of Request typically does so in conformity with its own procedures, as if it were domestic litigation. *See* Hague Convention, art. 9, 23 U.S.T. at 2561. Thus, the judicial authority in the U.K. normally appoints a "special commissioner" of its choosing to execute an American Letter of Request, including taking testimonial evidence. 1 Bruno Ristau, *International Judicial Assistance* § 5-2-2 (1) (Int'l Law Inst. 2000).

Appointment of a "special commissioner," however, is not the only procedure authorized by the Hague Convention. The Convention also permits a party to seek "a special method or procedure" in its Letter of Request. Hague Convention, art. 9, 23 U.S.T. at 2561. Such a "special method" includes permitting NVD's attorneys to conduct the examination of the designated witnesses. *See In re Urethane Antitrust Litig.*, 2010 U.S. Dist. LEXIS 129536, 34-35 (D. Kan. Dec. 1, 2010) (granting motion to issue a Letter of Request seeking a "special method or procedure" allowing counsel for plaintiffs to conduct the requested depositions in a foreign country); Fed. R. Civ. P. 28(b)(1) ("[a] deposition may be taken in a foreign country . . . before a person commissioned by the court to administer any necessary oath and take testimony").

NVD has identified from publicly available documents the two named individuals—James Rance and Robert Young—as individuals who are likely to be knowledgeable on these subjects. Both are Lonza employees identified as authors of presentations and posters having relevant information about the sequence and attributes of the Lonza GS Expression System. *See, e.g.*, the Kalwy *Cell Tech. for Cell Prods.* (2007) and Kalwy *Molec. Biotech.* (2006) cited above. NVD believes that their testimony will be necessary not only to explain information set forth in documents produced in response to this Request but also to answer questions not answered fully therein. Testimony from Lonza employees will also be necessary to authenticate documents produced in response to the Letter of Request and to lay a foundation under U.S. law for their admissibility as, for example, business records.

Granting a commission to NVD's counsel is particularly appropriate in light of the considerable complexity of the technology at issue in this case. A substantial investment of time is required to become knowledgeable about the field of biotechnology, the production of biologic drugs, and the specific details of the inventions claimed in the '688 Patent. As the attorneys responsible for litigation of this action in the District of Delaware, counsel for NVD is reasonably knowledgeable of the technology of the patent in suit and its application. It would be neither desirable nor practical to require an unknown third party, appointed by the judicial authority of the U.K. to expend the time and resources required to adequately prepare to take the depositions of Lonza employees about the subject matter of this action. Accordingly, NVD respectfully requests that the Court grant a Commission to NVD's attorneys, David Greenwald, Larry A. Coury and Joseph E. Lasher, to authorize them to take testimony as allowed by Articles 9, 17 and 19 of the Hague Convention.

For the foregoing reasons, NVD respectfully requests that the Court (i) issue NVD's proposed Letter of Request to the judicial authority of the United Kingdom; and (ii) grant a Commission to NVD's counsel so that they may be authorized by the judicial authority of the United Kingdom to question the designated witnesses.

Respectfully,

*/s/ Richard K. Herrmann*

Richard K. Herrmann - I.D. No. 405
*rherrmann@morrisjames.com*

cc:   All defense counsel of record