

100 S. West Street, Suite 400
Wilmington, DE  19801
Telephone  302.576.1600
Facsimile  302.576.110
www.seitzross.com
*Garrett Moritz not admitted in Delaware

**Collins J. Seitz, Jr.**
cseitz@seitzross.com
302.576.1601

October 6, 2011

**BY ELECTRONIC FILING AND HAND DELIVERY**
The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

    RE:    *Novartis Vaccines & Diagnostics, Inc. v. MedImmune, LLC*
             D. Del., C.A. No. 11-84-SLR

Dear Judge Thynge:

    We write on behalf of the three Defendants, MedImmune, LLC, Biogen Idec Inc., and Alexion Pharmaceuticals, Inc., in the above-captioned matter in response to Novartis Vaccines & Diagnostics, Inc.'s ("Novartis V&D") motion seeking (1) a Letter of Request under the Hague Evidence Convention[1] in order to obtain testimonial and documentary evidence from Lonza Biologics plc ("Lonza") and (2) a commission so that Novartis's counsel may take the deposition of two Lonza witnesses.

    As an initial matter, Novartis V&D's request exceeds the scope of allowable discovery under the U.K.'s Article 23 reservation to the Hague Evidence Convention and seeks documents not calculated to lead to the discovery of admissible evidence. Although Novartis purports to have identified "only particular documents" it believes are likely to be in Lonza's possession (Novartis Br. at 3), it in fact seeks a broad scope of unidentified and unknown documents. Defendants recognize, however, that this Court, in considering Letters of Request pursuant to the

---

[1]     Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, opened for signature March 18, 1970, 23 U.S.T. 2555.

00003125v1

Hague Convention, has stated that such overbroad discovery requests should be narrowed by the foreign authority, rather than this Court.[2]

Defendants further note that the Letter of Request as currently drafted by Novartis states that, in the event Lonza is directed to produce documents, counsel for Plaintiff would be permitted to inspect and copy those documents. (Novartis Request at 7, § 10). Defendants' counsel submits that the Letter of Request should be clarified to make explicit that Defendants' U.S. counsel also would be permitted to attend any such inspection and be able to copy any such produced documents at the inspection.

Finally, Defendants request that any Letter of Request seeking the appointment of a commission for Novartis's counsel be extended to include commissions for counsel for all three Defendants. Although Novartis's motion requests an opportunity for Defendants' counsel to cross-examine the two proposed witnesses (*see* Novartis Mot. at 9), it does not explicitly seek to confer a commission on Defendants' counsel. Should this Court grant Novartis's motion, Defendants request that their counsel also be granted commissions and have the opportunity to fully examine James Rance and Robert Young.

In light of the limited nature of this Court's review in considering whether the Letter of Request should issue, and to the extent the Letter of Request and commission are clarified to request that the Defendants should also be permitted to attend any inspection of documents, copy any produced documents, and be granted commissions and the opportunity to examine Mr. Rance and Mr. Young, Defendants will not oppose the motion.[3]

Respectfully,

Collins J. Seitz, Jr. (No. 2237)
cseitz@seitzross.com

CJS, Jr./hg

---

[2] *Pronova Biopharma Norge AS v. Teva Pharmaceuticals*, 708 F.Supp.2d 450, 453-54 (D. Del. 2010).

[3] Defendants disagree with and object to Novartis's mischaracterizations of the factual background, legal issues, and interrogatory responses in this matter. See Novartis Br. at 1-2. Defendants served proper objections to Novartis's interrogatories and will supplement their responses as discovery proceeds. Defendants' willingness to allow the U.K. judicial authorities rather than this Court evaluate the merits of Novartis's request in no way indicates that Defendants agree with any of the allegations contained in Novartis's letter brief. Defendants accordingly reserve the right to object to Novartis's description of the facts, law, and record.