# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVARTIS VACCINES & DIAGNOSTICS, INC.,

*Plaintiff,*

v.

MEDIMMUNE, LLC,  BIOGEN IDEC, INC., AND
ALEXION PHARMACEUTICALS, INC.

*Defendants.*

Civil Action No. 11-cv-00084-SLR

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO
## DEFENDANTS' FIRST SET OF JOINT DOCUMENT REQUESTS NOS. 1-136

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

("Federal Rules"), the Local Rules of the District of Delaware ("Local Rules") and all

other applicable laws and rules, Plaintiff Novartis Vaccines & Diagnostics, Inc. ("NVD")

submits the following responses and objections to Defendants' First Set of Joint

Document Requests Nos. 1-136 ("Defendants' First Joint Requests")

### General Objections

NVD states the following general objections to Defendants' First Joint

Requests and incorporates them by reference into NVD's specific objections and

responses to Defendants' First Joint Request, where appropriate.

1.      NVD objects to Defendants' First Joint Requests to the extent that

they purport to request disclosure or production of documents that come within the

scope of the attorney-client privilege, the work product doctrine, any protective order or

confidentiality agreement, or are otherwise exempted from discovery.  NVD hereby

asserts all applicable privileges and protections, and excludes privileged and protected

information from its responses to Defendants' First Joint Requests.  Any disclosure of

applicants' patent counsel or agent in connection with the preparation, filing, or prosecution of that patent application, prior art searches, and the internal prosecution files of NVD.

**REQUEST NO. 16:**

All documents concerning the preparation, decision to file, filing and/or prosecution of application Nos. 06/667,501 (filed October 31, 1984), 06/696,534 (filed January 30, 1985), 06/773,447 (filed September 6, 1985), 07/138,894 (filed December 24, 1987), 07/931,191 (filed August 17, 1992), 08/083,391 (filed June 28, 1993), 08/107,377 (filed August 17, 1993) and 08/288,336 (filed August 10, 1994), including complete file wrappers.

**Response to Request No. 16:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 17:**

All documents concerning the preparation, decision to file, filing and/or prosecution of all foreign counterpart applications to applications Nos. 06/667,501 (filed October 31, 1984), 06/696,534 (filed January 30, 1985), 06/773,447 (filed September 6, 1985), 07/138,894 (filed December 24, 1987), 07/931,191 (filed August 17, 1992), 08/083,391 (filed June 28, 1993), 08/107,377 (filed August 17, 1993) and 08/288,336 (filed August 10, 1994), including complete file wrappers.

**Response to Request No. 17:**

NVD objects to this request because it is unduly broad and because it seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense.

**REQUEST NO. 63:**

All documents concerning the decision(s) to delete Kathelyn Steimer, Ray Pescador, Carlos George-Nascimento, Deborah Parkes, Rob Hallewell, Philip Barr and Martha Truett as named inventors of the '688 patent.

**Response to Request No. 63:**

NVD objects to this Request because it seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense.

**REQUEST NO. 64:**

All documents concerning any analysis or discussion of inventorship of the '688 patent or for any of the applications from which the '688 patent claims priority, or any foreign counterparts to those patents or applications.

**Response to Request No. 64:**

NVD objects to this Request because it seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense.

**REQUEST NO. 65:**

All documents and things that Novartis relied upon or referred to in preparing its Complaint and Amended Complaint in this action.

**Response to Request No. 65:**

NVD objects to this Request because it seeks information protected by the attorney-client/attorney work product protections. Subject to this and its general objections, NVD will produce documents and things responsive to this request to the extent they are responsive also to other requests in response to which NVD makes production.

All documents concerning the need, desirability or consideration of any application for reissue or request for reexamination of the '688 patent.

**Response to Request No. 71:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 72:**

All documents concerning the need, desirability, or consideration of any foreign patent application (including any application or request for reexamination or reissue of any foreign patent) in connection with any alleged invention covered by any claim of the '688 patent.

**Response to Request No. 72:**

NVD objects to this Request because it is unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense.

