# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC. <br><br> *Defendants.* | Civil Action No. 11-cv-00084-SLR |

### NOVARTIS V&D'S RESPONSES TO MEDIMMUNE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-28)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware ("Local Rules"), plaintiff Novartis Vaccines and Diagnostics, Inc. ("NVD") submits the following responses and objections to defendant MedImmune, LLC ("MedImmune") First Set of Requests for Production of Documents (Nos. 1-28) ("MedImmune's First Document Requests").

### General Objections

NVD reasserts all of the General Objections, General Objection to Instructions, and General Objections to Definitions from its Responses and Objections to Defendants' First Set of Joint Document Requests Nos. 1-136, served concurrently herewith, as if fully set forth herein.

### Specific Objections

NVD, through its attorneys, and for its Response to MedImmune's First Document Requests, states as follows:

**REQUEST NO. 9:**

All documents concerning any investigation, examination, study, analysis, evaluation, or testing of Synagis® or its manufacture including, but not limited to, any comparison with any of (1) the claims of the '688 patent, (2) Tysabri® or its manufacture, or (3) Soliris® or its manufacture.

**Response to Request No. 9:**

Subject to its general objections, NVD will produce non-privileged documents responsive to this request.

**REQUEST NO. 10:**

All documents concerning whether to assert the '688 Patent and/or any Related Patents and Patent Applications against MedImmune or other persons, including documents sufficient to identify the person(s) who participated in or contributed to that decision, and all documents concerning the basis or bases upon which that decision was made.

**Response to Request No. 10:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (*i.e.*, laches), which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 11:**

All documents concerning any opinion or analysis of the use, potential use, or alleged infringement of the '688 Patent by MedImmune, Biogen Idec, Alexion, Lonza, or Celltech.

5

**Response to Request No. 11:**

Subject to its general objections, NVD will produce non-privileged documents concerning any opinion or analysis of the use, potential use, or alleged infringement of the '688 Patent by MedImmune, Biogen Idec, or Alexion.

**REQUEST NO. 12:**

All documents concerning any effort, plan, proposal, or attempt by Novartis to monitor or track any use, potential use, and/or alleged infringement of the '688 Patent or inventions allegedly contained in the '688 Patent by MedImmune or the other defendants in the present lawsuit.

**Response to Request No. 12:**

NVD objects to this request because the phrase "to monitor or track any use, potential use, and/or alleged infringement" is vague and ambiguous. NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (*i.e.*, laches), which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 13:**

All documents concerning any analysis of the likelihood of success in asserting a patent infringement charge against any party, including but not limited to MedImmune, with respect to any claim of the '688 patent.

**Response to Request No. 13:**

NVD objects to this request because the term "party" is ambiguous. Subject to this and its general objections, NVD will produce non-privileged documents concerning the infringement of the '688 Patent by MedImmune.

6

**REQUEST NO. 14:**

All documents concerning any consideration given to the activities of any person with respect to whether such activities constituted an infringement, either directly, contributorily or by inducement, of the '688 patent or any Related Patent and Patent Application.

**Response to Request No. 14:**

NVD objects to this request because it is vague. NVD objects to this request because it seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense. Subject to this and its general objections, NVD will produce non-privileged documents concerning the infringement of the '688 Patent by MedImmune.

**REQUEST NO. 15:**

All documents concerning any communication between or among two or more of Novartis, Chiron, Lonza, or any other person or entity, concerning the '688 patent, MedImmune or Synagis®.

**Response to Request No. 15:**

NVD objects to this request as overly broad and seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense.

**REQUEST NO. 16:**

All documents concerning Novartis' knowledge of Synagis® and its manufacture, including but not limited to the date when Novartis first learned of Synagis® and the process by which Synagis® is made, and the date when Novartis first analyzed Synagis® and its manufacture with respect to the '688 patent.

**Response to Request No. 16:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages, which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 17:**

All documents concerning any communications between Novartis and MedImmune concerning the '688 Patent prior to the filing of the Complaint in this suit.

**Response to Request No. 17:**

NVD objects to this request because it seeks documents equally accessible to MedImmune. To the extent it seeks documents not otherwise accessible to MedImmune, NVD objects to this request because it seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense.

**REQUEST NO. 18:**

All documents concerning any communications between Novartis and any third party, including Lonza and Celltech, concerning any alleged infringement of the '688 Patent.

**Response to Request No. 18:**

NVD objects to this request because it is overbroad.

**REQUEST NO. 19:**

All documents concerning the earliest date and circumstances under which Novartis first learned of any alleged infringement of the '688 Patent by MedImmune.

8

**Response to Request No. 19:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (laches), which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 20:**

All documents concerning Novartis' first awareness of any alleged use by MedImmune of Celltech's or Lonza's mammalian cell glutamine synthetase expression technology in connection with Synagis®. (See First Amended Complaint, ¶ 16.)

**Response to Request No. 20:**

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (laches), which has been bifurcated for purposes of discovery and trial.

**REQUEST NO. 21:**

All documents relating to any search, study, examination, test, evaluation, observation, experiment, or analysis conducted or caused to be conducted by or for Novartis relating to the alleged infringement of any claim of the '688 patent.

**Response to Request No. 21:**

Subject to its general objections, NVD will produce non-privileged documents concerning any such search, study, examination, test, evaluation, observation, experiment, or analysis conducted by NVD relating to the alleged infringement by MedImmune.

9

REQUEST NO. 22:

All documents concerning any notice, warning, charge or allegation of infringement of the '688 patent or any Related Patent and Patent Application.

Response to Request No. 22:

NVD objects to this request because it seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense.

REQUEST NO. 23:

All documents concerning any analysis comparing or contrasting any of the claims of the '688 patent with any vector or cell line.

Response to Request No. 23:

NVD objects to this request because it is vague. NVD objects to this request because it seeks documents not reasonably calculated to lead to the discovery of evidence relevant to any claim or defense. Subject to these and its general objections, NVD will produce non-privileged documents concerning the infringement of the '688 Patent by MedImmune.

REQUEST NO. 24:

All documents concerning any communications between MedImmune and Chiron concerning Synagis®.

Response to Request No. 24:

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (laches), which has been bifurcated for purposes of discovery and trial.

10

REQUEST NO. 25:

All documents concerning any services performed by Chiron concerning MedImmune's Synagis® product.

Response to Request No. 25:

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (laches), which has been bifurcated for purposes of discovery and trial.

REQUEST NO. 26:

All documents that Chiron reviewed in connection with any services it performed concerning MedImmune's Synagis® product, in connection with preparation for such services, or in connection with Chiron's decision to perform such services.

Response to Request No. 26:

NVD objects to this request as premature because it seeks information relevant, if at all, only to the issue of damages (laches), which has been bifurcated for purposes of discovery and trial.

REQUEST NO. 27:

All documents, including any minutes, transcripts, reports, recordings, and notes, from any Novartis meetings—including meetings of present and former directors or officers of Chiron—during which any of the following was discussed:

    (a)    the '688 Patent, any Related Patents and Patent Applications;

    (b)    the subject matter of the '688 Patent;

11

Dated: September 22, 2011

/s/ Richard K. Herrmann
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Plaintiff*
*Novartis Vaccines & Diagnostics, Inc.*

Of Counsel

Evan R. Chesler
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000