## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOVARTIS VACCINES & DIAGNOSTICS, INC.,

    *Plaintiff,*

    *v.*

MEDIMMUNE, LLC,
BIOGEN IDEC, INC., AND
ALEXION PHARMACEUTICALS, INC.,

    *Defendants.*

Civil Action No. 11-cv-84-SLR MPT



### STIPULATED PROTECTIVE ORDER

Upon agreement of the parties for an order pursuant to Fed. R. Civ. P. 26(c), the parties stipulate and the Court orders as follows:

### Definitions

1. As used in this Protective Order, these terms have the following meanings:

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34(a);

    "Disclosures" are all Documents; written discovery requests and responses; deposition transcripts; correspondence between the parties; pleadings, tangible items and any other information disclosed between the parties in connection with this Action, except as set forth in Paragraph 29;

    "Producing Party" is any party that produces or provides a Disclosure;

    "Receiving Party" is any party receiving a Disclosure;

    "Written Assurance" means an executed document in the form attached as Exhibit A; and

"Action" means the case captioned *Novartis Vaccines and Diagnostics, Inc. v. MedImmune, LLC, Biogen Idec, Inc., and Alexion Pharmaceuticals, Inc.*, Civil Action No. 11-cv-84-SLR.

2. **Confidential Disclosures:** Disclosures may be designated as "Confidential" if they contain trade secrets, sales/profit information, licensing terms, research, manufacturing, regulatory, or any other confidential information or know-how of such a nature to be protectable under Federal Rules of Civil Procedure 26(c)(1)(G).

3. **Highly Confidential – Outside Counsel Eyes Only Disclosures:** Disclosures may be designated as "Highly Confidential – Outside Counsel Eyes Only" if they contain highly sensitive polynucleotide or protein sequences or highly sensitive manufacturing or regulatory information relating to a commercial product. Notwithstanding the foregoing, the parties agree that Alexion will reproduce Bates-numbered pages ALXN0007308-7322 designated as "Confidential," Biogen Idec will reproduce Bates-numbered pages BIOG0000475-479 designated as "Confidential," MedImmune will reproduce Bates-numbered pages MED00001131-1214 designated as "Confidential." Novartis will reproduce NVD000001-NVD009637 and Novartis' interrogatory responses served to date and no part shall be designated Highly Confidential – Outside Counsel Eyes Only. In addition, at the outset of the damages/willfulness phase (if any), the Parties shall work in good faith to define discrete categories of documents that may receive a Highly Confidential – Outside Counsel Eyes Only designation.

[[NYLIT:2594846v2:4252W:02/06/12--10:20 a]]

Access to Highly Confidential – Outside Counsel Eyes Only And Confidential Disclosures

4. Any Disclosures designated "Highly Confidential – Outside Counsel Eyes Only" or "Confidential" including all information derived therefrom, shall be maintained in strict confidence by the Receiving Party; shall be used solely in connection with this Action, any appeal therefrom or any remands thereto; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

5. All Highly Confidential – Outside Counsel Eyes Only and Confidential Disclosures shall be used solely for the purposes of this Action. Prohibited disclosures of Highly Confidential – Outside Counsel Eyes Only and/or Confidential Disclosures include, but are not limited to, any use for competitive purposes, research, development, manufacture or regulatory purposes, Citizen's Petitions, other litigation, or the prosecution of intellectual property rights. Subject to paragraphs 11 and 12, no person receiving such Confidential and/or Highly Confidential – Outside Counsel Eyes Only Disclosures shall, directly or indirectly, disclose or communicate in any way the contents of the Disclosures to any person other than those qualified pursuant to this Order.

6. Access to Confidential Disclosures shall be limited to the following Qualified Persons:

(a)     the Court, its officers, and any members of its staff to whom it is necessary to disclose Confidential information for the purpose of assisting the Court in this Action, and stenographic employees, court reporters and typists for the sole purpose of recording or transcribing testimony, documents, or information relating to this Action;

(b)     the parties' Outside Counsel of record in this Action and the paralegals, assistants and other employees of the respective law firms of Outside Counsel of record in

3

this Action to the extent such persons' duties and responsibilities require access to Confidential Disclosures;

(c)     litigation support consultants (including translators, e-discovery, trial graphics, jury focus group consultants, mock jurors), outside copying services, and temporary/contract attorneys retained by Outside Counsel in this Action identified in subparagraph 6(b) with whom such outside counsel work in connection with this Action to the extent such persons have expressly agreed to maintain the confidentiality of their work and the Confidential Disclosures they receive, and provided that such personnel are not engaged in the research, development, manufacture, registration, or sale of pharmaceutical products;

