**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| |
|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., AND NOVARTIS PHARMA AG<br><br>     *Plaintiffs*,<br><br>      *v.*<br><br>MEDIMMUNE, LLC,<br>BIOGEN IDEC, INC., AND<br>ALEXION PHARMACEUTICALS, INC.,<br><br>     *Defendants*. |

Civil Action No. 11-CV-84 (SLR)

JURY TRIAL DEMANDED

**First Supplemental Complaint to First Amended Complaint for Patent Infringement**

Plaintiffs Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG ("Pharma")_(collectively "Plaintiffs"), by and through their undersigned counsel, for their Complaint herein against MedImmune, LLC, Biogen Idec, Inc., and Alexion Pharmaceuticals, Inc., upon knowledge as to matters relating to themselves and upon information and belief as to all other matters, alleges as follows:

**Nature of the Action**

1.  This is an action for patent infringement.

**Parties**

2.  Plaintiff V&D is a corporation organized and existing under the laws of Delaware, having places of business in Emeryville, California and Cambridge, Massachusetts.  V&D is engaged in the research, development, manufacture and sale of pharmaceutical products, including vaccines and diagnostic products.

3.     Plaintiff Novartis Pharma AG ("Pharma") is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland.  Pharma is engaged in development, manufacture, and sale of pharmaceutical products.

4.     Defendant MedImmune, LLC ("MedImmune") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One MedImmune Way, Gaithersburg, MD 20878.   MedImmune is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

5.     Defendant Biogen Idec, Inc. ("Biogen") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 133 Boston Post Road, Weston, MA 02493.  Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

6.     Defendant Alexion Pharmaceuticals, Inc. ("Alexion") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410.  Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

### Jurisdiction And Venue

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

8.     The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and

1400(b).

## Count I

### (MedImmune's Infringement of U.S. Patent No. 5,688,688)

10.     Plaintiffs incorporate by reference and realleges paragraphs 1-9 above as though fully

stated herein.

11.     On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled

"Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued

to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M.

Thayer and Nancy Haigwood.  A true and correct copy of the '688 Patent is attached hereto

as Exhibit 1.

12.     Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron"), a

biotechnology firm that was formerly based in Emeryville, California.

13.     On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly

owned subsidiary of Novartis AG.  After the acquisition, Chiron's vaccines and blood-testing

units were combined to form what is now known as V&D.

14.     As successor to Chiron, V&D holds all right, title and interest in the '688 Patent.

15.     V&D and Pharma entered into an exclusive license agreement effective July 1, 2012,

whereby Pharma became an exclusive licensee of the '688 Patent.

16.     The '688 Patent discloses and claims, among other things, gene expression constructs for

the expression of polypeptides in mammalian cells.

17.     Non-party Lonza Group AG, through one or more of its affiliates, manufactures and sells

a commercial gene expression system—the Lonza GS Expression System™—that uses the

same technology claimed in the '688 Patent.  A typical expression vector used in the Lonza

GS Expression System™ includes each of the four primary elements of the claimed

inventions:   (a) an upstream SV40 origin of replication; (b) a downstream SV40

polyadenylation region; (c) a transcriptional regulatory region from the human

cytomegalovirus ("hCMV") immediate early region IE1, inclusive of the promoter, enhancer

and Intron A; and (d) a polypeptide coding sequence encoding a heterologous polypeptide.

Accordingly, use of the expression vectors associated with the Lonza GS Expression

System™, or use of an expression system into which such vectors are incorporated, infringes

one or more claims of the '688 Patent.

18.     Defendant MedImmune has been and currently is directly infringing, contributorily

infringing, and/or inducing infringement of the '688 Patent by, among other things, making

or causing to be made Synagis® without authority or license from Plaintiffs.  Synagis is

manufactured in the United States using the Lonza GS Expression System™.

19.     Defendant MedImmune is liable for infringement of the '688 Patent pursuant to 35

U.S.C. § 271.

20.     Defendant MedImmune's acts of infringement have caused damage to Plaintiffs, and

Plaintiffs are entitled to recover from MedImmune the damages sustained by Plaintiffs as a

result of MedImmune's wrongful acts in an amount subject to proof at trial.

21.     Defendant MedImmune's infringement of the '688 Patent has been and continues to be

deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. §

284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant

to 35 U.S.C. § 285.

## Count II

### (Biogen's Infringement of U.S. Patent No. 5,688,688)

22.     Plaintiffs incorporate by reference and realleges paragraphs 1-21 above as though fully stated herein.

23.     Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Tysabri® without authority or license from Plaintiffs.  Tysabri is manufactured in the United States using the Lonza GS Expression System™.

24.     Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

25.     Defendant Biogen's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Biogen the damages sustained by Plaintiffs as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

26.     Defendant Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## Count III

### (Alexion's Infringement of U.S. Patent No. 5,688,688)

27.     Plaintiffs incorporate by reference and realleges paragraphs 1-26 above as though fully stated herein.

28.     Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to

5

be made Soliris® without authority or license from Plaintiffs.  Soliris is manufactured in the

United States using the Lonza GS Expression System™.

29.     Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C.

§ 271.

30.     Defendant Alexion's acts of infringement have caused damage to Plaintiffs, and Plaintiffs

are entitled to recover from Alexion the damages sustained by Novartis V&D as a result of

the Alexion's wrongful acts in an amount subject to proof at trial.

31.     Defendant Alexion's infringement of the '688 Patent has been and continues to be

deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. §

284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant

to 35 U.S.C. § 285.

## Prayer for Relief

WHEREFORE, Plaintiffs demand judgment:

A.     declaring that MedImmune has infringed and continues to infringe the

'688 Patent and finding such infringement willful;

B.     declaring that Biogen has infringed and continues to infringe the '688

Patent and finding such infringement willful;

C.     declaring that Alexion has infringed and continues to infringe the '688

Patent and finding such infringement willful;

D.     awarding Plaintiffs compensatory damages for Defendants' infringement,

together with interest and costs pursuant to 35 U.S.C. § 284;

E.     trebling any and all damages awarded to Plaintiffs, for willful acts of

infringement complained of herein;

          F.        awarding Plaintiffs reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

and

          G.        granting Plaintiffs such other and further relief as this Court deems just

and proper.

## **Jury Demand**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Novartis V&D demands a trial by jury.

Dated: July 13, 2012

    */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Plaintiff,*
NOVARTIS PHARMA AG

    */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA  94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

*Attorneys for Plaintiff,*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.