# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS VACCINES <s>&</s> AND DIAGNOSTICS, INC., AND NOVARTIS PHARMA AG<br><br>                              *Plaintiffs*,<br><br>                    *v.*<br><br>MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC.,<br><br>                              *Defendants*. | Civil Action No. 11-CV-84 (SLR)<br><br>JURY TRIAL DEMANDED |

**First Supplemental Complaint to First Amended Complaint for Patent Infringement**

Plaintiffs Novartis Vaccines <s>&</s> and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG ("Pharma") (collectively "Plaintiffs"), by and through <s>its</s> their undersigned counsel, for <s>its</s> their Complaint herein against MedImmune, LLC, Biogen Idec, Inc., and Alexion Pharmaceuticals, Inc., upon knowledge as to matters relating to <s>itself</s> themselves and upon information and belief as to all other matters, alleges as follows:

**Nature of the Action**

1. This is an action for patent infringement.

**Parties**

2. Plaintiff <s>Novartis</s> V&D is a corporation organized and existing under the laws of Delaware, having places of business in Emeryville, California and Cambridge, Massachusetts. <s>Novartis</s> V&D is engaged in the research, development,

manufacture and sale of pharmaceutical products, including vaccines and diagnostic products.

2.3. Plaintiff Novartis Pharma AG ("Pharma") is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland. Pharma is engaged in development, manufacture, and sale of pharmaceutical products.

*Formatted: Style List Number + Line spacing: Double*

3.4. Defendant MedImmune, LLC ("MedImmune") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One MedImmune Way, Gaithersburg, MD 20878. MedImmune is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

4.5. Defendant Biogen Idec, Inc. ("Biogen") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 133 Boston Post Road, Weston, MA 02493. Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

5.6. Defendant Alexion Pharmaceuticals, Inc. ("Alexion") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410. Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

2

**Jurisdiction And Venue**

6.7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

7.8.  The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

8.9.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Count I**

**(MedImmune's Infringement of U.S. Patent No. 5,688,688)**

9.10.  Novartis V&DPlaintiffs incorporates by reference and realleges paragraphs 1-3, and 6-81-9 above as though fully stated herein.

10.11. On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer and Nancy Haigwood.  A true and correct copy of the '688 Patent is attached hereto as Exhibit 1.

11.12. Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron"), a biotechnology firm that was formerly based in Emeryville, California.

3

12.13. On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly owned subsidiary of Novartis AG. After the acquisition, Chiron's vaccines and blood-testing units were combined to form what is now known as ~~Novartis~~ V&D.

14.    As successor to Chiron, ~~Novartis~~ V&D holds all right, title and interest in the '688 Patent.

13.15. V&D and Pharma entered into an exclusive license agreement effective July 1, 2012, whereby Pharma became an exclusive licensee of the '688 Patent.

> Formatted: Style List Number + Line spacing: Double

14.16. The '688 Patent discloses and claims, among other things, gene expression constructs for the expression of polypeptides in mammalian cells.

15.17. Non-party Lonza Group AG, through one or more of its affiliates, manufactures and sells a commercial gene expression system—the Lonza GS Expression System™—that uses the same technology claimed in the '688 Patent. A typical expression vector used in the Lonza GS Expression System™ includes each of the four primary elements of the claimed inventions: (a) an upstream SV40 origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from the human cytomegalovirus ("hCMV") immediate early region IE1, inclusive of the promoter, enhancer and Intron A; and (d) a polypeptide coding sequence encoding a heterologous polypeptide. Accordingly, use of the expression vectors associated with the Lonza GS Expression System™, or use of an expression system into which such vectors are incorporated, infringes one or more claims of the '688 Patent.

4

16.18. Defendant MedImmune has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Synagis® without authority or license from ~~Novartis V&D~~Plaintiffs. Synagis is manufactured in the United States using the Lonza GS Expression System™.

17.19. Defendant MedImmune is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

18.20. Defendant MedImmune's acts of infringement have caused damage to ~~Novartis V&D~~Plaintiffs, and Plaintiffs are ~~Novartis V&D is~~ entitled to recover from ~~the~~ MedImmune the damages sustained by Plaintiffs ~~Novartis V&D~~ as a result of ~~the~~ MedImmune's wrongful acts in an amount subject to proof at trial.

