## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC., AND NOVARTIS PHARMA AG, <br><br> Plaintiffs, <br><br> v. <br><br> MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 11-84-SLR <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT BIOGEN IDEC INC.'S ANSWER TO PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Biogen Idec Inc. ("Biogen Idec") answers the First Supplemental Complaint to First Amended Complaint for Patent Infringement ("Complaint") of Plaintiffs Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG ("Pharma") (collectively, "Novartis" or "Plaintiffs") as follows:

**I.      FIRST DEFENSE: RESPONSE TO SPECIFIC ALLEGATIONS**

**Nature of the Action**

1. Biogen Idec admits that the Complaint purports to initiate an action for patent infringement. Except as expressly admitted, Biogen Idec denies the remaining allegations of paragraph 1 of the Complaint.

**The Parties**

2. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and therefore denies them.

3. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore denies them.

4. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and therefore denies them.

5. Biogen Idec admits that it is a corporation organized under the laws of the State of Delaware. Biogen Idec admits that its principal place of business is 133 Boston Post Road, Weston, MA 02493. Biogen Idec admits that it is engaged in the research, development, manufacture and sale of pharmaceutical products. Except as expressly admitted, Biogen Idec denies the remaining allegations of paragraph 5.

6. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and therefore denies them.

**Jurisdiction and Venue**

7. Biogen Idec admits that the Complaint purports to state a cause of action over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Biogen Idec admits that it is a corporation organized under the laws of the State of Delaware. Biogen Idec does not contest that this Court has personal jurisdiction over Biogen Idec in this case. To the extent the allegations in paragraph 8 of the Complaint are directed to defendants other than Biogen Idec, Biogen Idec is without knowledge or information sufficient to form a basis to answer the remaining allegations and therefore denies them. Except as expressly admitted, Biogen Idec denies the remaining allegations of paragraph 8.

9. Biogen Idec does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400. To the extent the allegations in paragraph 9 of the Complaint are

directed to defendants other than Biogen Idec, Biogen Idec is without knowledge or information sufficient to form a basis to answer the remaining allegations and therefore denies them.

## Count I

### (MedImmune's Infringement of U.S. Patent No. 5,688,688)

10. Biogen Idec repeats and incorporates its responses to paragraphs 1 through 9 above as if fully set forth herein.

11. Biogen Idec admits that U.S. Patent No. 5,688,688 (the "'688 Patent") is entitled "Vector for Expression of a Polypeptide in a Mammalian Cell." Biogen Idec admits that the '688 Patent originally issued on November 18, 1997. Biogen Idec admits that Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer and Nancy Halgwood are named as inventors on the '688 Patent. Biogen Idec admits that a copy of the '688 Patent is attached to the Complaint as Exhibit 1. Biogen Idec denies that the '688 Patent was duly and legally issued. Except as expressly admitted, Biogen Idec denies the remaining allegations of paragraph 11 of the Complaint.

12. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint and therefore denies them.

13. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint and therefore denies them.

14. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint and therefore denies them.

15. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies them.

16. Denied.

17. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore denies them.

18. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and therefore denies them.

19. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and therefore denies them.

20. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint and therefore denies them.

21. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and therefore denies them.

**Count II**

**(Biogen's Infringement of U.S. Patent No. 5,688,688)**

22. Biogen Idec repeats and incorporates its responses to paragraphs 1 through 21 above as if fully set forth herein.

23. Biogen Idec admits that Tysabri® is manufactured in the United States. Biogen Idec denies all remaining allegations in paragraph 23 of the Complaint and specifically denies that it has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent.

24. Denied.

25. Denied.

26. Denied.

## Count III

### (Alexion's Infringement of U.S. Patent No. 5,688,688)

27. Biogen Idec repeats and incorporates its responses to paragraphs 1 through 26 above as if fully set forth herein.

28. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and therefore denies them.

29. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint and therefore denies them.

30. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint and therefore denies them.

31. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and therefore denies them.

Biogen Idec further denies that Plaintiffs are entitled to the judgment sought and set forth in paragraphs A-G on pages 6-7 of the Complaint.

## II.     ADDITIONAL DEFENSES

### SECOND DEFENSE – NON-INFRINGEMENT

32. Biogen Idec has not infringed, and currently does not infringe, any valid claim of the '688 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

### THIRD DEFENSE – INVALIDITY

33. The claims of the '688 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 102, 103, 112, 116, 120, 121 and/or 305.

### FOURTH DEFENSE – LACHES

34. The '688 Patent is unenforceable, in whole or in part, against Biogen Idec under the doctrine of laches. On information and belief, Plaintiffs and V&D's alleged predecessor, Chiron Corporation ("Chiron"), knew or reasonably should have known of Biogen Idec's commercial manufacture of Tysabri® since 2004. However, Novartis waited until 2011 to file this lawsuit. This delay was unreasonable and has prejudiced Biogen Idec.

### FIFTH DEFENSE – PROSECUTION LACHES

35. The '688 Patent is unenforceable, in whole or in part, against Biogen Idec under the doctrine of prosecution laches. Plaintiffs and/or Chiron unreasonably delayed in prosecuting the claims that issued in the '688 Patent. This delay has prejudiced Biogen Idec.

### SIXTH DEFENSE – INTERVENING RIGHTS

36. Biogen Idec is entitled to intervening rights under 35 U.S.C. §§ 252 and 307(b) with respect to any allegation of infringement of any claim of the '688 Patent that issued following reexamination.

