## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVARTIS VACCINES & <br> DIAGNOSTICS, INC. AND <br> NOVARTIS PHARMA AG, <br><br> Plaintiff, <br><br> vs. <br><br> MEDIMMUNE, LLC, BIOGEN IDEC, <br> INC., AND ALEXION <br> PHARMACEUTICALS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No.  11-CV-84-SLR <br><br> JURY TRIAL DEMANDED |

### DEFENDANT ALEXION PHARMACEUTICALS, INC.'S
### ANSWER AND COUNTERCLAIMS TO NOVARTIS VACCINES & DIAGNOSTICS,
### INC.'S AND NOVARTIS PHARMA AG'S FIRST SUPPLEMENTAL COMPLAINT TO
### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Alexion Pharmaceuticals, Inc. ("Alexion"), for its Answer to the First Supplemental Complaint to the First Amended Complaint ("Supplemental Complaint") of Plaintiffs Novartis Vaccines & Diagnostics, Inc. and Novartis Pharma AG (collectively, "Novartis"), hereby states as follows:

1.     Alexion admits that this action purportedly arises under the Patent Laws of the United States, but denies that it has infringed any valid and enforceable claim of U.S. Patent No. 5,688,688 as reexamined ("the '688 patent"), as alleged elsewhere in the Supplemental Complaint.  Alexion is without knowledge or information sufficient to form a belief regarding the truth of the allegations of infringement by the other Defendants.

2.     Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 2 of Novartis's Supplemental Complaint.

3.     Alexion is without knowledge or information sufficient to form a belief as to the

averments of Paragraph 3 of Novartis's Supplemental Complaint.

4.     Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 4 of Novartis's Supplemental Complaint.

5.     Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 5 of Novartis's Supplemental Complaint.

6.     Alexion admits the averments of Paragraph 6 of Novartis's Supplemental Complaint.

7.     Alexion neither admits nor denies the averments of Paragraph 7 of Novartis's Supplemental Complaint because they are legal conclusions to which no response by Alexion is required.  To the extent that any response by Alexion is required, Alexion does not contest subject matter jurisdiction in this action.

8.     Alexion neither admits nor denies the averments of Paragraph 8 of Novartis's Supplemental Complaint because they are legal conclusions to which no response by Alexion is required.  To the extent that any response by Alexion is required, Alexion does not contest personal jurisdiction in this action.  Alexion is without knowledge or information sufficient to form a belief regarding whether this Court has personal jurisdiction over Defendants MedImmune, LLC ("MedImmune") or Biogen Idec, Inc. ("Biogen").

9.     Alexion neither admits nor denies the averments of Paragraph 9 of Novartis's Supplemental Complaint because they are legal conclusions to which no response by Alexion is required.  To the extent that any response by Alexion is required, Alexion does not contest venue in this action.

10.    Alexion repeats and incorporates by reference its answers to Paragraphs 1 through 9 above as if fully set forth herein.

11.     Alexion admits that the '688 patent is entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," names on its face Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer, and Nancy Haigwood as inventors, and purports to have been issued on November 18, 1997. Alexion denies that the '688 patent was duly and legally issued. Alexion denies that the '688 patent was attached to the Supplemental Complaint. Except as expressly admitted herein, Alexion denies all averments of Paragraph 11 of Novartis's Supplemental Complaint.

12.     Alexion admits that the '688 patent names on its face Chiron Corporation as the assignee of the '688 patent. Alexion is without sufficient information to form a belief as to the remaining averments of Paragraph 12 of Novartis's Supplemental Complaint.

13.     Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 13 of Novartis's Supplemental Complaint.

14.     Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 14 of Novartis's Supplemental Complaint.

15.     Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 15 of Novartis's Supplemental Complaint.

16.     Alexion neither admits nor denies the averments of Paragraph 16 of Novartis's Supplemental Complaint because they are legal conclusions to which no response by Alexion is required. Alexion denies the claims of the '688 patent were duly and legally issued.

17.     Alexion denies that it has infringed any valid and enforceable claim of the '688 patent. Alexion is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 17 of Novartis's Supplemental Complaint.

18.     Paragraph 18 of Novartis's Supplemental Complaint is directed to Defendant

MedImmune and therefore, no response by Alexion is required.  To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 18.

19.     Paragraph 19 of Novartis's Supplemental Complaint is directed to Defendant MedImmune, and therefore, no response by Alexion is required.  To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 19.

20.     Paragraph 20 of Novartis's Supplemental Complaint is directed to Defendant MedImmune, and therefore, no response by Alexion is required.  To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 20.

