IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVARTIS VACCINES AND DIAGNOSTICS,    )
INC., AND NOVARTIS PHARMA AG,                  )
                                                                      )
                        Plaintiffs,                          )
                                                                      )
            v.                                                     )        C.A. No. 11-084-SLR
                                                                      )
MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND )
ALEXION PHARMACEUTICALS, INC.,          )
                                                                      )
                        Defendants.                       )

## STIPULATED PROTECTIVE ORDER

Upon agreement of the parties for an order pursuant to Fed. R. Civ. P. 26(c), the parties

stipulate and the Court orders as follows:

### Definitions

1.        As used in this Protective Order, these terms have the following meanings:

"Documents" are all materials within the scope of Fed. R. Civ. P. 34(a);

"Disclosures" are all Documents; written discovery requests and responses; deposition

transcripts; correspondence between the parties; pleadings, tangible items and any

other information disclosed between the parties in connection with this Action,

except as set forth in Paragraph 29;

"Producing Party" is any party that produces or provides a Disclosure;

"Receiving Party" is any party receiving a Disclosure;

"Written Assurance" means an executed document in the form attached as Exhibit A;

and

"Action" means the case captioned Novartis Vaccines and Diagnostics, Inc. and Novartis Pharma AG v. MedImmune, LLC, Biogen Idec, Inc., and Alexion Pharmaceuticals, Inc., Civil Action No. 11-cv-84-SLR.

2.   **Confidential Disclosures:**   Disclosures may be designated as "Confidential" if they contain trade secrets, sales/profit information, licensing terms, research, manufacturing, regulatory, other confidential information or know-how of such a nature to be protectable under Federal Rules of Civil Procedure 26(c)(1)(G) and/or information which qualifies as "personal data" pursuant to the Swiss Federal Act on Data Protection dated June 19, 1992, as amended from time to time.

3.   **Highly Confidential – Outside Counsel Eyes Only Disclosures:**   Disclosures may be designated as "Highly Confidential – Outside Counsel Eyes Only" if they contain highly sensitive polynucleotide or protein sequences or highly sensitive manufacturing or regulatory information relating to a commercial product.   Notwithstanding the foregoing, the parties agree that Alexion will reproduce Bates-numbered pages ALXN0007308-7322 designated as "Confidential," Biogen Idec will reproduce Bates-numbered pages BIOG0000475-479 designated as "Confidential," MedImmune will reproduce Bates-numbered pages MED00001131-1214 designated as "Confidential."   Novartis Vaccines And Diagnostics, Inc. ("NVD") will reproduce NVD000001-NVD009637 and NVD's interrogatory responses served to date and no part shall be designated Highly Confidential – Outside Counsel Eyes Only.   In addition, at the outset of the damages/willfulness phase (if any), the Parties shall work in good faith to define discrete categories of documents that may receive a Highly Confidential – Outside Counsel Eyes Only designation.

<u>Access to Highly Confidential – Outside Counsel Eyes Only And Confidential Disclosures</u>

4.   Any Disclosures designated "Highly Confidential – Outside Counsel Eyes Only" or "Confidential" including all information derived therefrom, shall be maintained in strict confidence by the Receiving Party; shall be used solely in connection with this Action, any appeal therefrom or any remands thereto; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

5.   All Highly Confidential – Outside Counsel Eyes Only and Confidential Disclosures shall be used solely for the purposes of this Action.  Prohibited disclosures of Highly Confidential – Outside Counsel Eyes Only and/or Confidential Disclosures include, but are not limited to, any use for competitive purposes, research, development, manufacture or regulatory purposes, Citizen's Petitions, other litigation, or the prosecution of intellectual property rights.  Subject to Paragraphs 11 and 12, no person receiving such Confidential and/or Highly Confidential – Outside Counsel Eyes Only Disclosures shall, directly or indirectly, disclose or communicate in any way the contents of the Disclosures to any person other than those qualified pursuant to this Order.

