

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

**VIA E-FILING AND HAND DELIVERY**                    March 11, 2013

The Honorable Mary Pat Thynge
USDC for the District of Delaware
844 North King Street
Wilmington, DE 19801

> RE: *Novartis Vaccines and Diagnostics, Inc. v. MedImmune, LLC, et al.*,
>      C.A. 11-84-SLR-MPT

Your Honor:

Plaintiff Novartis Vaccines and Diagnostics, Inc. ("NVD"), respectfully moves the Court to order that five depositions, which have been scheduled after the discovery cutoff by agreement with defendants Alexion Pharmaceuticals, Inc. ("Alexion"), and Biogen Idec, Inc. ("Biogen") (collectively, "Defendants"), can go forward as planned without changing the scheduling order in this case because they do not impose any additional burdens on the Court or prejudice any party. A proposed order is attached as Exhibit A.  The reasons why each of these five depositions did not take place within the deposition period are described below.

The first deposition at issue is Alexion's deposition of Roberta Robins.  Ms. Robins's deposition was initially scheduled for November 30, 2012.  However, Alexion canceled this deposition on November 28, 2012, after NVD notified Alexion that certain privileged documents had been inadvertently produced and sought destruction or return of those documents.  Alexion then waited until February 11, 2013, to inform NVD that Alexion would not challenge the inadvertence of the production and at that late date sought to reschedule the deposition of Ms. Robins.  By that time, less than two weeks remained in the discovery period and Ms. Robins, a third-party witness, was not available in the remaining time.  NVD agreed not to object to the timing of Defendants' request for the rescheduled deposition as long as Defendants agreed that scheduling Ms. Robins's deposition outside of the deposition period would not affect the case schedule.  Defendants agreed and the deposition was scheduled for March 1, 2013.  (*See* Exhibit B).  The Robins deposition was completed as scheduled.

The second deposition at issue is NVD's deposition of Jeffrey Hunter.  NVD first sought available dates for this deposition on November 16, 2012.  The earliest the deposition could be scheduled was February 12, 2013.  However, shortly before the scheduled date, the deposition was postponed at Alexion's request due to the blizzard that hit the northeast on February 8-10.  The soonest that Mr. Hunter was available to reschedule the deposition was March 1, 2013.  (*See* Exhibit C).  The Hunter deposition was completed on this date.

The final three depositions at issue are the depositions of three upper level management corporate witnesses, one each from Biogen, NVD, and Alexion.  On September 5, 2012, NVD and Alexion had agreed they would not seek depositions of various upper level managers, except that NVD explicitly reserved the right to depose such individuals if Alexion decided it would

The Honorable Mary Pat Thynge
March 11, 2013
Page 2

rely upon their testimony for this case. NVD confirmed this agreement in a September 14, 2012 letter. (*See* Exhibit D.) On February 1, 2013, Biogen amended its initial disclosures to add an upper level manager, Biogen's head of the Tysabri Franchise Matt Ottmer, as a corporate witness. Later that month, NVD and Alexion also added upper level managers to their initial disclosures as corporate witnesses. NVD added Christian Lease,[1] its Head of Regulatory Affairs Business Process Improvement, and Alexion added Dr. Stephen Squinto, its Executive Vice President and Head of Research and Development. NVD thus sought to depose Mr. Ottmer and Dr. Squinto and offered Mr. Lease for deposition. Due to Mr. Ottmer's busy schedule, Biogen agreed that scheduling Mr. Ottmer's deposition outside of the deposition period would not affect the case schedule. (*See* Exhibit E.) For travel convenience, NVD proposed that Mr. Lease be deposed in the same week as Mr. Ottmer because both witnesses are in the Boston area. The parties agreed to schedule the depositions of Mr. Lease and Mr. Ottmer back-to-back in Boston, with the deposition of Mr. Lease scheduled for March 13, 2013, and the deposition of Mr. Ottmer on March 14, 2013. However, Dr. Squinto was not available until March 26, 2013, and Alexion has indicated it may seek to alter the case schedule if this deposition goes forward on that date.

The dispute about Dr. Squinto's deposition dates back to November 16, 2012, when NVD informed Alexion that it intended to depose Dr. Squinto and sought Dr. Squinto's availability for deposition. NVD followed this request by serving a Notice of Deposition of Dr. Squinto on December 7, 2012, for a deposition to take place on January 29, 2013. (*See* D.I. 308.) In a subsequent telephonic conference on December 19, 2012, between David Conca on behalf of Alexion and John Kappos on behalf of NVD, Mr. Conca stated that Dr. Squinto is a senior officer at Alexion, and that Mr. Conca understood that NVD and Alexion had an agreement not to depose each other's senior officers. NVD understood this to be a request that the September 5, 2012 agreement memorialized in Exhibit D apply to Dr. Squinto, and so to be a representation that Alexion did not intend to rely on testimony of Dr. Squinto. NVD thus complied with Alexion's request and agreed not to depose Dr. Squinto at that point.