**REQUEST NO. 73:**

All organizational charts and other documents concerning the organization of Chiron, Novartis, and any assignor or assignee of the '688 patent for the time period since the named inventors of the '688 patent conceived any of the alleged inventions claimed or described in the '688 patent, including charts or documents that list or identify the named inventors, persons with knowledge of or who were responsible for the conception, research, development, testing, manufacture, marketing, sale, patenting, regulatory approval or licensing of the subject matter claimed in the '688 patent.

**Response to Request No. 88:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 89:**

All documents dated prior to the issue date of the '688 patent concerning any written description of the invention; a public use, sale, or offer for sale; and any disclosures, in whole or part, of the subject matter contained in the '688 patent.

**Response to Request No. 89:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 90:**

All documents concerning the discovery and development of the subject matter for each asserted claim of the '688 patent.

**Response to Request No. 90:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 91:**

All documents concerning the position that Novartis's infringement claims are not barred, in part or whole, under the doctrine of laches.

**Response to Request No. 91:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages, which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 92:**

All documents concerning the position that Novartis's infringement claims are not barred, in part or whole, under the doctrine of prosecution laches.

**Response to Request No. 92:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 93:**

All documents concerning the allegation that the '688 patent was "duly and legally issued" as set forth in ¶ 10 of the Amended Complaint.

**Response to Request No. 93:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 94:**

All documents concerning the allegation that "[n]on-party Lonza Group AG, through one or more of its affiliates, manufactures and sells a commercial gene expression system - the Lonza GS Expression System™ - that uses the same technology claimed in the '688 patent" as set forth in ¶ 15 of the Amended Complaint.

**REQUEST NO. 97:**

All documents concerning any communications to and from Chiron or Novartis regarding the '688 patent, including any notice concerning any alleged infringement of the '688 patent.

**Response to Request No. 97:**

NVD objects to this request as overbroad and because it seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense.

**REQUEST NO. 98:**

All documents concerning Chiron's first awareness of an allegedly infringing use by each defendant in the present lawsuit.

**Response to Request No. 98:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (laches), which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 99:**

All documents concerning Novartis's first awareness of an allegedly infringing use by each defendant in the present lawsuit.

**Response to Request No. 99:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (laches), which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 100:**

All documents concerning Chiron's first awareness of any use, offer for sale or sale by Celltech Ltd. or any related company of any vector containing a sequence from a human cytomegalovirus immediate early region.

**Response to Request No. 100:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (laches), which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 101:**

All documents concerning Chiron's first awareness of any use, offer for sale or sale by Lonza Group AG or any related company of any vector containing a sequence from a human cytomegalovirus immediate early region.

**Response to Request No. 101:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages, which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 102:**

All documents and things concerning Novartis's first awareness of any use, offer for sale or sale by Celltech Ltd. or any related company of any vector containing a sequence from a human cytomegalovirus immediate early region.

**Response to Request No. 102:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages, which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 103:**

All documents and things concerning Novartis's first awareness of any use, offer for sale or sale by Lonza Group AG or any related company of any vector containing a sequence from a human cytomegalovirus immediate early region.

**Response to Request No. 103:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages, which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 104:**

All documents and things concerning Celltech's glutamine synthetase expression technology.

**Response to Request No. 104:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 105:**

All documents and things concerning Lonza's glutamine synthetase expression technology.

**REQUEST NO. 109:**

All documents concerning work performed by Karen A. Vincent prior to the filing date of the '688 patent concerning any vector containing a sequence from a human cytomegalovirus immediate early region.

**Response to Request No. 109:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 110:**

All documents and communications concerning the use of intron sequences in vectors used for expression.

**Response to Request No. 110:**

Subject to its general objections, NVD will produce non-privileged documents concerning the use of intron sequences in expression vectors prior to the filing of the application for the '688 patent.

**REQUEST NO. 111:**

All documents concerning any communications to or from Chiron regarding Lonza, Celltech, any Lonza vector, or Lonza GS System.

**Response to Request No. 111:**

NVD objects to this request because it is overbroad.

**REQUEST NO. 112:**

All documents concerning any communications to or from Novartis regarding Lonza, Celltech, any Lonza vector, or Lonza GS System.