(d)     prior authors or recipients of the Disclosure;

(e)     court reporters retained to transcribe testimony in this case;

(f )    witnesses designated pursuant to Fed. R. Civ. P. 30(b)(6) may be shown Disclosures designated as Confidential by the party for which they are testifying;

(g )    others to whom the Producing Party consents;

(h)     subject to paragraph 9, consulting experts or testifying experts ("Experts") who are not current employees of any of the parties in the litigation; and

(i)     the identified in-house lawyers (or Juerg Baenziger, in the case of Plaintiff) who work within the legal department of each party, after providing a Written Assurance to all other parties:

(1) Plaintiff:

(i) Juerg Baenziger

(ii) Cynthia Lopez

(iii) Rob Gorman

4

    (2) MedImmune:

        (i) William Bertrand

        (ii) James Kastenmayer

        (iii) _____

    (3) Biogen Idec:

        (i) Martha Born

        (ii) Konstantinos Andrikopoulos

        (iii) _____

    (4) Alexion Pharmaceuticals:

        (i) Thomas Dubin ·

        (ii) Stephen Saxe

        (iii) _____

as well as any paralegal, secretarial and clerical employee of each party who works regularly with and reports directly or indirectly to such in-house counsel. It is expressly understood that the number or identity of such Qualified Persons may be modified by unanimous agreement of the parties to the Action without leave of Court, or upon a showing, subject to the approval of the Court, by any party that such modification is necessary.

7. Absent agreement to the contrary between one or more parties (Plaintiff and/or Defendants), access to Highly Confidential – Outside Counsel Eyes Only Disclosures shall be limited to persons described in Paragraphs 6(a)-(h). Persons identified in Paragraph 6(i) shall not have access to Highly Confidential – Outside Counsel Eyes Only Disclosures.

8. The disclosure of Confidential information to any in-house counsel identified in Subparagraph 6(i) shall be made only after: Counsel desiring to disclose Confidential

5

information to such in-house counsel obtains a completed and signed Written Assurance in the form of Exhibit A attached hereto from the in-house counsel and forwards a copy of said completed and signed undertaking to counsel for the Producing Party.

9. Prior to the disclosure of any Highly Confidential – Outside Counsel Eyes Only or Confidential Disclosures to an Expert pursuant to paragraph 6(h) a party shall provide a written notice to all other parties which includes a copy of such Expert's executed "Written Assurance," a copy of such Expert's current *curriculum vitae,* a list of any other cases in which such Expert has testified as an expert at trial or by deposition within the preceding four (4) years; and a list of all publications authored by such Expert within the preceding ten (10) years. If a party objects to the disclosure of any Highly Confidential – Outside Counsel Eyes Only or Confidential Disclosures to an identified Expert, the party must make its objection in writing within 7 calendar days after receipt of the identification, and provide the basis for its objection. The objection shall be waived unless the objecting party, within 7 calendar days of the service of the objection, contacts the Court to seek a date to file a motion to prevent disclosure, and shall bear the burden of showing that the disclosure should not be made, except that the 7-day period in which to contact the Court shall be tolled during any period between the date on which the objecting party requests a meet-and-confer and the date the meet-and-confer occurs. No disclosure shall be made to the Expert until the time period for making an objection has passed, or the Court has ruled on any timely motion made pursuant to this paragraph.

10. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of Highly Confidential – Outside Counsel Eyes Only or Confidential information; provided, however, that in rendering

6

such advice the attorney shall not disclose any Highly Confidential – Outside Counsel Eyes Only or Confidential information other than in a manner provided for in this Order.

11. Nothing contained in this Order shall preclude a party from using its own Highly Confidential – Outside Counsel Eyes Only or Confidential information in any manner.

12. The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any Highly Confidential – Outside Counsel Eyes Only or Confidential information if said person or entity already has legitimate possession thereof. The restrictions and obligations set forth in this Order relating to Highly Confidential – Outside Counsel Eyes Only and Confidential information shall not apply to any information that:

    (a)    Is already public knowledge;

    (b)    Has become public knowledge other than through a breach of a Receiving Party's confidentiality obligations;

    (c)    Was lawfully in a Receiving Party's possession prior to receipt under the provisions of this Order or the local rules of this Court; or

    (d)    Was or is obtained from a source not under an obligation of secrecy to the Producing Party.