19.21. Defendant MedImmune's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

### Count II

**(Biogen's Infringement of U.S. Patent No. 5,688,688)**

20.22. Plaintiffs~~Novartis~~ incorporates by reference and realleges paragraphs ~~1-2, 4, 6-8, and 10-15~~1-21 above as though fully stated herein.

21.23. Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Tysabri® without authority or license from

5

PlaintiffsNovartis V&D.  Tysabri is manufactured in the United States using the Lonza GS Expression System™.

22.24.  Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

23.25.  Defendant Biogen's acts of infringement have caused damage to PlaintiffsNovartis V&D, and Plaintiffs areNovartis V&D is entitled to recover from Biogen the damages sustained by Plaintiffs Novartis V&D as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

24.26.  Defendant Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**Count III**

**(Alexion's Infringement of U.S. Patent No. 5,688,688)**

25.27.  Plaintiffs Novartis V&D incorporates by reference and realleges paragraphs 1-2, 5-8, and 10-151-26 above as though fully stated herein.

26.28.  Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Soliris® without authority or license from PlaintiffsNovartis V&D.  Soliris is manufactured in the United States using the Lonza GS Expression System™.

6

27.29. Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

28.30. Defendant Alexion's acts of infringement have caused damage to PlaintiffsNovartis V&D, and Novartis V&D isPlaintiffs are entitled to recover from Alexion the damages sustained by Novartis V&D as a result of the Alexion's wrongful acts in an amount subject to proof at trial.

29.31. Defendant Alexion's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

### Prayer for Relief

WHEREFORE, Plaintiffs Novartis V&D demands judgment:

A. declaring that MedImmune has infringed and continues to infringe the '688 Patent and finding such infringement willful;

B. declaring that Biogen has infringed and continues to infringe the '688 Patent and finding such infringement willful;

C. declaring that Alexion has infringed and continues to infringe the '688 Patent and finding such infringement willful;

D. awarding Plaintiffs Novartis V&D compensatory damages for Defendants' infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

E. trebling any and all damages awarded to PlaintiffsNovartis V&D, pursuant to 35 U.S.C. § 284, for willful acts of infringement complained of herein;

7

   F. awarding <ins>Plaintiffs</ins><del>Novartis V&D</del> reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

   G. granting <ins>Plaintiffs</ins><del>Novartis V&D</del> such other and further relief as this Court deems just and proper.

8

**Jury Demand**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Novartis V&D demands a trial by jury.

Dated: ~~July 22, 2011~~July 13, 2012

| | |
|---|---|
| */s/ Richard K. Herrmann* | */s/ Richard K. Herrmann* |
| Richard K. Herrmann (#405) | Richard K. Herrmann (#405) |
| Mary B. Matterer (#2696) | Mary B. Matterer (#2696) |
| Kenneth L. Dorsney (#3726) | Kenneth L. Dorsney (#3726) |
| MORRIS JAMES LLP | MORRIS JAMES LLP |
| 500 Delaware Avenue, Suite 1500 | 500 Delaware Avenue, Suite 1500 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 888-6800 | (302) 888-6800 |
| rherrmann@morrisjames.com | rherrmann@morrisjames.com |
| | |
| *Attorneys for Plaintiff,* | George A. Riley (pro hac vice) |
| NOVARTIS PHARMA AG | O'Melveny & Myers LLP |
| | Two Embarcadero Center |
| | San Francisco, CA 94111 |
| | (415) 984-8700 |
| | griley@OMM.com |
| | |
| | John C. Kappos (pro hac vice) |
| | Bo K. Moon (pro hac vice) |
| | O'Melveny & Myers LLP |
| | 610 Newport Center Drive |
| | 17th Floor |
| | Newport Beach, CA 92660 |
| | (949) 823-6954 |
| | jkappos@OMM.com |
| | bmoon@OMM.com |
| | |
| | *Attorneys for Plaintiff,* |
| | NOVARTIS VACCINES AND DIAGNOSTICS, INC. |