### SEVENTH DEFENSE – NO EQUITABLE RELIEF

37. Plaintiffs are not entitled to equitable relief.

### EIGHTH DEFENSE – LIMITATION ON DAMAGES

38. Plaintiffs' claims for damages are limited by the provisions of 35 U.S.C. § 286.

### III. COUNTERCLAIMS

Defendant and Counterclaimant Biogen Idec Inc. ("Biogen Idec") for its Counterclaims against Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG ("Pharma") (collectively, "Counterclaim-Defendants" or "Novartis"), alleges as follows:

1. Biogen Idec, by and through its undersigned counsel, seeks declarations that United States Patent No. 5,688,688 (the "'688 Patent") is invalid and has not been infringed by Biogen Idec.

## NATURE OF THE ACTION

2. This is an action for a declaratory judgment of patent non-infringement and invalidity arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

3. Counterclaimant Biogen Idec is a Delaware corporation with a principal place of business at 133 Boston Post Road, Weston, MA 02493.

4. Counterclaim-Defendant V&D is a Delaware corporation. V&D's principal place of business is 350 Massachusetts Avenue, Cambridge, MA 02139.

5. On information and belief, Counterclaim-Defendant Pharma is a Swiss corporation. On information and belief, Pharma's place of business is Postfach, CH-4002 Basel, Switzerland. Novartis has alleged that Pharma is an exclusive licensee of the '688 Patent.

## JURISDICTIONAL STATEMENT

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

8. This Court has personal jurisdiction over V&D because it is a Delaware corporation, by virtue of its sufficient minimum contacts with this forum as a result of business it conducts in the State of Delaware, and by virtue of its having sought relief in this forum in connection with this dispute.

9. This Court has personal jurisdiction over Pharma by virtue of its having sought relief in this forum in connection with this dispute.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).

11. An immediate, real, and justiciable controversy exists between Biogen Idec and Novartis as to whether the '688 Patent is invalid and has not been infringed by Biogen Idec.

## FIRST COUNT

### (Declaration of Non-infringement of the '688 Patent)

12. Biogen Idec restates and incorporates by reference each of the allegations of paragraphs 1 through 11 of this Counterclaim.

13. Counterclaim-Defendants claim to be the owners of all right, title and interest in the '688 Patent.

14. Counterclaim-Defendants have accused Biogen Idec of infringement of the '688 Patent and have created a substantial, immediate and real controversy between the parties as to the non-infringement of the '688 Patent.

15. Biogen Idec has not infringed, and currently does not infringe, any valid claim of the '688 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner by making or causing to be made Tysabri®, and Novartis is entitled to no relief for any claim of alleged infringement.

## SECOND COUNT

### (Declaration of Invalidity of the '688 Patent)

16. Biogen Idec restates and incorporates by reference each of the allegations of paragraphs 1 through 13 of this Counterclaim.

17. Counterclaim-Defendants contend that the '688 Patent is valid and has created a substantial, immediate and real controversy between the parties as to the invalidity of the '688 Patent.

18. Each claim of the '688 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, Sections 102, 103, 112, 116, 120, 121 and 305 and Novartis is entitled to no relief.

## PRAYER FOR RELIEF

WHEREFORE, Biogen Idec respectfully requests entry of judgment as follows:

    A.    That the Court dismiss with prejudice any and all claims of Novartis's Complaint, order that Novartis take nothing as a result of the Complaint, and deny all of Novartis's prayers for relief;

    B.    That the Court enter judgment that Biogen Idec has not infringed, contributed to the infringement of, or induced infringement of the '688 Patent;

    C.    That the Court enter judgment declaring that the '688 Patent is invalid;

    D.    That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Biogen Idec be awarded its reasonable attorneys' fees and costs; and

    E.    That the Court grant to Biogen Idec such other and further relief as may be deemed just and appropriate.

## JURY DEMAND

Biogen Idec demands a jury trial on all issues so triable.

|  |  |
|---|---|
| *Of Counsel*: | */s/ Benjamin J. Schladweiler* |
|  | Collins J. Seitz, Jr. (Bar No. 2237) |
|  | Benjamin J. Schladweiler (Bar No. 4601) |
|  | SEITZ ROSS ARONSTAM & MORITZ LLP |
| Donald R. Ware | 100 S. West Street, Suite 400 |
| Claire Laporte | Wilmington, DE  19801 |
| Jeremy A. Younkin | (302) 576-1600 |
| FOLEY HOAG LLP | cseitz@seitzross.com |
| 155 Seaport Boulevard | bschladweiler@seitzross.com |
| Boston, MA  02210 |  |
| (617) 832-1000 | *Attorneys for Defendant Biogen Idec Inc.* |
| dware@foleyhoag.com |  |
| claporte@foleyhoag.com |  |
| jyounkin@foleyhoag.com |  |

Dated:  August 1, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2012, I caused *Defendant Biogen Idec Inc.'s Answer to Plaintiffs' First Supplemental Complaint to First Amended Complaint for Patent Infringement* to be served via electronic mail to the following individuals.

| | |
|---|---|
| John C. Kappos | Richard K. Herrmann |
| Bo K. Moon | Mary B. Matterer |
| Diane K. Pang | Kenneth L. Dorsney |
| Michael L. Myers | MORRIS JAMES LLP |
| O'MELVENY & MYERS LLP | 500 Delaware Avenue, Suite 1500 |
| 610 Newport Center Drive, 17th Floor | Wilmington, DE  19801 |
| Newport Beach, CA  92660 | rherrmann@morrisjames.com |
| jkappos@omm.com | mmatterer@morrisjames.com |
| bmoon@omm.com | kdorsney@morrisjames.com |
| dpang@omm.com | |
| mmyers@omm.com | |

George A. Riley
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
griley@omm.com

                                            */s/ Benjamin J. Schladweiler*
                                            Benjamin J. Schladweiler (Bar No. 4601)