21.     Paragraph 21 of Novartis's Supplemental Complaint is directed to Defendant MedImmune, and therefore, no response by Alexion is required.  To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 21.

22.     Alexion repeats and incorporates by reference its answers to Paragraphs 1-17 above as if fully set forth herein.

23.     Paragraph 23 of Novartis's Supplemental Complaint is directed to Defendant Biogen, and therefore, no response by Alexion is required.  To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 23.

24.     Paragraph 24 of Novartis's Supplemental Complaint is directed to Defendant Biogen, and therefore, no response by Alexion is required.  To the extent that a response is

required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 24.

25.     Paragraph 25 of Novartis's Supplemental Complaint is directed to Defendant Biogen, and therefore, no response by Alexion is required.  To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 25.

26.     Paragraph 26 of Novartis's Supplemental Complaint is directed to Defendant Biogen, and therefore, no response by Alexion is required.  To the extent that a response is required, Alexion is without knowledge or information sufficient to form a belief as to the averments of Paragraph 26.

27.     Alexion repeats and incorporates by reference its answers to Paragraphs 1-26 above as if fully set forth herein.

28.     Alexion admits that Soliris$^{®}$ is manufactured in the United States.  Alexion denies all other averments of Paragraph 28 of Novartis's Supplemental Complaint.

29.     Alexion denies the averments of Paragraph 29 of Novartis's Supplemental Complaint.

30.     Alexion denies the averments of Paragraph 30 of Novartis's Supplemental Complaint.

31.     Alexion denies the averments of Paragraph 31 of Novartis's Supplemental Complaint.

### Response to Novartis's Prayer for Relief

32.     Alexion denies that Novartis is entitled to any relief whatsoever from Alexion or the Court, either as prayed for in its Supplemental Complaint or otherwise.

33.    Alexion further denies each and every averment contained in Novartis's Supplemental Complaint that was not specifically admitted, denied, or otherwise responded to in its Answer and Counterclaims.

## SEPARATE DEFENSES

Alexion asserts the defenses set forth below, undertaking the burden of proof on such defenses only to the extent required by law, and specifically reserves the right to amend its Answer and Counterclaims with additional defenses and/or counterclaims:

### First Defense

34.    Novartis's Supplemental Complaint fails to meet the requirements for permissive joinder under Federal Rule of Civil Procedure 20.  Novartis's claims against Alexion should therefore be dismissed, or in the alternative, severed from the claims against MedImmune and Biogen pursuant to Federal Rule of Civil Procedure 21.

### Second Defense

35.    Alexion has not infringed any claim of the '688 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

36.    To the extent that Novartis asserts infringement of any claim of the '688 patent based on any act of making, using, offering to sell, or selling within the United States, or importing into the United States, any accused product solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products or medical devices, that activity cannot constitute infringement under 35 U.S.C. § 271(e)(1).

### Third Defense

37.    Each claim of the '688 patent is invalid for failure to comply with one or more of

the conditions of patentability and/or requirements specified in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, 116, 120, 121, and/or 305.

### Fourth Defense

38.     Novartis's Supplemental Complaint, and each purported claim for relief set forth therein, is barred by the doctrine of laches.

### Fifth Defense

39.     To the extent Novartis asserts one or more amended claims of the '688 patent that issued following its reexamination proceedings, Alexion asserts the defense of intervening rights under 35 U.S.C. §§ 252 and 307(b).

### Sixth Defense

40.     Each claim of the '688 Patent is invalid and/or unenforceable against Alexion under the doctrine of prosecution laches, because prosecution of the '688 patent began on October 31, 1984 and ended on December 22, 2009, with significant gaps of time during which Novartis did not advance the prosecution of the '688 patent.

### COUNTERCLAIMS

Defendant Alexion Pharmaceuticals, Inc. ("Alexion"), in its Counterclaims against Plaintiffs Novartis Vaccines & Diagnostics, Inc. and Novartis Pharma AG (collectively, "Novartis"), hereby alleges and avers as follows:

1.     This is a declaratory judgment counterclaim for a declaration of noninfringement and invalidity of all of the asserted claims of U.S. Patent No. 5,688,688 ("the '688 patent"). These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

2.     Counterclaim Plaintiff Alexion is a corporation incorporated under the laws of the

State of Delaware, with its principal place of business at 352 Knotter Drive, Cheshire, Connecticut 06410.