6.   Access to Confidential Disclosures shall be limited to the following Qualified Persons:

(a)   the Court, its officers, and any members of its staff to whom it is necessary to disclose Confidential information contained in Confidential Disclosures for the purpose of assisting the Court in this Action, and stenographic employees, court reporters and typists for the sole purpose of recording or transcribing testimony, documents, or information relating to this Action;

(b)   the parties' Outside Counsel of record in this Action and the paralegals, assistants and other employees of the respective law firms of Outside Counsel of record in

this Action to the extent such persons' duties and responsibilities require access to Confidential Disclosures;

(c)     litigation support consultants (including translators, e-discovery, trial graphics, jury focus group consultants, mock jurors), outside copying services, and temporary/contract attorneys retained by Outside Counsel in this Action identified in Subparagraph 6(b) with whom such Outside Counsel work in connection with this Action to the extent such persons have expressly agreed to maintain the confidentiality of their work and the Confidential Disclosures they receive, and provided that such personnel are not engaged in the research, development, manufacture, registration, or sale of pharmaceutical products;

(d)     prior authors or recipients of the Confidential Disclosure;

(e)     court reporters retained to transcribe testimony in this case;

(f )    witnesses designated pursuant to Fed. R. Civ. P. 30(b)(6) may be shown Confidential Disclosures designated as Confidential by the party for which they are testifying;

(g )    others to whom the Producing Party consents;

(h)     subject to Paragraph 9, consulting experts or testifying experts ("Experts") who are not current employees of any of the parties in the litigation; and

(i)     the identified in-house lawyers (or Juerg Baenziger, in the case of NVD) who work within the legal department of each party, after providing a Written Assurance to all other parties:

(1) NVD:

(i) Juerg Baenziger

(ii) Cynthia Lopez

(iii) Ken Goldman

(2)  Novartis Pharma AG ("Pharma"):

    (i)  Paul Fehlner

(3)  MedImmune:

    (i) William Bertrand

    (ii) Laurie Hill

    (iii) _____

(4)  Biogen Idec:

    (i) Martha Born

    (ii) Konstantinos Andrikopoulos

    (iii) Wendy Plotkin

(5)  Alexion Pharmaceuticals:

    (i) Thomas Dubin

    (ii) Stephen Saxe

    (iii) _____

as well as any paralegal, secretarial and clerical employee of each party who works regularly with and reports directly or indirectly to such in-house counsel.  It is expressly understood that the number or identity of such Qualified Persons may be modified by unanimous agreement of the parties to the Action without leave of Court, or upon a showing, subject to the approval of the Court, by any party that such modification is necessary.

7.  Absent agreement to the contrary between one or more parties (NVD, Pharma and/or Defendants), access to Highly Confidential – Outside Counsel Eyes Only Disclosures shall be

limited to persons described in Paragraphs 6(a)-(h).  Persons identified in Paragraph 6(i) shall not have access to Highly Confidential – Outside Counsel Eyes Only Disclosures.

8.   The disclosure of information contained in a Confidential Disclosure to any in-house counsel identified in Subparagraph 6(i) shall be made only after: Counsel desiring to disclose Confidential information to such in-house counsel obtains a completed and signed Written Assurance in the form of Exhibit A attached hereto from the in-house counsel and forwards a copy of said completed and signed undertaking to counsel for the Producing Party.