However, on February 21, 2013, just one day before the cutoff for deposition discovery, Alexion indicated that it did intend to rely on Dr. Squinto's testimony by adding him to its initial disclosures. NVD thus sought to exercise its reserved right to depose Alexion upper level mangers whose testimony Alexion intends to rely upon in this case. (*See* Exhibit D.) The earliest date that Alexion offered Dr. Squinto for deposition was March 26, 2013. (*See* Exhibit F.) However, Alexion indicated that should NVD accept that date, Alexion may use that deposition to seek a change to the case schedule. (*Id.*) In making this demand, Alexion stated that NVD previously "chose" not to take Dr. Squinto's deposition, despite that this alleged choice had been made with the understanding that Alexion would not rely upon Dr. Squinto's testimony, as he was not listed in Alexion's initial disclosures at that time. (*Compare id. with* Exhibit D.) NVD will agree to take the Squinto deposition on March 26, 2013, but there is no reason why doing so should affect the schedule. Alternatively, NVD will forgo the deposition if Dr. Squinto is precluded from testifying at trial or otherwise. The Court should prevent Alexion from forcing NVD to choose between keeping the trial date and deposing a trial witness that

---

[1] Christian Lease is also designated as NVD's 30(b)(6) witness on the topic of Plaintiffs' first awareness of Defendants' use of the GS System and defendants' infringement.

The Honorable Mary Pat Thynge
March 11, 2013
Page 3

Alexion added to its initial disclosure just one day before the close of deposition discovery.  (*See* Exhibit G at 38:18-23 ("The Court does not intend to move the pretrial or trial dates to the disadvantage of the plaintiff . . . if it's based upon the inappropriate conduct of the defense.").)

NVD has sought to formalize the agreed deposition dates by filing a stipulation with the Court.  Defendants have not agreed to do this.  Additionally, Alexion has stated that they believe that if Dr. Squinto is deposed, that deposition should impact the rest of the schedule in this matter.  NVD respectfully requests that the Court order that the March 1, 2013 depositions of Roberta Robins and Jeffrey Hunter, the March 13, 2013 deposition of Christian Lease, and the March 14, 2013 deposition of Matt Ottmer can go forward as planned without changing the scheduling order in this case because they do not impose any additional burdens on the Court or prejudice any party.  Additionally, NVD respectfully moves the Court to order that Dr. Squinto be made available for deposition on March 26, 2013, without changing the scheduling order in this case or, in the alternative, that Alexion be precluded from relying on the testimony of Dr. Squinto in this action.

Respectfully,

*/s/ Richard K. Herrmann*

Richard K. Herrmann - I.D. No. 405
*rherrmann@morrisjames.com*

cc:    All defense counsel of record

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC. AND NOVARTIS PHARMA AG,<br><br>*Plaintiffs,*<br><br>v.<br><br>BIOGEN IDEC, INC. AND ALEXION PHARMACEUTICALS, INC.,<br><br>*Defendants.* | Civil Action No. 11-084 SLR-MPT |

**LIST OF ATTENDEES FOR MARCH 14, 2013 TELECONFERENCE
ON BEHALF OF PLAINTIFFS**

NOVARTIS VACCINES AND DIAGNOSTICS, INC.

Richard K. Herrmann
Morris James LLP

John C. Kappos
Bo K. Moon
O'Melveny & Myers LLP

Cora L. Schmid
HelixIP LLP

NOVARTIS PHARMA AG

Steven J. Balick
Ashby & Geddes

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
McDermott, Will & Emery LLP

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC. AND NOVARTIS PHARMA AG, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 11-cv-00084-SLR-MPT |
| MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC., | |
| *Defendants*. | |

## [PROPOSED] ORDER

IT IS HEREBY ORDERED that the March 1, 2013 depositions of Roberta Robins and Jeffrey Hunter, the March 13, 2013 deposition of Christian Lease, and the March 14, 2013 deposition of Matt Ottmer can go forward as planned without changing the scheduling order in this case because they do not impose any additional burdens on the Court or prejudice any party. Additionally, it is ordered that Dr. Squinto be made available for deposition on March 26, 2013 without changing the scheduling order.