**Response to Request No. 112:**

NVD objects to this request because it is overbroad.

**REQUEST NO. 113:**

All documents and things concerning the relevant art and level of ordinary skill in the art pertaining to the '688 patent.

**Response to Request No. 113:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 114:**

All documents concerning the scope of any claim in the '688 patent, including but not limited to whether any claim in the '688 patent covers any of Defendants' products or manufacturing processes, or any Lonza vector or Lonza GS System, that Novartis contends infringes the '688 patent.

**Response to Request No. 114:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 115:**

All documents concerning Novartis' policies, practices, or procedures concerning the licensing of intellectual property, including but not limited to the licensing of the '688 patent.

**REQUEST NO. 126:**

Documents sufficient to demonstrate the size, number of employees, and organizational structure of Novartis, including but not limited to organizational charts.

**Response to Request No. 126:**

Subject to its general objections, NVD will produce non-privileged documents sufficient to demonstrate the size, number of employees, and organizational structure of NVD, including but not limited to organizational charts.

**REQUEST NO. 127:**

Documents sufficient to identify the parents, subsidiaries and affiliates of Novartis for the last five years.

**Response to Request No. 127:**

Subject to its general objections, NVD will produce non-privileged documents sufficient to identify the parents, subsidiaries and affiliates of NVD for the last five years.

**REQUEST NO. 128:**

All documents concerning a threat to sue or a charge of infringement under the '688 patent — made to or against Alexion, Biogen Idec, Inc., MedImmune, LLC or any other party or entity — including but not limited to letters threatening suit or charging infringement and notes or memos concerning telephone conversations in which infringement was alleged.

**Response to Request No. 128:**

NVD objects to this Request because it seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense. In addition to the foregoing general objections, NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (viz., laches).

## REQUEST NO. 129:

All documents concerning the decision to sue Defendants, including but not limited to any pre-suit investigations, meeting minutes, notes, memoranda, letters, e-mails, messages, facsimiles, opinions concerning infringement or the basis for suit, or other communications as well as any enclosures or attachments to any communications.

**Response to Request No. 129:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (viz., laches), which has been bifurcated for purposes of discovery and trial, or because it seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense. NVD further objects to this request because it seeks documents protected by the attorney-client and attorney work product privileges.

## REQUEST NO. 130:

All documents concerning the delay in filing suit against Defendants for infringement of the '688 patent and delay in serving Defendants with the Complaint (D.I. 1) once filed.

**Response to Request No. 130:**

In addition to the foregoing general objections, NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (viz., laches), which has been bifurcated for purposes of discovery and trial, and because it seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense.   NVD further objects to this request because it seeks documents protected by the attorney-client and attorney work product privileges.

**REQUEST NO. 131:**

All documents concerning any funding applied for or obtained by Chiron, Novartis, or any named inventor of the '688 patent concerning the subject matter disclosed or claimed in the '688 patent.

**Response to Request No. 131:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 132:**

All documents and things that Novartis may use as an exhibit in any trial in the above-captioned action.

**Response to Request No. 132:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 136:**

        All documents publicly disclosing the nucleotide sequence of:

plasmid pSV7d, plasmid pSVT2, plasmid pCMV6ARV120tpa, plasmid pSV2/dhfr,

the nucleotide sequence of the SV40 polyadenylation sequence present in plasmid

pSV7d, the nucleotide sequence of the SV40 origin of replication sequence present in

plasmid pSVT2, the nucleotide sequence of the HCMV sequence(s) present in

plasmid pCMV6ARV120tpa.

**Response to Request No. 136:**

        Subject to its general objections, NVD will produce non-privileged

documents responsive to this request to the extent that they are maintained in files or

locations that contain documents and things that are otherwise relevant to this action.


September 22, 2011

                               Richard K. Herrmann (#405)
                               MORRIS JAMES LLP
                               500 Delaware Avenue, Suite 1500
                               Wilmington, DE 19801
                               (302) 888-6800
                               rherrmann@morrisjames.com

                               *Attorneys for Plaintiff*
                               *Novartis Vaccines & Diagnostics, Inc.*

Of Counsel

Evan R. Chesler
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000