## Designation of Disclosures

13. All Disclosures to be produced in tangible form that the Producing Party wishes to designate as "Confidential" must, prior to production to the Receiving Party, be labeled on each page by the Producing Party with the legend: **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**. All Disclosures to be produced in tangible form that the Producing Party wishes to designate as Highly Confidential – Outside Counsel Eyes Only information must, prior to production to the Receiving Party, be labeled on each page by the Producing Party with

7

the legend:   **HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY –
SUBJECT TO PROTECTIVE ORDER.** Anything that cannot be so marked on its face shall
be marked by placing the appropriate legend on a container or package in which the thing is
produced or on a tag attached thereto. Each page of each document produced in discovery shall,
to the extent practicable, bear a prefix identifying the Producing Party and a unique identifying
number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the
extent practicable, also bear a prefix identifying the Producing party and a unique identifying
number.

14. Any Disclosure provided for inspection in this Action is to be treated as "Highly
Confidential – Outside Counsel Eyes Only" pending the copying and delivery of any copies of
the same by the Producing Party to the Receiving Party. After copies are delivered to the
Receiving Party, the information in such documents or things will be treated consistent with any
legend produced on each document or thing. If no copies of Disclosures are requested in
connection with an inspection, or if the Receiving Party memorializes the Disclosures during the
inspection in some other fashion (e.g. notes, photographs, drawings), the Disclosures shall be
treated as "Highly Confidential – Outside Counsel Eyes Only" for seven calendar days following
the inspection, by which time the Producing Party must provide a written notice designating the
Disclosures in the inspection as Confidential or Highly Confidential – Outside Counsel Eyes
Only. Inspection of documents or things by any party shall be conducted by Outside Counsel
and/or Experts.

15. After a Protective Order is entered by the Court, a copy of the Protective Order shall be
served along with any non-party subpoena served in connection with this Action. For a period of
14 days from the date of the production of any Documents in response to a non-party

[[NYLIT:2594846v2:4252W:02/06/12--10:20 a]]

subpoena or after the receipt of a final transcript of a deposition pursuant to such subpoena, the Documents and testimony shall be treated as Highly Confidential – Outside Counsel Eyes Only. During that 14-day period, a party or the disclosing non-party may designate such Documents and testimony as Highly Confidential – Outside Counsel Eyes Only or Confidential.

16. Testimony from any depositions or portions of any depositions taken in this Action may be designated as Highly Confidential – Outside Counsel Eyes Only or Confidential. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the final transcript. Unless otherwise agreed, depositions shall be treated as Highly Confidential – Outside Counsel Eyes Only during the 14-day period following receipt of the transcript. A deponent may review the transcript of his or her deposition at any time. The deposition of any witness (or any portion of such deposition) that involves the disclosure of Highly Confidential – Outside Counsel Eyes Only or Confidential information shall be taken only in the presence of persons who are qualified to have access to such Highly Confidential – Outside Counsel Eyes Only or Confidential information pursuant to this Order. Persons other than the witness, the court reporter, the persons qualified to have access to such Highly Confidential – Outside Counsel Eyes Only or Confidential information pursuant to this Order, and counsel for the witness (if a third-party witness) must not be present during any portion of a deposition that involves the disclosure of information designated as Highly Confidential – Outside Counsel Eyes Only or Confidential. The failure of individuals other than those specified in the previous sentence to leave the deposition room during any portion of the deposition which inquires into matters deemed Highly Confidential – Outside Counsel Eyes Only or Confidential by the designating party shall constitute justification for counsel to instruct the witness that he or she shall not answer the question[s] posed.

9

17. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored, received, or previously had access to or knowledge of Highly Confidential – Outside Counsel Eyes Only or Confidential information.

### Inadvertent Production/Use of Highly Confidential –Outside Counsel Eyes Only or Confidential Information and Changes in Designation

18. Inadvertent production of any Disclosure without a designation as Highly Confidential – Outside Counsel Eyes Only or Confidential will not be deemed to waive a later claim as to its confidentiality or stop the Producing Party from designating said Disclosure as Highly Confidential – Outside Counsel Eyes Only or Confidential at a later date. If a Producing Party inadvertently does not provide a Designation to a Disclosure, or inadvertently misdesignates a Disclosure, the Producing Party may inform the Receiving Party of the correct designation, and the Receiving Party shall treat the information in accordance with the correct designation. Promptly following such notice, the Producing Party shall provide properly designated documents or tangible items, if applicable. Upon receipt of such notice, the Receiving Party shall (i) take reasonable steps to notify any persons known to have possession of any material with the original designation of the effect of such a change in designation under this Order, (ii) promptly retrieve all copies and transcriptions of such originally designated material from any persons known to have possession of any such originally designated material who are not Qualified Persons under paragraphs 6 and 7 above to the extent practicable, and (iii) substitute properly designated copies for those previously received.