3.     On information and belief, Counterclaim Defendant Novartis Vaccines & Diagnostics, Inc. is a corporation incorporated under the laws of the State of Delaware with places of business at 4560 Horton Street, Emeryville, California 94608 and 75 Sidney Street, Cambridge, Massachusetts 02139.

4.     On information and belief, Counterclaim Defendant Novartis Pharma AG is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland.

5.     This Court has subject matter jurisdiction over these Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331 and 1338(a).  As demonstrated by, *inter alia*, the Supplemental Complaint filed by Novartis in this action and Alexion's Answer and Counterclaims to that Supplemental Complaint, an actual and justiciable controversy exists between Novartis and Alexion regarding the '688 patent.

6.     Counterclaim Defendant Novartis Vaccines & Diagnostics, Inc. is subject to personal jurisdiction in this Court, as evidenced by, *inter alia*, its consent to jurisdiction in this Court and its existence as a corporation incorporated under the laws of the State of Delaware.

7.     Counterclaim Defendant Novartis Pharma AG is subject to personal jurisdiction in this Court, as evidenced by, *inter alia*, its consent to jurisdiction in this Court.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, *inter alia*, Novartis has consented to venue in this judicial district and is subject to personal jurisdiction, and  Novartis Vaccines & Diagnostics, Inc. resides in this district.

9.     On January 26, 2011, Novartis Vaccines & Diagnostics, Inc. initiated a civil

action by filing a Complaint against Alexion in this Court alleging that Alexion has infringed the '688 patent. Novartis amended its Complaint on July 22, 2011 and supplemented its complaint on July 18, 2012 to add Novartis Pharma AG as a party.

## COUNT I
### Declaratory Judgment Counterclaim for a Declaration of Patent Noninfringement

10.     Alexion incorporates and realleges Paragraphs 1-9 as if set forth herein.

11.     Novartis has created an actual and justiciable controversy between itself and Alexion regarding whether Alexion has infringed any valid and enforceable claim of the '688 patent.

12.     Alexion has not infringed any claim of the '688 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

13.     To the extent that Novartis asserts infringement of any claim of the '688 patent based on any act of making, using, offering to sell, or selling within the United States, or importing into the United States, any accused product solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products or medical devices, that activity cannot constitute infringement under 35 U.S.C. § 271(e)(1).

14.     A judicial declaration of noninfringement of the '688 patent is necessary and appropriate to resolve this controversy.

## COUNT II
### Declaratory Judgment Counterclaim for a Declaration of Patent Invalidity

15.     Alexion incorporates and realleges Paragraphs 1-14 as if set forth herein.

16.     Each claim of the '688 patent is invalid for failure to comply with one or more of

the conditions of patentability and/or requirements specified in Part II of Title 35 of the United

States Code, including 35 U.S.C. §§ 101, 102, 103, 112, 116, 120, 121 and/or 305.

      17.    A judicial declaration of invalidity of the '688 patent is necessary and appropriate

to resolve this controversy.

## PRAYER FOR RELIEF

      WHEREFORE, Defendant and Counterclaim Plaintiff Alexion prays for entry of

judgment:

      A.    Dismissing Novartis's Supplemental Complaint, and all claims therein, with

prejudice;

      B.    Declaring that Alexion has not infringed any claim of the '688 patent;

      C.    Declaring that each claim of the '688 patent is invalid;

      D.    Enjoining Novartis, its officers, agents, servants, employees and attorneys, and all

persons in active concert or participation with any of them, and its parents, successors, and

assigns, from directly or indirectly charging infringement, or instituting any further action for

infringement of the '688 patent against Alexion and/or any of its affiliates, customers, suppliers,

licensees, or potential customers or licensees, in connection with any product accused of

infringement in this action, including Alexion's Soliris®;

      E.    Awarding Alexion its attorney fees, costs, and expenses;

      F.    Declaring this case to be exceptional pursuant to 35 U.S.C. § 285 and that

Alexion be awarded its attorney fees, costs and expenses; and

      G.    Awarding Alexion such other and further relief as the Court deems just and

proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Alexion demands a trial

by jury on all issues so triable.

Dated: August 1, 2012          FARNAN LLP

          /s/ Brian E. Farnan
          Joseph J. Farnan, III (Bar No. 3945)
          Brian E. Farnan (Bar No. 4089)
          919 N. Market Street, 12th Floor
          Wilmington, DE 19801
          Telephone: (302) 777-0300

          *Counsel for Alexion Pharmaceuticals, Inc.*

*Of Counsel*:

Gerald J. Flattmann, Jr.
Christine Willgoos
Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 E. 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090