9.   Prior to the disclosure of any Highly Confidential – Outside Counsel Eyes Only or Confidential Disclosures to an Expert pursuant to Paragraph 6(h) a party shall provide a written notice to all other parties which includes a copy of such Expert's executed "Written Assurance," a copy of such Expert's current *curriculum vitae,* a list of any other cases in which such Expert has testified as an expert at trial or by deposition within the preceding four (4) years; and a list of all publications authored by such Expert within the preceding ten (10) years.  If a party objects to the disclosure of any Highly Confidential – Outside Counsel Eyes Only or Confidential Disclosures to an identified Expert, the party must make its objection in writing within 7 calendar days after receipt of the written notice identifying the Expert, and provide the basis for its objection.  The objection shall be waived unless the objecting party, within 7 calendar days of the service of the objection, contacts the Court to seek a date to file a motion to prevent disclosure, and shall bear the burden of showing that the disclosure should not be made, except that the 7-day period in which to contact the Court shall be tolled during any period between the date on which the objecting party requests a meet-and-confer and the date the meet-and-confer occurs.  No disclosure shall be made to the Expert until the time period for making an objection has passed, or the Court has ruled on any timely motion made pursuant to this Paragraph.

10. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of Highly Confidential – Outside Counsel Eyes Only or Confidential information; provided, however, that in rendering such advice the attorney shall not disclose any Highly Confidential – Outside Counsel Eyes Only or Confidential information other than in a manner provided for in this Order.

11. Nothing contained in this Order shall preclude a party from using its own Highly Confidential – Outside Counsel Eyes Only or Confidential Disclosures in any manner.

12. The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any Highly Confidential – Outside Counsel Eyes Only or Confidential Disclosures if said person or entity already has legitimate possession thereof.  The restrictions and obligations set forth in this Order relating to Highly Confidential – Outside Counsel Eyes Only and Confidential Disclosures shall not apply to any information that:

    (a)    Is already public knowledge;

    (b)    Has become public knowledge other than through a breach of a Receiving Party's confidentiality obligations;

    (c)    Was lawfully in a Receiving Party's possession prior to receipt under the provisions of this Order or the local rules of this Court; or

    (d)    Was or is obtained from a source not under an obligation of secrecy to the Producing Party.

<u>Designation of Disclosures</u>

13. All Disclosures to be produced in tangible form that the Producing Party wishes to designate as "Confidential" must, prior to production to the Receiving Party, be labeled on each page by the Producing Party with the legend: **CONFIDENTIAL – SUBJECT TO**

**PROTECTIVE ORDER**.   All Disclosures to be produced in tangible form that the Producing Party wishes to designate as Highly Confidential – Outside Counsel Eyes Only information must, prior to production to the Receiving Party, be labeled on each page by the Producing Party with the legend:   **HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – SUBJECT TO PROTECTIVE ORDER.**   Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.   Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the Producing Party and a unique identifying number.   Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the Producing party and a unique identifying number.

14. Any Disclosure provided for inspection in this Action is to be treated as "Highly Confidential – Outside Counsel Eyes Only" pending the copying and delivery of any copies of the same by the Producing Party to the Receiving Party.   After copies are delivered to the Receiving Party, the information in such documents or things will be treated consistent with any legend produced on each document or thing.   If no copies of Disclosures are requested in connection with an inspection, or if the Receiving Party memorializes the Disclosures during the inspection in some other fashion (e.g. notes, photographs, drawings), the Disclosures shall be treated as "Highly Confidential – Outside Counsel Eyes Only" for seven calendar days following the inspection, by which time the Producing Party must provide a written notice designating the Disclosures in the inspection as Confidential or Highly Confidential – Outside Counsel Eyes Only.   Inspection of documents or things by any party shall be conducted by Outside Counsel and/or Experts.

15. After a Protective Order is entered by the Court, a copy of the Protective Order shall be served along with any non-party subpoena served in connection with this Action.  For a period of 14 days from the date of the production of any Documents in response to a non-party subpoena or after the receipt of a final transcript of a deposition pursuant to such subpoena, the Documents and testimony shall be treated as Highly Confidential – Outside Counsel Eyes Only.  During that 14-day period, a party or the disclosing non-party may designate such Documents and testimony as Highly Confidential – Outside Counsel Eyes Only or Confidential.