SO ORDERED, this ___ day of March, 2013.

_____
United States Magistrate Judge Mary Pat Thynge

# EXHIBIT B

| From: | Burg, Sarah <SBurg@foleyhoag.com> |
|---|---|
| Sent: | Thursday, February 14, 2013 9:32 AM |
| To: | Moon, Bo; alyssaklapper@paulhastings.com; anthonymichael@paulhastings.com; bfarnan@farnanlaw.com; davidconca@paulhastings.com; geraldflattmann@paulhastings.com; jamesevans@paulhastings.com; markshtilerman@paulhastings.; petercsepes@paulhastings.com; petrascamborova@paulhastings.com; Laporte, Claire; cseitz@seitzross.com; Ware, Donald; jyounkin@foleyhoag.com; mquina@foleyhoag.com |
| Cc: | amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Godfrey, Kristin; Janda, Nick; Kappos, John; Pang, Diane; Riley, George; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com |
| Subject: | RE: [NVD v. Biogen, Alexion] Discovery correspondence |

John:

This confirms that, as an accommodation to Dr. Brown's patient obligations, defendants will take Dr. Brown's deposition on February 18, 2013 in Sacramento.

As you know, the deposition of Roberta Robins was postponed pending the resolution of NVD's clawback of the entire production from the Robins Law Firm.  Defendants agree to take the deposition of Ms. Robins at Paul Hastings San Francisco beginning at 9 a.m. on March 1, 2013, as you have proposed.  We further confirm that defendants will not use the March 1st deposition of Ms. Robins as a basis for changing the case schedule.

Regards,
Sarah

---

**From:** Moon, Bo [mailto:bmoon@omm.com]
**Sent:** Thursday, February 14, 2013 12:21 AM
**To:** alyssaklapper@paulhastings.com; anthonymichael@paulhastings.com; bfarnan@farnanlaw.com; davidconca@paulhastings.com; geraldflattmann@paulhastings.com; jamesevans@paulhastings.com; markshtilerman@paulhastings.; petercsepes@paulhastings.com; petrascamborova@paulhastings.com; Laporte, Claire; cseitz@seitzross.com; Ware, Donald; Younkin, Jeremy; Quina, Marco; Burg, Sarah
**Cc:** amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Godfrey, Kristin; Janda, Nick; Kappos, John; Moon, Bo; Pang, Diane; Riley, George; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com
**Subject:** [NVD v. Biogen, Alexion] Discovery correspondence

Dear counsel,

Please see the attached letter from John Kappos.

**Bo Moon**
**O'Melveny & Myers LLP**

610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-7183
bmoon@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

United States Treasury Regulations require us to disclose the following: Any tax advice included in this document and its attachments was not intended or written to be used, and it cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Foley Hoag LLP immediately -- by replying to this message or by sending an email to postmaster@foleyhoag.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

For more information about Foley Hoag LLP, please visit us at www.foleyhoag.com.

# EXHIBIT C

| From: | petrascamborova@paulhastings.com |
|---|---|
| Sent: | Wednesday, February 13, 2013 11:04 AM |
| To: | Kappos, John; Moon, Bo; Godfrey, Kristin |
| Cc: | davidconca@paulhastings.com; anthonymichael@paulhastings.com; petercsepes@paulhastings.com |
| Subject: | RE: Novartis Vaccines & Diagnostics et al. v. MedImmune et al. |

John:

Thank you for agreeing to postpone Jeff Hunter's deposition due to the snow storm.  Jeff Hunter is available for deposition on Friday, March 1, 2013 in New Haven, CT.  Please let us know if you accept this date.

Also, please let us know if Russell Rother's deposition is going forward on February 19 in Oklahoma City.

Best regards,

Petra Scamborova

---



**Petra Scamborova | Associate**
Paul Hastings LLP | 75 East 55th Street, New York, NY 10022 | Direct: +1.212.318.6016 | Main: +1.212.318.6000 | Fax: +1.212.230.7701 | petrascamborova@paulhastings.com | www.paulhastings.com

---

**From:** Kappos, John [mailto:jkappos@omm.com]
**Sent:** Sunday, February 10, 2013 11:12 PM
**To:** Scamborova, Petra; Moon, Bo
**Cc:** Conca, David M.; Michael, Anthony; Csepes, Peter; #CMV-OMM-Novartis
**Subject:** RE: Novartis Vaccines & Diagnostics et al. v. MedImmune et al.

Acknowledged.