19. Should any material labeled as Highly Confidential – Outside Counsel Eyes Only or Confidential information in accordance with paragraph 13 be disclosed by a Receiving Party

10

to any person not authorized to have access to such information under this Order, the Receiving Party shall:

(a)  Use its best efforts to obtain the prompt return of any such Highly Confidential – Outside Counsel Eyes Only or Confidential information and to bind such person to the terms of this Order;

(b)  Within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the Producing Party; and

(c)  Request such person to sign a Written Assurance in the form of Exhibit A attached hereto. If executed, the Written Assurance shall be served upon counsel of record for the Producing Party within three (3) business days of its receipt by the Receiving Party.

This Paragraph shall not prevent the Producing Party from applying to the Court for further relief.

### Use of Highly Confidential – Outside Counsel Eyes Only or Confidential Information in Filings

20. If the Highly Confidential – Outside Counsel Eyes Only or Confidential information of a Producing Party is to be filed with this Court in connection with any proceeding in this Action, it shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means, revised February 2011 (or revisions subsequent to this Order). All such documents so filed shall be released from confidential treatment only upon further order of the Court.

11

Challenging Designation of Highly Confidential – Outside Counsel Eyes Only
or Confidential Information

21. A party may receive information designated pursuant to this Order without prejudice to

its ability to later challenge the designation.  A party may move for an order that Disclosures

have not been properly designated under the terms of this Order.  Prior to bringing such a

motion, however, the Receiving Party shall first request in writing that the Producing Party

change or remove its confidentiality designation.  If the Producing Party refuses to change its

confidentiality designation within ten (10) business days, the Receiving Party may move for an

order challenging the designation.  On such a motion, the Producing Party shall have the burden

of proving that the material is properly designated pursuant to this Order.

Inadvertent Production/Use of Privileged Information

22. Nothing in this Order shall be construed to require disclosure of information, documents

or tangible things that counsel contends is protected from disclosure by the attorney-client

privilege, the work-product doctrine or any other applicable privilege or immunity.  A Producing

Party may produce a redacted version of information, documents or tangible things that counsel

contends contains information that is protected from disclosure by the attorney-client privilege,

the work-product doctrine or any other applicable privilege or immunity, identifying where the

privileged or immune material was redacted with the designation REDACTED and appropriately

claiming privilege over the material pursuant to Fed. R. Civ. P. 26(b)(5).

23. If a Producing Party inadvertently or mistakenly produces information, documents or

tangible items in this Action that should have been withheld subject to a claim of attorney-client

privilege, the work product doctrine, or any other applicable privilege or immunity, such

inadvertent or mistaken production shall not prejudice or otherwise constitute a waiver of any

claim of such privilege or immunity, provided that such production was inadvertent or mistaken

12

and the Producing Party provides written notice to each Receiving Party of the inadvertent or mistaken production. Within three (3) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party or destroy any documents or tangible items that the Producing Party represents are covered by a claim of privilege or immunity and which were inadvertently or mistakenly produced. If the Receiving Party intends to challenge the claim of privilege or inadvertence it may, upon written notice to the Producing Party, sequester one copy of the document or tangible item at issue for submission to the Court under seal for determination of the claim as provided by Fed. R. Civ. P. 26(b)(5)(B). The Producing Party shall preserve copies of all returned documents and tangible items for further disposition. Nothing in this Order, however, shall preclude the Receiving Party from making a motion to compel production of the returned information.

24. This Order shall not preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's designated Highly Confidential – Outside Counsel Eyes Only or Confidential information pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to seek relief.

25. This Order shall not prevent any party from applying to the Court for further or additional protective orders.

26. This Order shall survive the termination of this Action, including any final judgment, appeal, or settlement to the extent the Highly Confidential – Outside Counsel Eyes Only or Confidential information is not or does not become known to the public.