16. Testimony from any depositions or portions of any depositions taken in this Action may be designated as Highly Confidential – Outside Counsel Eyes Only or Confidential. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the final transcript.  Unless otherwise agreed, depositions shall be treated as Highly Confidential – Outside Counsel Eyes Only during the 14-day period following receipt of the transcript.  A deponent may review the transcript of his or her deposition at any time.  The deposition of any witness (or any portion of such deposition) that involves the disclosure of Highly Confidential – Outside Counsel Eyes Only or Confidential information shall be taken only in the presence of persons who are qualified to have access to such Highly Confidential – Outside Counsel Eyes Only or Confidential information pursuant to this Order.   Persons other than the witness, the court reporter, the persons qualified to have access to such Highly Confidential – Outside Counsel Eyes Only or Confidential information pursuant to this Order, and counsel for the witness (if a third-party witness) must not be present during any portion of a deposition that involves the disclosure of information designated as Highly Confidential – Outside Counsel Eyes Only or Confidential.  The failure of individuals other than those specified in the previous sentence to leave the deposition room

during any portion of the deposition which inquires into matters deemed Highly Confidential –
Outside Counsel Eyes Only or Confidential by the designating party shall constitute justification
for counsel to instruct the witness that he or she shall not answer the question[s] posed.

17.  This Order shall not prevent counsel from examining a witness in a good-faith effort to
determine whether he or she authored, received, or previously had access to or knowledge of
Highly Confidential – Outside Counsel Eyes Only or Confidential information.

<u>Inadvertent Production/Use of Highly Confidential –Outside Counsel Eyes Only
or Confidential Information and Changes in Designation</u>

18.     Inadvertent production of any Disclosure without a designation as Highly
Confidential – Outside Counsel Eyes Only or Confidential will not be deemed to waive a later
claim as to its confidentiality or stop the Producing Party from designating said Disclosure as
Highly Confidential – Outside Counsel Eyes Only or Confidential at a later date.  If a Producing
Party inadvertently does not provide a Designation to a Disclosure, or inadvertently
misdesignates a Disclosure, the Producing Party may inform the Receiving Party of the correct
designation, and the Receiving Party shall treat the information in accordance with the correct
designation.   Promptly following such notice, the Producing Party shall provide properly
designated documents or tangible items, if applicable.   Upon receipt of such notice, the
Receiving Party shall (i) take reasonable steps to notify any persons known to have possession
of any material with the original designation of the effect of such a change in designation under
this Order, (ii) promptly retrieve all copies and transcriptions of such originally designated
material from any persons known to have possession of any such originally designated material
who are not Qualified Persons under Paragraphs 6 and 7 above to the extent practicable, and
(iii) substitute properly designated copies for those previously received.

19.      Should any material labeled as Highly Confidential – Outside Counsel Eyes Only or Confidential information in accordance with Paragraph 13 be disclosed by a Receiving Party to any person not authorized to have access to such information under this Order, the Receiving Party shall:

(a)      Use its best efforts to obtain the prompt return of any such Highly Confidential – Outside Counsel Eyes Only or Confidential information and to bind such person to the terms of this Order;

(b)      Within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the Producing Party; and

(c)      Request such person to sign a Written Assurance in the form of Exhibit A attached hereto.  If executed, the Written Assurance shall be served upon counsel of record for the Producing Party within three (3) business days of its receipt by the Receiving Party.

This Paragraph shall not prevent the Producing Party from applying to the Court for further relief.

<u>Use of Highly Confidential – Outside Counsel Eyes Only<br> or Confidential Information in Filings</u>

20. If the Highly Confidential – Outside Counsel Eyes Only or Confidential information of a Producing Party is to be filed with this Court in connection with any proceeding in this Action, it shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means, revised February 2011 (or revisions subsequent to this Order).   All such

documents so filed shall be released from confidential treatment only upon further order of the Court.