John Kappos

---

**From:** Scamborova, Petra [mailto:petrascamborova@paulhastings.com]
**Sent:** Sunday, February 10, 2013 4:56 PM
**To:** Kappos, John; Moon, Bo
**Cc:** davidconca@paulhastings.com; anthonymichael@paulhastings.com; petercsepes@paulhastings.com
**Subject:** Novartis Vaccines & Diagnostics et al. v. MedImmune et al.

John:

Due to the storm which hit Connecticut very hard, we are unable to proceed with Jeff Hunter's deposition on Tuesday, February 12, 2013.  We will reschedule Jeff Hunter's deposition before the end of fact discovery.

Bets regards,

Petra Scamborova

_____



**Petra Scamborova | Associate**
Paul Hastings LLP | 75 East 55th Street, New York, NY 10022 | Direct: +1.212.318.6016 | Main: +1.212.318.6000 | Fax: +1.212.230.7701 | petrascamborova@paulhastings.com | www.paulhastings.com

*****************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*****************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*****************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*****************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

# EXHIBIT D



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

NEW YORK

610 Newport Center Drive, 17th Floor
Newport Beach, California  92660-6429

TELEPHONE  (949) 760-9600
FACSIMILE  (949) 823-6994
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

September 14, 2012

OUR FILE NUMBER
0151800-00013

**<u>VIA EMAIL</u>**

WRITER'S DIRECT DIAL
(949) 823-6954

Christine Willgoos, Esq.
Paul Hastings LLP
christinewillgoos@paulhastings.com

WRITER'S E-MAIL ADDRESS
jkappos@omm.com

Re:  ***Novartis Vaccines and Diagnostics, Inc. v. MedImmune, LLC, et. al.,
C.A. No. 11-CV-84 (SLR)***

Dear Christine:

Following up on our telephone conversation on September 5, 2012, I write to confirm that Plaintiffs will not seek the depositions of Mr. Thomas Dubin and Dr. Leonard Bell at this time, on condition that Alexion will not seek the depositions of the upper level management team of NVD or Pharma AG, including without limitation Mr. Rosenberg and Mr. Jimenez.  Instead, Plaintiffs will pursue discovery regarding the Alexion-Novartis negotiations through an Alexion 30(b)(6) witness.  We reserve the right to depose Mr. Dubin and Dr. Bell in the event Alexion intends to rely upon their testimony (written or oral) or any other evidence based on their personal knowledge in the case.

Sincerely,

*John Kappos*

John Kappos

cc:    Thomas P. Steindler

# EXHIBIT E

| From: | sburg@foleyhoag.com |
|---|---|
| Sent: | Thursday, February 07, 2013 9:05 AM |
| To: | Kappos, John |
| Cc: | Moon, Bo; Janda, Nick; Laporte, Claire; jyounkin@foleyhoag.com; Donovan, Caroline |
| Subject: | Scheduling Matt Ottmer's deposition |

John,

We previously discussed scheduling Mr. Ottmer's deposition.  As mentioned, the only date he is available between now and February 22nd is February 13th.  Mr. Ottmer has a very busy schedule, and we need to know immediately whether you intend to take his deposition on February 13th, or whether you are willing to depose him in early March.  As we have stated, we will not seek any change to the current scheduling order should Mr. Ottmer's deposition occur in March.

Please let us know today by 3 p.m. ET whether you wish to proceed on February 13th.

Sarah

# FOLEY
# HOAG LLP

**Sarah S. Burg** | **Associate**

Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

617 832 1249 phone
617 832 7000 fax

www.foleyhoag.com

 Please consider the environment before printing this email.

United States Treasury Regulations require us to disclose the following: Any tax advice included in this document and its attachments was not intended or written to be used, and it cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Foley Hoag LLP immediately -- by replying to this message or by sending an email to postmaster@foleyhoag.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

For more information about Foley Hoag LLP, please visit us at
www.foleyhoag.com.

# EXHIBIT F

| | |
|---|---|
| **From:** | Scamborova, Petra <petrascamborova@paulhastings.com> |
| **Sent:** | Thursday, March 07, 2013 1:16 PM |
| **To:** | Kappos, John; Moon, Bo; Godfrey, Kristin |
| **Cc:** | davidconca@paulhastings.com; anthonymichael@paulhastings.com; jamesevans@paulhastings.com; petercsepes@paulhastings.com; rherrmann@morrisjames.com; Laporte, Claire (CLL@foleyhoag.com); jyounkin@foleyhoag.com; sburg@foleyhoag.com |
| **Subject:** | RE: NVD v. Biogen & Alexion |

John:

Alexion cannot agree. NVD noticed Dr. Squinto's deposition long ago on December 7, 2012, after Alexion's 30(b)(6) witness testified that Dr. Squinto was someone who had information relevant to this case. NVD then dropped its deposition request, only to re-notice Dr. Squinto's deposition on the last day of fact discovery after Alexion updated its initial disclosures. Because NVD could have taken Dr. Squinto's deposition at any time during the fact discovery, yet chose not to do so, it is in no position to try to extract additional pre-conditions to taking Dr. Squinto's deposition now.