13

<u>Disposition of Highly Confidential – Outside Counsel Eyes Only</u>
<u>and Confidential Disclosures upon Conclusion of this Action</u>

27. Within 60 days of the termination of this Action, including any appeals, each party shall either destroy or return to the opposing party all Highly Confidential – Outside Counsel Eyes Only or Confidential Disclosures. Each party shall provide a certification as to such return or destruction within the 60-day period. Outside Counsel may retain, however, all documents and things that contain or reflect their attorney work product, all correspondence, all pleadings, all deposition transcripts, all expert reports, all deposition, hearing and trial exhibits, and all court-filed documents even though they contain Highly Confidential – Outside Counsel Eyes Only or Confidential information, but such retained work product and documents shall remain subject to the terms of this Order. Accordingly, upon final termination of this Action, no one other than Outside Counsel shall retain any Documents designated Highly Confidential – Outside Counsel Eyes Only or Confidential obtained in the course of this Action.

28. Within 60 days following the expiration of the last period for appeal from any order or judgment issued in connection with this Action, the parties may remove any Highly Confidential – Outside Counsel Eyes Only or Confidential Documents or materials from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court may destroy all other materials at the Court's discretion.

<u>Miscellaneous Provisions</u>

29. Nothing in this Order is intended to apply or does apply to any biological materials produced in this Action including, but not limited to, any physical samples of cells, polynucleotides, or proteins. In the event that biological materials are to be produced in this Action, the parties will meet and confer regarding protective measures that the Receiving Party is

14

required to take with respect to such materials. Following this meet and confer, the parties may request that the Court enter a separate Order(s) to include provisions governing the production of each party's biological materials. This Order shall apply to all other information and material produced in this Action, including all previously produced information and material prior to the execution of this Order by the Court.

30. By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.

**CONSENTED TO BY:**

Dated: February 6, 2012

MORRIS JAMES LLP

by      /s/  Richard K. Herrmann
            Richard K. Herrmann (#405)

500 Delaware Avenue, Suite 1500
Wilmington, De 19801
(302) 888-6800

CRAVATH, SWAINE & MOORE LLP

by      /s/  David Greenwald
            Evan R. Chesler
            David Greenwald

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Plaintiff*
*Novartis Vaccines and Diagnostics, Inc.*

[[NYLIT:2594846v2:4252W:02/06/12--10:20 a]]

CONNOLLY BOVE LODGE & HUTZ LLP

by _____ /s/ Mary W. Bourke
            Mary W. Bourke (#2356)

1007 N. Orange Street
Wilmington, DE 19899
(302) 658-9141


FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER LLP

by _____ /s/ Linda A. Wadler_____
            Charles E. Lipsey
            Linda A. Wadler

901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000
and
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
571-203-2755


CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO,
     P.C.

by _____ /s/ Elliot M. Olstein
            Elliot M. Olstein

5 Becker Farm Road
Roseland, NJ 07068
973-994-1700


*Attorneys for Defendant MedImmune, LLC*

16

SEITZ ROSS ARONSTAM & MORITZ LLP

by        /s/    Collins J. Seitz Jr.
                 Collins J Seitz Jr. (#2237)

100 South West Street
Wilmington DE 19801
(302) 576-1601

FOLEY HOAG LLP

by        /s/    Jeremy A. Younkin
                 Donald R. Ware
                 Jeremy A. Younkin

155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

*Attorneys for Defendant Biogen Idec Inc.*

17

FARNAN LLP

by          /s/   Brian E. Farnan
                  Brian E. Farnan (#4089)

919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300

PAUL, HASTINGS, JANOFSKY & WALKER LLP

by          /s/   Christine Willgoos
                  Gerald J. Flattmann, Jr.
                  Christine Willgoos

Park Avenue Tower
75 E. 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Defendant Alexion Pharmaceuticals, Inc.*

18

## **ORDER**

Based on the foregoing stipulation, and good cause appearing therefore, **IT IS SO**

**ORDERED** this _____ of February, 2012.

Hon. Mary Pat Thynge

[[NYLIT:2594846v2:4252W:02/06/12--10:20 a]]

## EXHIBIT A

### WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____ and the state of

_____;

I am currently employed by _____ located at _____

and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____,

filed in Civil Action No. 11-cv-84-SLR, pending in the United States District Court for the

District of Delaware. I agree to comply with and be bound by the provisions of the Protective

Order. I understand that any violation of the Protective Order may subject me to sanctions by the

Court and that any or all of the parties or third parties that designate information pursuant to the

Protective Order may assert other remedies against me.