Challenging Designation of Highly Confidential – Outside Counsel Eyes Only
or Confidential Information

21. A party may receive information designated pursuant to this Order without prejudice to its ability to later challenge the designation.  A party may move for an order that Disclosures have not been properly designated under the terms of this Order.  Prior to bringing such a motion, however, the Receiving Party shall first request in writing that the Producing Party change or remove its confidentiality designation.  If the Producing Party refuses to change its confidentiality designation within ten (10) business days, the Receiving Party may move for an order challenging the designation.  On such a motion, the Producing Party shall have the burden of proving that the material is properly designated pursuant to this Order.

Inadvertent Production/ Use of Privileged Information

22. Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity.  A Producing Party may produce a redacted version of information, documents or tangible things that counsel contends contains information that is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation REDACTED and appropriately claiming privilege over the material pursuant to Fed. R. Civ. P. 26(b)(5).

23. If a Producing Party inadvertently or mistakenly produces information, documents or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, such

inadvertent or mistaken production shall not prejudice or otherwise constitute a waiver of any claim of such privilege or immunity, provided that such production was inadvertent or mistaken and the Producing Party provides written notice to each Receiving Party of the inadvertent or mistaken production.  Within three (3) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party or destroy any documents or tangible items that the Producing Party represents are covered by a claim of privilege or immunity and which were inadvertently or mistakenly produced.  If the Receiving Party intends to challenge the claim of privilege or inadvertence it may, upon written notice to the Producing Party, sequester one copy of the document or tangible item at issue for submission to the Court under seal for determination of the claim as provided by Fed. R. Civ. P. 26(b)(5)(B).  The Producing Party shall preserve copies of all returned documents and tangible items for further disposition.  Nothing in this Order, however, shall preclude the Receiving Party from making a motion to compel production of the returned information.

24. This Order shall not preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's designated Highly Confidential – Outside Counsel Eyes Only or Confidential information pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to seek relief.

25. This Order shall not prevent any party from applying to the Court for further or additional protective orders.

26. This Order shall survive the termination of this Action, including any final judgment, appeal, or settlement to the extent the Highly Confidential – Outside Counsel Eyes Only or Confidential information is not or does not become known to the public.

<u>Disposition of Highly Confidential – Outside Counsel Eyes Only</u>
<u>and Confidential Disclosures upon Conclusion of this Action</u>

27. Within 60 days of the termination of this Action, including any appeals, each party shall either destroy or return to the opposing party all Highly Confidential – Outside Counsel Eyes Only or Confidential Disclosures.  Each party shall provide a certification as to such return or destruction within the 60-day period.  Outside Counsel may retain, however, all documents and things that contain or reflect their attorney work product, all correspondence, all pleadings, all deposition transcripts, all expert reports, all deposition, hearing and trial exhibits, and all court-filed documents even though they contain Highly Confidential – Outside Counsel Eyes Only or Confidential information, but such retained work product and documents shall remain subject to the terms of this Order.  Accordingly, upon final termination of this Action, no one other than Outside Counsel shall retain any Documents designated Highly Confidential – Outside Counsel Eyes Only or Confidential obtained in the course of this Action.

28. Within 60 days following the expiration of the last period for appeal from any order or judgment issued in connection with this Action, the parties may remove any Highly Confidential – Outside Counsel Eyes Only or Confidential Documents or materials from the office of the Clerk of Court.  Following that 60-day period, the Clerk of Court may destroy all other materials at the Court's discretion.

<u>Miscellaneous Provisions</u>

29. Nothing in this Order is intended to apply or does apply to any biological materials produced in this Action including, but not limited to, any physical samples of cells, polynucleotides, or proteins.  In the event that biological materials are to be produced in this Action, the parties will meet and confer regarding protective measures that the Receiving Party is

required to take with respect to such materials.  Following this meet and confer, the parties may request that the Court enter a separate Order(s) to include provisions governing the production of each party's biological materials.  This Order shall apply to all other information and material produced in this Action, including all previously produced information and material prior to the execution of this Order by the Court.