Regards,

Petra

---



**Petra Scamborova | Associate**
Paul Hastings LLP | 75 East 55th Street, New York, NY 10022 | Direct:
+1.212.318.6016 | Main: +1.212.318.6000 | Fax: +1.212.230.7701 |
petrascamborova@paulhastings.com | www.paulhastings.com

---

**From:** Kappos, John [mailto:jkappos@omm.com]
**Sent:** Wednesday, March 06, 2013 10:22 PM
**To:** Scamborova, Petra; Moon, Bo; Godfrey, Kristin
**Cc:** Conca, David M.; Michael, Anthony; Evans, James T.; Csepes, Peter; rherrmann@morrisjames.com
**Subject:** RE: NVD v. Biogen & Alexion

Petra,

NVD will accept the date offered below, provided that Alexion will not argue that the deposition schedule somehow requires a change to the case schedule. Please confirm.

John Kappos

---

**From:** Scamborova, Petra [mailto:petrascamborova@paulhastings.com]
**Sent:** Tuesday, March 05, 2013 6:35 PM
**To:** Kappos, John; Moon, Bo; Godfrey, Kristin

Cc: davidconca@paulhastings.com; anthonymichael@paulhastings.com; jamesevans@paulhastings.com; petercsepes@paulhastings.com
**Subject:** NVD v. Biogen & Alexion

John:


Stephen Squinto is available for deposition on March 26, 2013 in New Haven, CT.

Regards,

Petra

---

**Petra Scamborova | Associate**
Paul Hastings LLP | 75 East 55th Street, New York, NY 10022 | Direct: +1.212.318.6016 | Main: +1.212.318.6000 | Fax: +1.212.230.7701 | petrascamborova@paulhastings.com | www.paulhastings.com

**************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
**************************************************************************************


This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


For additional information, please visit our website at

**************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
**************************************************************************************


This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


For additional information, please visit our website at

# EXHIBIT G

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF DELAWARE

 3   NOVARTIS VACCINES and      :
     DIAGNOSTICS INC. et al.,   :
 4                              : No. 1:11-cv-00084-SLR-MPT
              Plaintiffs,       :
 5        v.                    :
                                :
 6   BIOGEN IDEC INC. et al.,   :
                                :
 7             Defendants.      :

 8

 9                   Friday, January 18, 2013
                     11:30 a.m.
10
                     Teleconference
11                   Chambers of Judge Mary Pat Thynge

12                   844 King Street
                     Wilmington, Delaware
13

14      BEFORE:   THE HONORABLE Mary Pat Thynge,
                  United States District Court Magistrate
15

16      APPEARANCES:

17
                     MORRIS JAMES LLP
18                   BY:  RICHARD K. HERRMANN, ESQ.

19                               -and-

20                   O'MELVENY & MYERS, LLP
                     BY:  JOHN C. KAPPOS, ESQ.
21                   BY:  NICK JANDA, ESQ.

22                   On behalf of Novartis Vaccines and
                     Diagnostics
23
                                 -and-
24
```

1          probably managed any differently.

2                    But to keep the Markman and summary

3          judgment hearing date of October 4th, this is

4          the only way with the solutions that have been

5          proposed it's going to work.  And the primary

6          reason, as I said before, why we're going to

7          keep that date is to keep the pretrial and trial

8          dates.  Now, the way I look at this and I think

9          the way that Judge Robinson would look at this

10         recommendation is the dates that have been

11         proposed, all the other dates that have been

12         proposed and the dates that have been ordered

13         today, are the dates that the parties are going

14         to have to meet.  Should there have to be a

15         change in this schedule any further, the Court

16         then will seriously look at who is the primary

17         party at fault.

18                    The Court does not intend to move

19         the pretrial or trial dates to the disadvantage

20         of the plaintiff, because I'm sure it's more a

21         desire on their part to keep those dates, if

22         it's based upon the inappropriate conduct of the

23         defense.  Likewise, plaintiffs run the same risk

24         of losing those dates if there are legitimate