I shall not divulge any Highly Confidential – Outside Counsel Eyes Only or Confidential

information or documents pursuant to the Protective Order, including copies of the documents or

any information contained in the Highly Confidential – Outside Counsel Eyes Only or

Confidential documents, to any person other than those authorized to receive the information or

documents under the Protective Order. I shall not copy or use such documents except for the

purposes of this Action and pursuant to the terms of the Protective Order. I will take reasonable

steps to restrict access to any Highly Confidential – Outside Counsel Eyes Only or Confidential

information to only those persons authorized by the Protective Order to have such access.

As soon as practical, but no later than 30 days after final termination of this Action, I

shall return to the attorney from whom I have received them, any Highly Confidential – Outside

Counsel Eyes Only or Confidential documents in my possession or any documents that contain

1

Highly Confidential – Outside Counsel Eyes Only or Confidential information in my possession, including all copies, excerpts, summaries, notes, or digests relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on:

_____                    _____

(Signature)

## Other Documents

1:11-cv-00084-SLR -MPT Novartis Vaccines and Diagnostics Inc. v. MedImmune LLC et al
CASREF, DISCOVERY-MPT, MEDIATION-MPT, PATENT

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Herrmann, Richard on 2/6/2012 at 4:55 PM EST and filed on 2/6/2012

| | |
|---|---|
| **Case Name:** | Novartis Vaccines and Diagnostics Inc. v. MedImmune LLC et al |
| **Case Number:** | 1:11-cv-00084-SLR -MPT |
| **Filer:** | Biogen Idec Inc. |
| | Alexion Pharmaceuticals Inc. |
| | Novartis Vaccines and Diagnostics Inc. |
| | MedImmune LLC |

**Document Number:** 104

**Docket Text:**
**Joint PROPOSED ORDER (Stipulated Protective Order) by Alexion Pharmaceuticals Inc., Biogen Idec Inc., MedImmune LLC, Novartis Vaccines and Diagnostics Inc.. (Herrmann, Richard)**

### 1:11-cv-00084-SLR -MPT Notice has been electronically mailed to:

Alyssa D. Klapper    alyssaklapper@paulhastings.com

Anthony Michael    anthonymichael@paulhastings.com, patrickfenn@paulhastings.com

Brian E. Farnan    bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Charles E. Lipsey    charles.lipsey@finnegan.com, cheryl.powell@finnegan.com

Christine Willgoos    christinewillgoos@paulhastings.com, petercsepes@paulhastings.com

Collins J. Seitz , Jr    cseitz@seitzross.com, dsantoro@seitzross.com, hgibbons@seitzross.com, rstronach@seitzross.com

Daniel Marcus Attaway    dattaway@cblh.com, dkt@cblh.com, stripler@cblh.com

Donald A. Ware    dware@foleyhoag.com

Elliot M. Olstein    EOlstein@CarellaByrne.com

Gerald J. Flattmann , Jr    geraldflattmann@paulhastings.com

Jeremy A. Younkin    jyounkin@foleyhoag.com, ateague@foleyhoag.com

Kakoli Caprihan    kakoli.caprihan@finnegan.com

Kenneth Laurence Dorsney    kdorsney@morrisjames.com, khunt@morrisjames.com, shadley@morrisjames.com, tsmiley@morrisjames.com

Linda A. Wadler    linda.wadler@finnegan.com, john.kozikowski@finnegan.com

Marco J. Quina    mquina@foleyhoag.com

Marcus Kretzschmar    marcus.kretzschmar@finnegan.com

Mary Matterer    mmatterer@morrisjames.com, khunt@morrisjames.com, pvonstetten@morrisjames.com, shadley@morrisjames.com, thall@morrisjames.com

Mary W. Bourke    mbourke@cblh.com, dkt@cblh.com, dthomas@cblh.com

Petra Scamborova    petrascamborova@paulhastings.com

Richard K. Herrmann    rherrmann@morrisjames.com, khunt@morrisjames.com, shadley@morrisjames.com, tsmiley@morrisjames.com

Sarah S. Burg    sburg@foleyhoag.com

**1:11-cv-00084-SLR -MPT Filer will deliver document by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/6/2012] [FileNumber=1405170-0]
[4c6d53d6dc87f0d5d36cccbde703211f0856681b5a47e31749e39eaf84602cc25973
3db4b1ba9101306cc8b06adbc063a6a7d02605c632372700be0f1e5621d7]]