30. By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.


**CONSENTED TO BY:**

MORRIS JAMES LLP

*/s/ Richard K. Herrmann*

Richard K. Herrmann, Esq.
Mary B. Matterer, Esq.
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800

*Of Counsel:*

George A. Riley, Esq.
Nicholas B. Janda, Esq.
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA 94111

John C. Kappos, Esq.
Bo K. Moon, Esq.
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660

*Attorneys for Plaintiff*
*Novartis Vaccines and Diagnostics, Inc.*

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, De 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Of Counsel:*

Thomas P. Steindler, Esq.
Charles J. Hawkins, Esq.
Raymond M. Gabriel, Esq.
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005-3096

*Attorneys for Plaintiff*
*Novartis Pharma AG*

CONNOLLY BOVE
LODGE & HUTZ LLP

/s/ Mary W. Bourke

_____

Mary W. Bourke, Esq.
Daniel M. Attaway, Esq.
Kim Boots
1007 North Orange Street
Wilmington, DE  19801
(302) 658-9141

Of Counsel:

Charles E. Lipsey, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675

Linda A. Wadler, Esq.
Marcus Kretzschmar, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
901 New York Avenue, NW
Washington, DC  20001-4413

Alissa Keely Lipton, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
55 Cambridge Parkway
Cambridge, MA  02142-1215

Elliot M. Olstein, Esq.
Carella, Byrne, Cecchi, Olstein, Brody &
Agnello P.C.
5 Becker Farm Road
Roseland, NJ  07068

*Attorneys for Defendant MedImmune, LLC*

SEITZ ROSS ARONSTAM & MORITZ LLP

/s/ Collins J. Seitz, Jr.

_____

Collins J. Seitz, Jr., Esq.
Benjamin J. Schladweiler, Esq.
100 South West Street, Suite 400
Wilmington, DE  19801
 (302) 576-1600

Of Counsel:

Donald R. Ware, Esq.
Claire Laporte, Esq.
Jeremy A. Younkin, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA  02210

*Attorneys for Defendant Biogen Idec Inc.*

FARNAN LLP

*/s/ Brian E. Farnan*
_____

Joseph J. Farnan, III, Esq.
Brian E. Farnan, Esq.
919 N. Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300

*Of Counsel:*

Gerald J. Flattmann, Jr., Esq.
Christine Willgoos, Esq.
Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 East 55th Street
New York, NY  10022

*Attorneys for Defendant Alexion*
*Pharmaceuticals, Inc.*

## ORDER

Based on the foregoing stipulation, and good cause appearing therefore, **IT IS SO ORDERED** this _____ of _____, 2012.

_____

Hon. Mary Pat Thynge

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the city of _____ and the state of _____;

I am currently employed by _____ located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. 11-cv-84-SLR, pending in the United States District Court for the District of Delaware.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court and that any or all of the parties or third parties that designate information pursuant to the Protective Order may assert other remedies against me.

I shall not divulge any Highly Confidential – Outside Counsel Eyes Only or Confidential information or documents pursuant to the Protective Order, including copies of the documents or any information contained in the Highly Confidential – Outside Counsel Eyes Only or Confidential documents, to any person other than those authorized to receive the information or documents under the Protective Order.  I shall not copy or use such documents except for the purposes of this Action and pursuant to the terms of the Protective Order.  I will take reasonable steps to restrict access to any Highly Confidential – Outside Counsel Eyes Only or Confidential information to only those persons authorized by the Protective Order to have such access.

As soon as practical, but no later than 30 days after final termination of this Action, I shall return to the attorney from whom I have received them, any Highly Confidential – Outside Counsel Eyes Only or Confidential documents in my possession or any documents that contain

Highly Confidential – Outside Counsel Eyes Only or Confidential information in my possession, including all copies, excerpts, summaries, notes, or digests relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing or otherwise providing relief relating to the Protective Order.


Executed on:

_____          _____
                                                   (Signature)