# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOVARTIS VACCINES AND DIAGNOSTICS, INC.,
AND NOVARTIS PHARMA AG,

                *Plaintiffs,*

v.

MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND
ALEXION PHARMACEUTICALS, INC.,

                *Defendants.*

Civil Action No. 11-cv-00084-SLR-MPT

JURY TRIAL DEMANDED

████████████

PUBLIC - REDACTED VERSION

---

## NOVARTIS VACCINES AND DIAGNOSTICS, INC. AND NOVARTIS PHARMA AG'S OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

OF COUNSEL:

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA 94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

Dated: April 24, 2013

*Public version filed: May 1, 2013*

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Plaintiff,*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
OF COUNSEL:                          Andrew C. Mayo (#5207)
                                     ASHBY & GEDDES
Thomas P. Steindler                  500 Delaware A venue, 8th Floor
Charles J. Hawkins                   P.O. Box 1150
Raymond M. Gabriel                   Wilmington, DE 19899
MCDERMOTT, WILL & EMERY LLP          (302) 654-1888
500 North Capitol Street, NW         sbalick@ashby-geddes.com
Washington, DC 20001                 tlydon@ashby-geddes.com
(202) 756-8000                       amayo@ashby-geddes.com
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com                     *Attorneys for Plaintiff,*
                                     NOVARTIS PHARMA AG

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................ 1

II.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 2

III.   SUMMARY OF THE ARGUMENT .............................................................................. 3

IV.    BRIEF STATEMENT OF FACTS ............................................................................... 3

V.     ARGUMENT ............................................................................................................ 7

     A.     Legal Standards ............................................................................................... 7

          1.     Standards for Permitting Amendment of a Pleading After an Amendment Deadline .............................................................................. 7

          2.     Standards for Amendment of Pleadings Under Rule 15 ........................... 8

     B.     Plaintiffs Have Good Cause to Amend the Complaint After an Amendment Deadline ........................................................................................ 9

     C.     Leave to Amend Should Be Freely Given as None of the Foman Factors Apply ............................................................................................................... 11

VI.    CONCLUSION ......................................................................................................... 14

## TABLE OF AUTHORITIES

Page(s)

CASES

*Aeritas, LLC, v. Alaska Air Group, Inc.*,
  Civ. No. 11-967-SLR, 2012 U.S. Dist. LEXIS 140038 (D. Del. Sept. 28, 2012) .................11

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
  190 F. Supp. 2d 726 (D. Del. 2002)................................................................................9, 12

*Arthur v. Maersk, Inc.*,
  434 F.3d 196 (3rd Cir. 2006) .......................................................................................9, 11

*Charpentier v. Godsil*,
  937 F.2d 859 (3rd Cir. 1991) ..............................................................................................8

*Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*,
  C.A. No. 10-502-LPS, 2012 U.S. Dist. LEXIS 104982 (D. Del. July 27, 2012) .....................7

*Eastern Minerals & Chems. Co. v. Mahan*,
  225 F.3d 330 (3rd Cir. 2000) ..............................................................................................7

*Evonik Degussa GMBH v. Materia Inc.*,
  No. 09-636 (NLH/JS), 2011 U.S. Dist. LEXIS 156390 (D. Del. Dec. 13, 2011)............ passim

*Foman v. Davis*,
  371 U.S. 178 (1962)................................................................................................... passim

*ICU Med., Inc., v. RyMed Techs., Inc.*,
  674 F. Supp. 2d 574 (D. Del. 2009)......................................................................................8

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007)..................................................................................... passim

*Intervet Inc. v. Boehringer Ingelheim Vetmedica, Inc.*,
  C.A. No. 11-595-LPS, 2012 U.S. Dist. LEXIS 145685 (D. Del. Oct. 9, 2012) ...........8, 10, 11

*Leader Techs., Inc. v. Facebook, Inc.*,
  C.A. No. 08-862-LPS, 2010 U.S. Dist. LEXIS 63493 (D. Del. June 24, 2010)......................7

*Lincoln Nat'l Life Ins. Co. v. Snyder*,
  722 F. Supp. 2d 546 (D. Del. 2010) (Robinson, J.) ...........................................................9, 13

*Netgear Inc. v. Ruckus Wireless Inc.*,
  Civ. No. 10-999-SLR, 2013 U.S. Dist. LEXIS 35686 (D. Del. Mar. 14, 2013)....................11

**TABLE OF AUTHORITIES**
(continued)

**Page**

*PE Corp. v. Affymetrix, Inc.*,
   C. A. No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792 (D. Del. Sept. 27, 2001)
   (Robinson, J.)...................................................................................................................9, 13

*Roquette Freres v. SPI Pharma, Inc.*,
   C.A. 06-540-GMS, 2009 U.S. Dist. LEXIS 43740 (D. Del. May 21, 2009).......................8, 10

*WebXchange Inc. v. Dell Inc.*,
   2010 U.S. Dist. LEXIS 4526, 2010 WL 256547 (D. Del. Jan 20, 2010)..................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 ...............................................................................................................12

Fed. R. Civ. P. 15(a) ....................................................................................................... passim

Fed. R. Civ. P. 16...........................................................................................................1, 3, 7, 9

Local Rule 15.1 .........................................................................................................................1

## I.    Introduction

Pursuant to Federal Rules of Civil Procedure 15(a), 16(b) and Local Rule 15.1, Plaintiff Novartis Vaccines and Diagnostics, Inc. ("NVD"), and Plaintiff Novartis Pharma AG ("Pharma") (collectively "Plaintiffs") respectfully request the Court's leave to file a Second Amended Complaint for Patent Infringement to address three issues.  First, it clarifies that Plaintiff Pharma is *not* asserting patent infringement against Defendant Alexion Pharmaceuticals, Inc. ("Alexion").     Second, it recognizes that former Defendant MedImmune, LLC ("MedImmune") has settled and is no longer a party to this case.  Third, it addresses Defendant Biogen Idec, Inc.'s ("Biogen's") stated reason for opposing the amendment—that Plaintiffs' willfulness allegations do not specifically allege pre-filing knowledge of the patent-in-suit, which knowledge has now been shown through discovery.  This is an unusual motion to amend pleadings because, unlike most contested motions to amend, the only stated objection is not to the proposed changes, but to the continued presence of a willfulness allegation that has been in the complaint since the case was filed.

Defendants recently informed Plaintiffs that Defendants believed the governing First Supplemental Complaint in this action contained an allegation of patent infringement by Pharma against Alexion.  Plaintiffs did not intend such a reading of the First Supplemental Complaint and so sought Defendants' agreement to clarify the ambiguity that led Defendants to this interpretation.  While both Defendants initially agreed to allow Plaintiffs to file an amended complaint, Biogen later changed its mind and objected, stating that it could not agree to any amendment that continued to allege willful infringement against Biogen.  To address Biogen's concern, Plaintiffs proposed further amendments that explicitly recite pre-filing knowledge of the

patent-in-suit. However, the parties are unable to reach agreement after meeting and conferring on this issue.

Attached as Exhibit A is Plaintiffs' proposed Second Amended Complaint for Patent Infringement. A comparison showing the changes from the First Supplemental Complaint, filed July 18, 2012, to the proposed Second Amended Complaint for Patent Infringement is attached as Exhibit B. The proposed amendments will do three things. First, they remove any ambiguity regarding claims against Alexion. (*See* Exh. B at 6). Neither Defendant has objected to these changes. Second, the proposed amendments remove allegations against MedImmune, who was dismissed from the case in November 2012 due to a settlement. (*See* Exh. B at 3-5). Neither Defendant has objected to these changes. Finally, the amendments respond to Biogen's refusal to agree to any amendment that maintains a willfulness claim against Biogen—a claim first pled in the original Complaint. Because Biogen asserts that *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007), requires willfulness claims to be grounded in pre-filing conduct, the proposed amendments clarify that the willfulness allegations include pre-filing conduct. (*See* Exh. B at 6, 7.) All three of these types of amendments should be permitted.

## II.    Nature and Stage of the Proceedings

NVD filed this case on January 26, 2011. NVD is the assignee of U.S. Patent No. 5,688,688 ("the '688 patent") and asserts that Alexion and Biogen each infringe the '688 patent. (See D.I. 1). The deadline to file motions for leave to amend pleadings for the first phase of the case was July 15, 2012. (D.I. 36 at 4). On July 1, 2012, NVD entered into an agreement with Pharma making Pharma an exclusive licensee of the '688 Patent. (*See* D.I. 161 at 15). On July 13, 2012, NVD and Pharma filed a timely, unopposed motion for leave to file a Supplemental Complaint that named Pharma as a co-plaintiff. (D.I. 158). The Court granted that motion on

July 18, 2012, and the First Supplemental Complaint was filed later that day. (D.I. 161). On November 14, 2012, MedImmune was dismissed pursuant to a settlement agreement.

This case has been bifurcated. (D.I. 36 at 1). Fact discovery for the first phase has closed, except for laches issues, which remain open per order of Magistrate Judge Thynge. The Markman hearing is scheduled for October 4, 2013, and the pretrial conference for the first phase is scheduled on December 18, 2013. Trial for the first phase is scheduled to begin on January 13, 2014.

### III.    Summary of the Argument

Plaintiffs have demonstrated good cause to amend the complaint after the scheduling order deadline in this case under Federal Rule of Civil Procedure 16(b) because each of the proposed amendments was proposed promptly after learning of the relevant concerns raised by Defendants. *See Evonik Degussa GMBH v. Materia Inc.*, No. 09-636 (NLH/JS), 2011 U.S. Dist. LEXIS 156390, at *13-14 (D. Del. Dec. 13, 2011). Also, because Plaintiffs have shown no "undue delay, bad faith or dilatory motive," no "repeated failure to cure deficiencies by amendments previously allowed," because there will be no "undue prejudice to the opposing party by virtue of allowance of the amendment," and because the proposed amendment would not be futile, the Court should grant leave to amend under Federal Rule of Civil Procedure 15(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### IV.    Brief Statement of Facts

Plaintiff NVD is the assignee of the '688 patent. On January 26, 2011, NVD filed this action against Biogen, Alexion, and MedImmune, asserting that each of the three Defendants infringes the '688 patent. (*See* D.I. 1). The January 26, 2011, Complaint included an allegation that "Defendant Biogen's infringement of the '688 Patent has been and continues to be deliberate

3

and willful." (*Id.* at 23.) The same allegation was made against Alexion. MedImmune, Biogen, and Alexion, each received service of the Complaint on May 16, 2011. (*See* D.I. 6, 7, and 8). After Biogen and Alexion each stipulated to extend their time to respond to the Complaint, (D.I. 9 and 12), each filed an Answer on July 6, 2011, (D.I. 17 and 19). Later that month, NVD filed a First Amended Complaint on July 22, 2011. (D.I. 27). Like the January 26, 2011 Complaint, the July 22, 2011 First Amended Complaint included an allegation that "Defendant Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful." (*Compare* D.I. 27 at 24 *with* D.I. 1 at 23.) The same allegation was made against Alexion. Alexion and Biogen each answered the First Amended Complaint on August 8, 2011. (*See* D.I. 37, 38, and 39).

On August 5, 2011, the Court entered a scheduling order, which bifurcated the case and set a schedule for the first phase of the case. (D.I. 36). This order set July 15, 2012, as the deadline to file "[a]ll motions to join other parties and amend the pleadings." (D.I. 36 at 4). On July 1, 2012, NVD entered into an exclusive license agreement with Pharma by which Pharma became an exclusive licensee of the '688 Patent. (*See* D.I. 161 at 15). ███████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████Pharma and NVD promptly sought to add Pharma to this suit as a co-plaintiff so that Pharma could assert an infringement claim against Biogen. Less than two weeks later, on July 13, 2012, NVD and Pharma filed a timely, unopposed motion for leave to file a First Supplemental Complaint, which named Pharma as a co-plaintiff. (D.I. 158). The Court granted that motion on July 18, 2012, and the First Supplemental Complaint was filed that same day. (D.I. 161). The July 18, 2012 First

4

Supplemental Complaint, like the two previous complaints, included an allegation that each Defendant's "infringement of the '688 Patent has been and continues to be deliberate and willful." (*Compare id.* at 26 *with* D.I. 1 at 23 *and* D.I. 27 at 24.) On August 1, 2012, Biogen and Alexion each again answered this allegation. (*See* D.I. 166 and D.I. 169.) The license agreement between Pharma and NVD was produced to Defendants on August 6, 2012. (*See* Exh. D and Exh. C).

MedImmune was dismissed from the case on November 14, 2012. On February 5, 2013—more than six months after the motion to file the First Supplemental Complaint had been filed and the deadline to amend the pleadings had passed, and six months after the license agreement between NVD and Pharma had been produced—Defendants raised a concern about the First Supplemental Complaint in a meet and confer discussion. (*See* Exh. E). Defendants stated that they believed the governing complaint included a patent infringement allegation by Pharma against Alexion, which Plaintiffs had not intended. (*See id.*) Upon review of the First Supplemental Complaint, Plaintiffs realized that Defendants' interpretation came from the fact that when Pharma was added as a co-plaintiff, for simplicity, NVD's name throughout the complaint had been changed to "Plaintiffs" and "Plaintiffs" had been defined to include both NVD and Pharma. As a result, Plaintiffs realized that the First Supplemental Complaint contained an ambiguity and that Alexion interpreted the complaint to include an assertion of infringement by Pharma against Alexion, which Plaintiffs had not intended. As a result of this realization, three days after Defendants raised this issue, on February 8, 2013, NVD and Pharma informed Defendants that "[b]ecause we did not intend the interpretation you raise and we understand defendants feel there is an ambiguity, NVD proposes to file an amended complaint to clarify," and sent to Defendants a proposed amended complaint. (*Id.*) The proposed changes

attempted to address the ambiguity Defendants identified.  (*Id.*)  Additionally, since changes were being made, Plaintiffs removed the allegations against MedImmune to reflect that MedImmune has been dismissed from the case.  (*Id.*)

On February 22, 2013, Alexion stated that it would not oppose filing the amended complaint.  (Exh. F).  Biogen, however, did not respond.  NVD requested a response from Biogen on February 22, 2013, and again on March 11, 2013.  (*Id.* and Exh. G at 3-4).  On March 13, 2013, Biogen represented that ██████████████████████████████████████████

████████████████████████████████████████████████████████████████

On March 25, 2013, Pharma proposed further revisions to the First Supplemental Complaint to ensure that no ambiguity remained regarding its infringement allegations.  (*Id.* at 2).  Alexion requested several additional wording changes and indicated that, with those additional changes, Alexion did not object to amending the complaint.  (Exh. H).  However, on April 1, 2013, ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████ Plaintiff thus proposed further amendments, this time providing more detail on the

6

timeframe of the willfulness allegations. (Exh. J).  Biogen has maintained its objections.  (*See* Exh. J).  Despite indicating during the April 22, 2013, meet and confer that it would respond promptly, Alexion indicated on April 23, 2013 that it is unclear on the proposed amendments. (*See* Exh. M).  NVD again explained the changes shortly after receiving Alexion's email (Exh. N).  On April 23, 2013, Alexion requested that Plaintiffs delay filing their motion to amend. (Exh. O).  Plaintiffs delayed filing their motion to amend for one day and advised Alexion that if no response was received by the close of business on April 24, 2013, then Plaintiffs would proceed to file the motion to amend as an opposed motion.  (Exh. P).  Alexion has advised that it does not oppose Plaintiffs' motion to amend.

## V.      Argument

### A.      Legal Standards

1.      Standards for Permitting Amendment of a Pleading After an Amendment Deadline

Where a party moves to amend a pleading after a deadline imposed by a Scheduling Order, the Court first weighs good cause under Federal Rule of Civil Procedure Rule 16.  *See Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 339-40 (3rd Cir. 2000); *Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*, C.A. No. 10-502-LPS, 2012 U.S. Dist. LEXIS 104982 (D. Del. July 27, 2012) (citing *WebXchange Inc. v. Dell Inc.*, 2010 U.S. Dist. LEXIS 4526, 2010 WL 256547, at *2 (D. Del. Jan 20, 2010)).  "'Good cause' exists when the ordered schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Leader Techs., Inc. v. Facebook, Inc.*, C.A. No. 08-862-LPS, 2010 U.S. Dist. LEXIS 63493 at *9 (D. Del. June 24, 2010) (citing Fed. R. Civ. P. 16(b)(4) Advisory Committee's Notes (1983 Amendments)).  "[T]he good cause standard under Rule 16(b) hinges on the diligence of the movant." *Cloud Farm Assocs., L.P.*, 2012 U.S. Dist. LEXIS 104982, at *5.

Movants are diligent in moving to amend pleadings where they act diligently upon discovering new facts after the deadline to amend the pleadings.   In one case, the Court considered a plaintiff who was seeking to add claims of inequitable conduct, who had "submit[ed] proposed amendments to defendants within a month" of depositions that occurred after the deadline to amend. *Evonik* , 2011 U.S. Dist. LEXIS 156390, at \*13.  The Court found "that plaintiff demonstrated sufficient diligence" because "[w]hile some information suggesting an allegation of inequitable conduct may have existed prior to [the deadline to amend], it was not complete." *Id.*  Likewise, the Court has found good cause to permit addition of an inequitable conduct claim where movant filed the motion a month and a half after depositions that, in turn, occurred six months after cutoff date for amendment to the pleadings.  *Roquette Freres v. SPI Pharma, Inc.*, C.A. 06-540-GMS, 2009 U.S. Dist. LEXIS 43740, at \*16-17 (D. Del. May 21, 2009).  Similarly, the Court found good cause for movant to add a claim of inequitable conduct where movant "informed [non-movant] of its intention to amend its answer approximately one week" following a deposition where it "discovered facts supporting its inequitable conduct claim after the amendment deadline." *Intervet Inc. v. Boehringer Ingelheim Vetmedica, Inc.*, C.A. No. 11-595-LPS, 2012 U.S. Dist. LEXIS 145685, at \*3-4 (D. Del. Oct. 9, 2012).

2.      Standards for Amendment of Pleadings Under Rule 15

Amendments of pleadings are governed by Fed. R. Civ. P. 15(a) which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *ICU Med., Inc., v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (citation omitted); *see also Charpentier v. Godsil*, 937 F.2d 859, 864 (3rd Cir. 1991) ("Unless the opposing party will be prejudiced, leave to

amend should generally be allowed."). In *Foman v. Davis*, the Supreme Court emphasized that "the leave sought should, as the rules require, be 'freely given'" as long as there is no "apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3rd Cir. 2006) (granting a motion to amend after application of the *Foman* factors). An amendment to a complaint is not futile when the proposed amended claim states a colorable claim. *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002). The Third Circuit has emphasized that "[w]e have consistently recognized . . . that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" *Arthur*, 434 F.3d at 204 (citations omitted).

The District of Delaware has granted leave for a variety of amendments to complaints. For example, the Court has granted leave to change the identity of a plaintiff in a complaint due to a clerical error. *PE Corp. v. Affymetrix, Inc.*, C. A. No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792 (D. Del. Sept. 27, 2001) (Robinson, J.). Similarly, the Court granted leave to correct a misquote in a complaint because there was "no showing of bad faith on plaintiff's part." *Lincoln Nat'l Life Ins. Co. v. Snyder*, 722 F. Supp. 2d 546, 561 (D. Del. 2010) (Robinson, J.).

### B.   Plaintiffs Have Good Cause to Amend the Complaint After an Amendment Deadline

Good cause to amend the complaint after the amendment deadline under Federal Rule of Civil Procedure 16(b)(4) exists here because Plaintiffs have acted diligently ever since learning of each of Defendants' concerns. The Court has found movants acted diligently and so had good cause to amend pleadings as a result of information learned at events that took place six months

9

after the deadline to amend. *See Evonik*, 2011 U.S. Dist. LEXIS 156390, at *13-14; *Roquette*, 2009 U.S. Dist. LEXIS 43740, at *16-17.   Similarly, Plaintiffs here did not learn about Defendants' interpretation of the First Supplemental Complaint until February 5, 2013—nearly six months after the July 2012 deadline for amending pleadings. (*See* Exh. E).   In response, Plaintiffs proposed a clarifying amendment only three days later. (*Id.*)  This is far less than the month-long period before an amendment was proposed in *Evonik*, and is also less than the weeks-long period found sufficiently short in *Intervet*. *See Evonik*, 2011 U.S. Dist. LEXIS 156390, at *13-14; *Intervet*, 2012 U.S. Dist. LEXIS 145685, at *3-4. Plaintiffs could not have begun the process to correct the ambiguity by the Court's deadline to amend pleadings because they were not aware of Defendants' interpretation until Defendants raised the issue on February 5, 2013. And despite having reviewed the First Supplemental Complaint before its filing on July 13, 2012, and having received production of the license between NVD and Pharma on August 6, 2012, defendants did not raise this issue until six months after seeing the license agreement between Pharma and NVD, which suggests that Defendants were also not aware of the alleged ambiguity of which they later complained.

Similarly, Plaintiffs' clarifications to the willfulness allegations were proposed less than two weeks after Biogen first asserted these allegations did not comport with *Seagate* on April 8, 2013. (Exh. J). NVD filed this case with a willfulness allegation against Biogen on January 26, 2011. (D.I. 1). Despite the fact that the Complaint was filed more than three years after the *Seagate* case, Biogen did not object to NVD's willfulness allegation at that time, and instead answered it. (*See* D.I. 17). The willfulness claim appeared in the next two amended complaints, and both of those times Biogen again answered this allegation without contesting its propriety. (*See* D.I. 39 and D.I. 166). Biogen only raised this issue now, more than two years after the case

was filed and more than six months after the deadline to amend pleadings has passed. (*See* Exh. G at 2). In contrast, Plaintiffs diligently proposed the amendments to address Biogen's stated concern less than two weeks after Biogen first made its concerns known to the Plaintiffs. (*See* Exh. J). Plaintiffs' action is well within the timeframe this Court has held to be a diligent response. *See Evonik*, 2011 U.S. Dist. LEXIS 156390, at *13-14; *Intervet*, 2012 U.S. Dist. LEXIS 145685, at *3-4. Good cause therefore exists to amend the complaint after the amendment deadline to clarify that Pharma is not alleging infringement by Alexion and to respond to Biogen's complaints against the willfulness allegations.[1]

**C.   Leave to Amend Should Be Freely Given as None of the *Foman* Factors Apply**

None of the Foman factors apply here and so "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (citing Fed. R. Civ. P. 15(a)); *see also Arthur*, 434 F.3d at 204 (granting a motion to amend after application of the *Foman* factors). During the meet and confer process, Defendants have never alleged that Plaintiffs' proposed changes would implicate any of the *Foman* factors. And they do not. As discussed above in Section V.A., the proposed changes do not result from "undue delay, bad faith or dilatory

---

[1] Plaintiffs believe there is no requirement for good cause because the present case is bifurcated and willfulness is not to be addressed until the second phase. In any case, good cause to amend exists here for at least three reasons. First, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Second, Biogen delayed until April 8, 2013, more than two years after the case was filed and more than six months after the deadline to amend pleadings, to first advise Plaintiffs that Biogen now asserts the willfulness allegations did not comport with *Seagate*. (Exh. J). Third, this Court has indicated after Plaintiffs filed the July 18, 2012 Supplemental Complaint that pre-filing knowledge should be explicitly pled. *See Netgear Inc. v. Ruckus Wireless Inc.*, Civ. No. 10-999-SLR, 2013 U.S. Dist. LEXIS 35686, at *3-5 (D. Del. Mar. 14, 2013); *Aeritas, LLC, v. Alaska Air Group, Inc.*, Civ. No. 11-967-SLR, 2012 U.S. Dist. LEXIS 140038, at *10-11 (D. Del. Sept. 28, 2012).

motive" by Plaintiffs, which is the first factor identified by *Foman*. *Foman*, 371 U.S. at 182. To the contrary, the proposed changes are the result of diligent action by Plaintiffs once Defendants notified Plaintiffs of the alleged ambiguity.  (*See* Exh. E).  The Second *Foman* factor— "repeated failure to cure deficiencies by amendments previously allowed"—does not apply here because Plaintiffs have not previously amended to address any alleged ambiguity as to whether Pharma is alleging infringement against Alexion, much less shown "repeated failure" to address it. *Foman*, 371 U.S. at 182.  Likewise, Biogen has not previously raised its *Seagate* concern regarding allegations of Biogen's willful infringement, so Plaintiffs have never previously had the opportunity to address it.  The third *Foman* factor is "undue prejudice to the opposing party by virtue of allowance of the amendment." *Id.*  Since the initially proposed amendment would clarify that the complaint is narrower than Defendants have been reading it, there can be no prejudice as narrowing issues does not cause prejudice.  Similarly, the proposed amendments to the willfulness allegations only add additional specificity to a claim that has been asserted in this case since the day it was filed.  The clarification is made to address an issue raised by Biogen itself—thus, Biogen cannot be prejudiced by a clarification that addresses its belated concern. The final *Foman* factor of "futility of amendment," *id.*, likewise does not apply here because the amended allegations continue to state a colorable claim. *Agere Systems*, 190 F. Supp. 2d at 736.

Instead of identifying any objection to the proposed changes, Biogen refused to agree to the amendments based on language that is *not* changed.  Biogen asserted on April 8, 2013, ██████

████████████████████████████████████████████████████████

████████████████████████████████████████████ (Exh. G at 1 (emphasis added)).  But a claim that Biogen has willfully infringed the '688 patent and a request for treble damages has been present in all three of the Complaints filed in this case and is irrelevant to this

motion to amend other parts of the complaint. This motion is not the place to consider Biogen's displeasure with Defendants' allegation of willfulness against Biogen. The willfulness allegation against Biogen has not been dismissed—Biogen did not even move to dismiss this allegation during the period for such a motion, but instead answered the allegation three times. (*See* D.I. 17, 39, and 163.) Nor can Biogen be seeking summary judgment on this allegation when willfulness discovery will not occur until the second phase of this case.[2]

Biogen has failed to point to any legitimate reason to deny Plaintiffs' motion to amend the complaint. Plaintiffs have not acted in bad faith, and "absent a showing of bad faith, the court may freely use its discretion to grant a party leave to amend its complaint." *Lincoln Nat'l*, 722 F. Supp. 2d at 561. The Court in *PE Corp.* granted leave to *change* the identity of a plaintiff in a complaint due to a clerical error—Plaintiffs here should be granted leave to *clarify* the identity of which plaintiffs are alleging infringement against Alexion. *PE Corp.*, U.S. Dist. LEXIS 15792. Similarly, the Court in *Lincoln* allowed a party to "amend its complaint in order to *contradict* is original allegations;" Plaintiffs here should be permitted to amend in order to *add more detail* to Plaintiffs' original allegations. *Lincoln Nat'l*, 722 F. Supp. 2d at 561 The Court should grant leave (1) to amend purportedly ambiguous language to clarify that only NVD (rather than both NVD and Pharma) are asserting infringement against Alexion, (2) to remove claims against former Defendant MedImmune, and (3) to add detail to the willfulness allegations against Biogen and Alexion. *Id.*

---

[2] Since this is a bifurcated trial, the damages phase will not occur unless there is a verdict of infringement and validity. Once there is such a verdict, it would be willful for Defendants to continue its behavior identified as infringing. It serves no purpose to address this issue in the first phase.

## VI.    Conclusion

For the reasons stated above, Plaintiffs respectfully ask that the Court grant its motion to amend its First Supplemental Complaint to First Amended Complaint.


Dated:  April 24, 2013

*Public version filed: May 1, 2013*

                                            */s/ Richard K. Herrmann*
                                            Richard K. Herrmann (#405)
                                            Mary B. Matterer (#2696)
                                            Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA 94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

*Attorneys for Plaintiff,*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.

_/s/ Steven J. Balick_

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware A venue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com

_Attorneys for Plaintiff,_
NOVARTIS PHARMA AG

15

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., AND NOVARTIS PHARMA AG,<br><br>*Plaintiffs,*<br><br>v.<br><br>BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC.<br><br>*Defendants.* | Civil Action No. 11-cv-00084 (SLR)<br><br>JURY TRIAL DEMANDED |

## Second Amended Complaint For Patent Infringement

Plaintiffs Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG ("Pharma") (collectively "Plaintiffs"), by and through their undersigned counsel, file this Complaint.  V&D is filing against Biogen Idec, Inc. ("Biogen"), and Alexion Pharmaceuticals, Inc. ("Alexion"), and Pharma is filing against Biogen only.  This Complaint alleges upon knowledge as to matters relating to each of the Plaintiffs and upon information and belief as to all other matters as follows:

## Nature of the Action

1.     This is an action for patent infringement.

## Parties

2.     Plaintiff V&D is a corporation organized and existing under the laws of Delaware, having places of business in Emeryville, California and Cambridge, Massachusetts. V&D is engaged in the research, development, manufacture and sale of pharmaceutical products, including vaccines and diagnostic products.

3,     Plaintiff Pharma is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland.   Pharma is engaged in development, manufacture, and sale of pharmaceutical products.

4.     Defendant Biogen is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 14 Cambridge Center, Cambridge, Massachusetts, 02142.   Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

5.     Defendant Alexion is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410.  Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

## Jurisdiction And Venue

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

7.     The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

9.     On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M.

Thayer and Nancy Haigwood.  A true and correct copy of the '688 Patent is attached hereto as Exhibit 1.

10.     Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron"), a biotechnology firm that was formerly based in Emeryville, California.

11.     On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly owned subsidiary of Novartis AG.  After the acquisition, Chiron's vaccines and blood-testing units were combined to form what is now known as V&D.

12.     As successor to Chiron, V&D holds all right, title and interest in the '688 Patent.

13.     V&D and Pharma entered into an exclusive license agreement effective July 1, 2012, whereby Pharma became an exclusive licensee of the '688 Patent in the fields of treatment for multiple sclerosis and eye diseases.

14.     The '688 Patent discloses and claims, among other things, gene expression constructs for the expression of polypeptides in mammalian cells.

15.     Non-party Lonza Group AG, through one or more of its affiliates, manufactures and sells a commercial gene expression system—the Lonza GS Expression System™—that uses the same technology claimed in the '688 Patent. A typical expression vector used in the Lonza GS Expression System™ includes each of the four primary elements of the claimed inventions: (a) an upstream SV40 origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from the human cytomegalovirus ("hCMV") immediate early region IE1, inclusive of the promoter, enhancer and Intron A; and (d) a polypeptide coding sequence encoding a heterologous polypeptide. Accordingly, use of the expression vectors associated with the Lonza GS Expression System™, or use of an expression system into which such vectors are incorporated, infringes one or more claims of the '688 Patent.

## Count II

### (Biogen's Infringement of U.S. Patent No. 5,688,688)

16.     Plaintiffs V&D and Pharma incorporate by reference and re-allege paragraphs 1-15 above as though fully stated herein.

17.     Plaintiffs V&D and Pharma allege that Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Tysabri® without authority or license from Plaintiffs V&D and Pharma. Tysabri is manufactured in the United States using the Lonza GS Expression System™.

18.     Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

19.     Defendant Biogen's acts of infringement have caused damage to Plaintiffs V&D and Pharma, and Plaintiffs V&D and Pharma are entitled to recover from Biogen the damages sustained by Plaintiffs V&D and Pharma as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

20.     Defendant Biogen has known of the '688 Patent and of its infringement by the manufacture of Tysabri at least as early as November 2010, and Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## Count III

### (Alexion's Infringement of U.S. Patent No. 5,688,688)

21.     Plaintiff V&D incorporates by reference and re-alleges paragraphs 1-20 above as though fully stated herein.

22.     Plaintiff V&D alleges that Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Soliris® without authority or license from V&D. Soliris is manufactured in the United States using the Lonza GS Expression System™.

23.     Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

24.     Defendant Alexion's acts of infringement have caused damage to Plaintiff V&D, and V&D is entitled to recover from Alexion the damages sustained by V&D as a result of the Alexion's wrongful acts in an amount subject to proof at trial.

25.     Defendant Alexion has known of the '688 Patent and of its infringement by the manufacture of Soliris at least as early as May 2006, and Alexion's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

26.     **Prayer for Relief**

WHEREFORE:

A.     Plaintiffs V&D and Pharma demand judgment declaring that Biogen has infringed and continues to infringe the '688 Patent and finding such infringement willful;

B.     Plaintiff V&D demands judgment declaring that Alexion has infringed and continues to infringe the '688 Patent and finding such infringement willful;

C.     Plaintiff V&D demands judgment awarding Plaintiff V&D compensatory damages for Biogen and Alexion's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

D.      Plaintiff Pharma demands judgment awarding Pharma compensatory damages for Biogen's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

E.      Plaintiffs V&D and Pharma demand judgment trebling any and all damages awarded to each of them for willful acts of infringement complained of herein;

F.      Plaintiffs V&D and Pharma demand judgment awarding each of them reasonable attorneys' fees pursuant to 35 U.S.C 285; and

G.      Plaintiffs V&D and Pharma demand judgment granting each of them such other and further relief as this Court deems just and proper.

**Jury Demand**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs V&D and Pharma demand a trial by jury.

Dated: _____, 2013

/s/ Richard K. Herrmann
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Amy A. Quinlan (#3021)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA  94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954

6

jkappos@OMM.com
bmoon@OMM.com

*Attorneys for Plaintiff,*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.


_____/s/ Steven J. Balick_____
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware A venue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com
*Attorneys for Plaintiff,*
NOVARTIS PHARMA AG

7

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., AND NOVARTIS PHARMA AG~~.~~, <br><br> *Plaintiffs*, <br><br> v. <br><br> ~~MEDIMMUNE, LLC,~~ BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC.~~,~~ <br><br> *Defendants*. | Civil Action No. 11-~~CV~~cv-~~84~~00084 (SLR) <br><br> JURY TRIAL DEMANDED |

### ~~First Supplemental Complaint to First~~Second Amended Complaint ~~for~~For Patent Infringement

Plaintiffs Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG ("Pharma")– (collectively "Plaintiffs"), by and through their undersigned counsel, ~~for their~~file this Complaint ~~herein.  V&D is filing~~ against ~~MedImmune, LLC,~~ Biogen Idec, Inc. ("Biogen"), and Alexion Pharmaceuticals, Inc.~~,~~ ("Alexion"), and Pharma is filing against Biogen only.  This Complaint alleges upon knowledge as to matters relating to ~~themselves~~each of the Plaintiffs and upon information and belief as to all other matters~~, alleges~~ as follows:

### Nature of the Action

~~1.~~1. This is an action for patent infringement.

### Parties

~~2.~~2. Plaintiff V&D is a corporation organized and existing under the laws of Delaware, having places of business in Emeryville, California and Cambridge,

---

1       Workshare Compare comparison of Final Supplemental Complaint.doc and Second Amended Complaint.docx. Performed on 4/23/2013.

Massachusetts.  V&D is engaged in the research, development, manufacture and sale of pharmaceutical products, including vaccines and diagnostic products.

3. 3. Plaintiff Novartis Pharma AG ("Pharma") is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland. Pharma is engaged in development, manufacture, and sale of pharmaceutical products.

4. Defendant MedImmune, LLC ("MedImmune") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One MedImmune Way, Gaithersburg, MD 20878.  MedImmune is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

5. 4. Defendant Biogen Idec, Inc. ("Biogen") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 133 Boston Post Road, Weston, MA 02493. 14 Cambridge Center, Cambridge, Massachusetts, 02142. Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

6. 5. Defendant Alexion Pharmaceuticals, Inc. ("Alexion") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410.  Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

## Jurisdiction And Venue

7. 6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

8. 7. The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

9. 8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Count I**

**(MedImmune's Infringement of U.S. Patent No. 5,688,688)**

10. Plaintiffs incorporate by reference and realleges paragraphs 1-9 above as though fully stated herein.

11. 9. On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer and Nancy Haigwood.  A true and correct copy of the '688 Patent is attached hereto as Exhibit 1.

12. 10. Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron"), a biotechnology firm that was formerly based in Emeryville, California.

13. 11. On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly owned subsidiary of Novartis AG.  After the acquisition, Chiron's vaccines and blood-testing units were combined to form what is now known as V&D.

14. 12. As successor to Chiron, V&D holds all right, title and interest in the '688 Patent.

15. 13. V&D and Pharma entered into an exclusive license agreement effective July 1, 2012, whereby Pharma became an exclusive licensee of the '688 Patent in the fields of treatment for multiple sclerosis and eye diseases.

16. 14.  The '688 Patent discloses and claims, among other things, gene expression constructs for the expression of polypeptides in mammalian cells.

17. 15.   Non-party Lonza Group AG, through one or more of its affiliates, manufactures and sells a commercial gene expression system—the Lonza GS Expression System™—that uses the same technology claimed in the '688 Patent.  A typical expression vector used in the Lonza GS Expression System™ includes each of the four primary elements of the claimed inventions:  (a) an upstream SV40 origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from the human cytomegalovirus ("hCMV") immediate early region IE1, inclusive of the promoter, enhancer and Intron A; and (d) a polypeptide coding sequence encoding a heterologous polypeptide.  Accordingly, use of the expression vectors associated with the Lonza GS Expression System™, or use of an expression system into which such vectors are incorporated, infringes one or more claims of the '688 Patent.

18. Defendant MedImmune has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Synagis® without authority or license from Plaintiffs. Synagis is manufactured in the United States using the Lonza GS Expression System™.

19. Defendant MedImmune is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

20. Defendant MedImmune's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from MedImmune the damages sustained by Plaintiffs as a result of MedImmune's wrongful acts in an amount subject to proof at trial.

21. Defendant MedImmune's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35

U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## Count II

**(Biogen's Infringement of U.S. Patent No. 5,688,688)**

22. 16. Plaintiffs V&D and Pharma incorporate by reference and realleges re-allege paragraphs 1-21 15 above as though fully stated herein.

23. 17.        Plaintiffs V&D and Pharma allege that Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Tysabri® without authority or license from Plaintiffs V&D and Pharma.  Tysabri is manufactured in the United States using the Lonza GS Expression System™.

24. 18.  Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

25. 19.  Defendant Biogen's acts of infringement have caused damage to Plaintiffs V&D and Pharma, and Plaintiffs V&D and Pharma are entitled to recover from Biogen the damages sustained by Plaintiffs V&D and Pharma as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

26.     Defendant 20.  Defendant Biogen has known of the '688 Patent and of its infringement by the manufacture of Tysabri at least as early as November 2010, and Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## Count III

### (Alexion's Infringement of U.S. Patent No. 5,688,688)

~~27.     Plaintiffs incorporate~~21.       Plaintiff V&D incorporates by reference and ~~realleges~~re-alleges paragraphs 1-~~26~~20 above as though fully stated herein.

~~28.~~22.        Plaintiff V&D alleges that Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Soliris® without authority or license from ~~Plaintiffs.~~ V&D. Soliris is manufactured in the United States using the Lonza GS Expression System™.

~~29.~~23.  Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

~~30.~~24.   Defendant Alexion's acts of infringement have caused damage to ~~Plaintiffs~~Plaintiff V&D, and ~~Plaintiffs are~~V&D is entitled to recover from Alexion the damages sustained by ~~Novartis~~V&D as a result of the Alexion's wrongful acts in an amount subject to proof at trial.

~~31.     Defendant~~25.  Defendant Alexion has known of the '688 Patent and of its infringement by the manufacture of Soliris at least as early as May 2006, and Alexion's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

### 26.    Prayer for Relief

WHEREFORE~~, Plaintiffs demand judgment~~:

~~A.     declaring that MedImmune has infringed and continues to infringe the '688 Patent and finding such infringement willful;~~

~~B.~~ A.   Plaintiffs V&D and Pharma demand judgment declaring that Biogen has infringed and continues to infringe the '688 Patent and finding such infringement willful;

~~C.~~ B.   Plaintiff V&D demands judgment declaring that Alexion has infringed and continues to infringe the '688 Patent and finding such infringement willful;

~~D.~~

C.      Plaintiff V&D demands judgment awarding ~~Plaintiffs~~Plaintiff V&D compensatory damages for ~~Defendants'~~Biogen and Alexion's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

D.      Plaintiff Pharma demands judgment awarding Pharma compensatory damages for Biogen's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

~~E.~~ E.   Plaintiffs V&D and Pharma demand judgment trebling any and all damages awarded to ~~Plaintiffs,~~each of them for willful acts of infringement complained of herein;

~~F.      awarding~~ F.  Plaintiffs V&D and Pharma demand judgment awarding each of them reasonable attorneys' fees pursuant to 35 U.S.C. ~~§~~ 285; and

~~G.      granting~~ G.  Plaintiffs V&D and Pharma demand judgment granting each of them such other and further relief as this Court deems just and proper.

## Jury Demand

Pursuant to Fed. R. Civ. P. 38(b), ~~Plaintiff Novartis V&D demands~~Plaintiffs V&D and Pharma demand a trial by jury.

Dated: ~~July 13, 2012~~_____, 2013

                           ___/s/ Richard K. Herrmann_____
                           Richard K. Herrmann (#405)
                           Mary B. Matterer (#2696)
                           Amy A. Quinlan (#3021)
                           Kenneth L. Dorsney (#3726)
                           MORRIS JAMES LLP
                           500 Delaware Avenue, Suite 1500
                           Wilmington, DE 19801
                           (302) 888-6800
                           rherrmann@morrisjames.com

                           George A. Riley (pro hac vice)
                           O'Melveny & Myers LLP
                           Two Embarcadero Center
                           San Francisco, CA 94111
                           (415) 984-8700
                           griley@OMM.com

                           John C. Kappos (pro hac vice)
                           Bo K. Moon (pro hac vice)
                           O'Melveny & Myers LLP
                           610 Newport Center Drive
                           17th Floor
                           Newport Beach, CA 92660
                           (949) 823-6954
                           jkappos@OMM.com
                           bmoon@OMM.com

                           *Attorneys for Plaintiff,*
                           NOVARTIS VACCINES AND DIAGNOSTICS, INC.

                           _____/s/ Steven J. Balick_____
                           Steven J. Balick (#2114)
                           Tiffany Geyer Lydon (#3950)
                           Andrew C. Mayo (#5207)
                           ASHBY & GEDDES
                           500 Delaware A venue, 8th Floor

Workshare Compare comparison of Final Supplemental Complaint.doc and Second Amended Complaint.docx. Performed on 4/23/2013.

P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

/s/ Richard K. Herrmann
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

/s/ Richard K. Herrmann
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA 94111
(415) 984-8700
griley@OMM.com

Attorneys for Plaintiff,
NOVARTIS PHARMA AG

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

Attorneys for Plaintiff,
NOVARTIS VACCINES AND DIAGNOSTICS, INC.

Thomas P. Steindler
Charles J. Hawkins

9      Workshare Compare comparison of Final Supplemental Complaint.doc and
Second Amended Complaint.docx. Performed on 4/23/2013.

Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com

*Attorneys for Plaintiff,*
NOVARTIS PHARMA AG

# EXHIBIT C

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT D

# McDermott
# Will&Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Paris  Rome  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Thomas P. Steindler
Partner
tsteindler@mwe.com
+1 202 756 8254

August 6, 2012

**VIA EMAIL**

Christine Willgoos, Esq.
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
christinewillgoos@paulhastings.com

Linda A. Wadler, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001
Linda.Wadler@finnegan.com

Jeremy Younkin, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
jyounkin@foleyhoag.com

Re:    Novartis V&D, Inc. v. MedImmune, LLC, et. al. (Civil Action No. 11-00084 SLR)
       Production of Documents, Initial Disclosures, and Designation of e-Custodians

Dear Counsel:

Enclosed please find Novartis Pharma AG's ("Novartis Pharma") first production of documents
Bates labeled NP00000001- NP00000010.  This production is made pursuant to the Stipulated
Protective Order  and includes documents designated "Highly Confidential – Outside Counsel
Eyes Only."

Further, after a reasonable investigation, Novartis Pharma currently intends to collect electronic
files from the following individuals:

    Samir Shah
    Anthony Rosenberg
    Knut Sturmhoefel
    Rebecca Weston
    Thomas Lehmeier

August 6, 2012
Page 2

Thomas van Laar
Gabriela Huber
Tim Sirichoke
Hans Masselink

By listing these individuals, Novartis Pharma does not represent that the individuals will have relevant, responsive, non-privileged documents and/or information.  Further, Novartis Pharma reserves the right to change, amend, modify, add to or alter this list of individuals in view of subsequent investigation.

Sincerely,

Thomas P. Steindler

Enclosure

Cc:     All counsel of record

DM_US 37382637-1.091452.0011

# EXHIBIT E



## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

NEW YORK

610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429

TELEPHONE (949) 760-9600
FACSIMILE (949) 823-6994
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

February 8, 2013

OUR FILE NUMBER
0151800-00013

**VIA EMAIL**

WRITER'S DIRECT DIAL
(949) 823-6954

David Conca, Esq.
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
davidconca@paulhastings.com

WRITER'S E-MAIL ADDRESS
jkappos@omm.com

Jeremy Younkin, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
jyounkin@foleyhoag.com

> **Re:** *Novartis Vaccines and Diagnostics, Inc. v. MedImmune, LLC, et. al.,*
> *C.A. No. 11-CV-84 (SLR)*

Dear David and Jeremy:

      Further to our meet and confer on February 5, 2013, we have reviewed the amended complaint filed on July 18, 2012. We understand you believe the amended complaint adding Novartis Pharma AG contained an ambiguity caused by the use of the collective term "Plaintiffs" as the entity asserting claims against Alexion. The collective term "Plaintiffs" was used because NVD—a member of the collective term "Plaintiffs"—is asserting claims against Alexion. Because we did not intend the interpretation you raise and we understand defendants feel there is an ambiguity, NVD and Pharma propose to file an amended complaint to clarify. A copy of NVD and Pharma's proposed amendment is attached for defendants' review. Let us know whether defendants agree to not oppose the filing of the amended complaint.

      Sincerely,

      *John Kappos*

      John Kappos

cc:   Thomas P. Steindler, Esq.
      Richard Herrmann, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NOVARTIS VACCINES AND DIAGNOSTICS, INC., AND
NOVARTIS PHARMA AG,

*Plaintiffs*,

v.

~~MEDIMMUNE, LLC,~~ BIOGEN IDEC, INC., AND
ALEXION PHARMACEUTICALS, INC.

*Defendants*.

Civil Action No. 11-cv-00084-SLR

---

**First Supplemental Complaint For Patent Infringement**

Plaintiffs Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG

("Pharma")~~–~~(collectively "Plaintiffs"), by and through their undersigned counsel, for their

Complaint herein against ~~MedImmune, LLC,~~ Biogen Idec, Inc.~~,~~ and Alexion Pharmaceuticals,

Inc., upon knowledge as to matters relating to themselves and upon information and belief as to

all other matters, alleges as follows:

**Nature of the Action**

1.      This is an action for patent infringement.

**Parties**

2.      Plaintiff V&D is a corporation organized and existing under the laws of

Delaware, having places of business in Emeryville, California and Cambridge, Massachusetts.

V&D is engaged in the research, development, manufacture and sale of pharmaceutical products,

including vaccines and diagnostic products.

3,       Plaintiff Novartis Pharma AG ("Pharma") is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland.  Pharma is engaged in development, manufacture, and sale of pharmaceutical products.

4.       Defendant MedImmune, LLC ("MedImmune") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One MedImmune Way, Gaithersburg, MD 20878.  MedImmune is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

54.       Defendant Biogen Idec, Inc. ("Biogen") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 14 Cambridge Center, Cambridge, Massachusetts, 02142.  Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

65.       Defendant Alexion Pharmaceuticals, Inc. ("Alexion") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410.  Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

### Jurisdiction And Venue

76.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

87.       The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

98.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Count I**

**(MedImmune's Infringement of U.S. Patent No. 5,688,688)**

10.   Plaintiffs incorporate by reference and realleges paragraphs 1-9 above as though fully stated herein.

119.   On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer and Nancy Haigwood.  A true and correct copy of the '688 Patent is attached hereto as Exhibit 1.

1210.   Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron" ), a biotechnology firm that was formerly based in Emeryville, California.

1311.   On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly owned subsidiary of Novartis AG.  After the acquisition, Chiron's vaccines and blood-testing units were combined to form what is now known as V&D.

1412.   As successor to Chiron, V&D holds all right, title and interest in the '688 Patent.

1513.   V&D and Pharma entered into an exclusive license agreement effective July 1, 2012, whereby Pharma became an exclusive licensee of the '688 Patent in the field of treatment for multiple sclerosis and eye diseases.

1614.   The '688 Patent discloses and claims, among other things, gene expression constructs for the expression of polypeptides in mammalian cells.

1715.   Non-party Lonza Group AG, through one or more of its affiliates, manufactures and sells a commercial gene expression system—the Lonza GS Expression System™—that uses

the same technology claimed in the '688 Patent. A typical expression vector used in the Lonza GS Expression System™ includes each of the four primary elements of the claimed inventions: (a) an upstream SV40 origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from the human cytomegalovirus ("hCMV") immediate early region IE1, inclusive of the promoter, enhancer and Intron A; and (d) a polypeptide coding sequence encoding a heterologous polypeptide. Accordingly, use of the expression vectors associated with the Lonza GS Expression System™, or use of an expression system into which such vectors are incorporated, infringes one or more claims of the '688 Patent.

18. Defendant MedImmune has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Synagis® without authority or license from Plaintiffs. Synagis is manufactured in the United States using the Lonza GS Expression System™.

19. Defendant MedImmune is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

20. Defendant MedImmune's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from MedImmune the damages sustained by Plaintiffs as a result of MedImmune's wrongful acts in an amount subject to proof at trial.

21. Defendant MedImmune's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**Count II**

**(Biogen's Infringement of U.S. Patent No. 5,688,688)**

2216.   Plaintiffs incorporate by reference and realleges paragraphs 1-21 15 above as though fully stated herein.

2317.   Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Tysabri® without authority or license from Plaintiffs. Tysabri is manufactured in the United States using the Lonza GS Expression System™.

2418.   Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

2519.   Defendant Biogen's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Biogen the damages sustained by Plaintiffs as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

2620.   Defendant Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**Count III**

**(Alexion's Infringement of U.S. Patent No. 5,688,688)**

2721.   Plaintiffs V&D incorporates by reference and realleges paragraphs 1-26 20 above as though fully stated herein.

2228.   Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or

causing to be made Soliris® without authority or license from ~~Plaintiffs~~V&D. Soliris is manufactured in the United States using the Lonza GS Expression System™.

~~29~~23.   Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

~~30~~24.   Defendant Alexion's acts of infringement have caused damage to ~~Plaintiffs~~V&D, and ~~Plaintiffs are~~V&D is entitled to recover from Alexion the damages sustained by Plaintiff~~s~~ as a result of the Alexion's wrongful acts in an amount subject to proof at trial.

~~31~~25.   Defendant Alexion's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

### 26.   **Prayer for Relief**

WHEREFORE, Plaintiffs demand judgment:

~~A.     declaring that MedImmune has infringed and continues to infringe the '688 Patent and finding such infringement willful;~~

~~B~~A.     declaring that Biogen has infringed and continues to infringe the '688 Patent and finding such infringement willful;

~~C~~B.     declaring that Alexion has infringed and continues to infringe the '688 Patent and finding such infringement willful;

~~D~~C.     awarding ~~Plaintiffs~~ V&D compensatory damages for ~~Defendants'~~ Biogen and Alexion's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

D.     awarding Pharma compensatory damages for Biogen's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

E.      trebling any and all damages awarded to Plaintiffs for willful acts of infringement complained of herein;

F.      awarding Plaintiffs reasonable attorneys' fees pursuant to 35 U.S.C 285; and

G.      granting Plaintiffs such other and further relief as this Court deems just and proper.

**<u>Jury Demand</u>**

Pursuant to Fed. R. Civ. P. 38(b), ~~Plaintiff Novartis V&D~~<u>Plaintiffs</u> demand~~s~~ a trial by jury.

Dated: ~~July 13~~<u>February____</u>, 201~~3~~<u>2</u>

_____
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Amy A. Quinlan (#3021)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA  94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

*Attorneys for Plaintiff,*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.

_____

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware A venue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com

*Attorneys for Plaintiff,*
NOVARTIS PHARMA AG

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., AND NOVARTIS PHARMA AG, <br><br> *Plaintiffs*, <br><br> v. <br><br> BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC. <br><br> *Defendants*. | Civil Action No. 11-cv-00084-SLR |

### First Supplemental Complaint For Patent Infringement

Plaintiffs Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG ("Pharma")(collectively "Plaintiffs"), by and through their undersigned counsel, for their Complaint herein against Biogen Idec, Inc. and Alexion Pharmaceuticals, Inc., upon knowledge as to matters relating to themselves and upon information and belief as to all other matters, alleges as follows:

### Nature of the Action

1.      This is an action for patent infringement.

### Parties

2.      Plaintiff V&D is a corporation organized and existing under the laws of Delaware, having places of business in Emeryville, California and Cambridge, Massachusetts. V&D is engaged in the research, development, manufacture and sale of pharmaceutical products, including vaccines and diagnostic products.

3, Plaintiff Novartis Pharma AG ("Pharma") is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland. Pharma is engaged in development, manufacture, and sale of pharmaceutical products.

4. Defendant Biogen Idec, Inc. ("Biogen") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 14 Cambridge Center, Cambridge, Massachusetts, 02142. Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

5. Defendant Alexion Pharmaceuticals, Inc. ("Alexion") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410. Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

## Jurisdiction And Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

7. The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

9. On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M.

Thayer and Nancy Haigwood.  A true and correct copy of the '688 Patent is attached hereto as Exhibit 1.

10.     Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron" ), a biotechnology firm that was formerly based in Emeryville, California.

11.     On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly owned subsidiary of Novartis AG.  After the acquisition, Chiron's vaccines and blood-testing units were combined to form what is now known as V&D.

12.     As successor to Chiron, V&D holds all right, title and interest in the '688 Patent.

13.     V&D and Pharma entered into an exclusive license agreement effective July 1, 2012, whereby Pharma became an exclusive licensee of the '688 Patent in the field of treatment for multiple sclerosis and eye diseases.

14.     The '688 Patent discloses and claims, among other things, gene expression constructs for the expression of polypeptides in mammalian cells.

15.     Non-party Lonza Group AG, through one or more of its affiliates, manufactures and sells a commercial gene expression system—the Lonza GS Expression System™—that uses the same technology claimed in the '688 Patent. A typical expression vector used in the Lonza GS Expression System™ includes each of the four primary elements of the claimed inventions: (a) an upstream SV40 origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from the human cytomegalovirus ("hCMV") immediate early region IE1, inclusive of the promoter, enhancer and Intron A; and (d) a polypeptide coding sequence encoding a heterologous polypeptide. Accordingly, use of the expression vectors associated with the Lonza GS Expression System™, or use of an expression system into which such vectors are incorporated, infringes one or more claims of the '688 Patent.

## Count I

### (Biogen's Infringement of U.S. Patent No. 5,688,688)

16.     Plaintiffs incorporate by reference and reallege paragraphs 1-15 above as though fully stated herein.

17.     Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Tysabri® without authority or license from Plaintiffs. Tysabri is manufactured in the United States using the Lonza GS Expression System™.

18.     Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

19.     Defendant Biogen's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Biogen the damages sustained by Plaintiffs as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

20.     Defendant Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## Count II

### (Alexion's Infringement of U.S. Patent No. 5,688,688)

21.     V&D incorporates by reference and realleges paragraphs 1-20 above as though fully stated herein.

22.     Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or

causing to be made Soliris® without authority or license from V&D. Soliris is manufactured in the United States using the Lonza GS Expression System™.

23.     Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

24.     Defendant Alexion's acts of infringement have caused damage to V&D, and V&D is entitled to recover from Alexion the damages sustained by Plaintiff as a result of the Alexion's wrongful acts in an amount subject to proof at trial.

25.     Defendant Alexion's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

26.     **Prayer for Relief**

WHEREFORE, Plaintiffs demand judgment:

A.     declaring that Biogen has infringed and continues to infringe the '688 Patent and finding such infringement willful;

B.     declaring that Alexion has infringed and continues to infringe the '688 Patent and finding such infringement willful;

C.     awarding V&D compensatory damages for Biogen and Alexion's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

D.     awarding Pharma compensatory damages for Biogen's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

E.     trebling any and all damages awarded to Plaintiffs for willful acts of infringement complained of herein;

F.     awarding Plaintiffs reasonable attorneys' fees pursuant to 35 U.S.C 285; and

5

G.     granting Plaintiffs such other and further relief as this Court deems just and

proper.

## Jury Demand

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated:  February __, 2013

_____

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Amy A. Quinlan (#3021)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA  94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

*Attorneys for Plaintiff,*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.

_____

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES

500 Delaware A venue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com

*Attorneys for Plaintiff,*
NOVARTIS PHARMA AG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

<table>
<tr><td>

NOVARTIS VACCINES AND DIAGNOSTICS, INC., AND
NOVARTIS PHARMA AG,

<em>Plaintiffs</em>,

v.

~~MEDIMMUNE, LLC,~~ BIOGEN IDEC, INC., AND
ALEXION PHARMACEUTICALS, INC.

<em>Defendants</em>.

</td><td>

Civil Action No. 11-cv-00084-SLR

</td></tr>
</table>

**First Supplemental Complaint For Patent Infringement**

Plaintiffs Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG ("Pharma") (collectively "Plaintiffs"), by and through their undersigned counsel, for their Complaint herein against ~~MedImmune, LLC,~~ Biogen Idec, Inc. and Alexion Pharmaceuticals, Inc., upon knowledge as to matters relating to themselves and upon information and belief as to all other matters, alleges as follows:

**Nature of the Action**

1.      This is an action for patent infringement.

**Parties**

2.      Plaintiff V&D is a corporation organized and existing under the laws of Delaware, having places of business in Emeryville, California and Cambridge, Massachusetts. V&D is engaged in the research, development, manufacture and sale of pharmaceutical products, including vaccines and diagnostic products.

3,      Plaintiff Novartis Pharma AG ("Pharma") is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland.  Pharma is engaged in development, manufacture, and sale of pharmaceutical products.

4.      Defendant MedImmune, LLC ("MedImmune") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One MedImmune Way, Gaithersburg, MD 20878.  MedImmune is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

54.     Defendant Biogen Idec, Inc. ("Biogen") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 14 Cambridge Center, Cambridge, Massachusetts, 02142.  Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

65.     Defendant Alexion Pharmaceuticals, Inc. ("Alexion") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410.  Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

**Jurisdiction And Venue**

76.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

87.     The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

98.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Count I**

**(MedImmune's Infringement of U.S. Patent No. 5,688,688)**

10.    Plaintiffs incorporate by reference and realleges paragraphs 1-9 above as though fully stated herein.

119.    On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer and Nancy Haigwood.  A true and correct copy of the '688 Patent is attached hereto as Exhibit 1.

1210.    Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron"), a biotechnology firm that was formerly based in Emeryville, California.

1311.    On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly owned subsidiary of Novartis AG.  After the acquisition, Chiron's vaccines and blood-testing units were combined to form what is now known as V&D.

1412.    As successor to Chiron, V&D holds all right, title and interest in the '688 Patent.

1513.    V&D and Pharma entered into an exclusive license agreement effective July 1, 2012, whereby Pharma became an exclusive licensee of the '688 Patent in the field of treatment for multiple sclerosis and eye diseases.

1614.    The '688 Patent discloses and claims, among other things, gene expression constructs for the expression of polypeptides in mammalian cells.

1715.    Non-party Lonza Group AG, through one or more of its affiliates, manufactures and sells a commercial gene expression system—the Lonza GS Expression System™—that uses

the same technology claimed in the '688 Patent. A typical expression vector used in the Lonza GS Expression System™ includes each of the four primary elements of the claimed inventions: (a) an upstream SV40 origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from the human cytomegalovirus ("hCMV") immediate early region IE1, inclusive of the promoter, enhancer and Intron A; and (d) a polypeptide coding sequence encoding a heterologous polypeptide. Accordingly, use of the expression vectors associated with the Lonza GS Expression System™, or use of an expression system into which such vectors are incorporated, infringes one or more claims of the '688 Patent.

18.    Defendant MedImmune has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Synagis® without authority or license from Plaintiffs. Synagis is manufactured in the United States using the Lonza GS Expression System™.

19.    Defendant MedImmune is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

20.    Defendant MedImmune's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from MedImmune the damages sustained by Plaintiffs as a result of MedImmune's wrongful acts in an amount subject to proof at trial.

21.    Defendant MedImmune's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**Count II̶**

**(Biogen's Infringement of U.S. Patent No. 5,688,688)**

22̶16.   Plaintiffs incorporate by reference and realleges paragraphs 1-2̶1̶ 15 above as though fully stated herein.

23̶17.   Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Tysabri® without authority or license from Plaintiffs. Tysabri is manufactured in the United States using the Lonza GS Expression System™.

24̶18.   Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

25̶19.   Defendant Biogen's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Biogen the damages sustained by Plaintiffs as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

26̶20.   Defendant Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**Count III̶**

**(Alexion's Infringement of U.S. Patent No. 5,688,688)**

27̶21.   Plaintiffs V&D incorporates by reference and realleges paragraphs 1-2̶6̶ 20 above as though fully stated herein.

22̶28.   Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or

causing to be made Soliris® without authority or license from ~~Plaintiffs~~V&D. Soliris is manufactured in the United States using the Lonza GS Expression System™.

~~29~~23.   Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

~~30~~24.   Defendant Alexion's acts of infringement have caused damage to ~~Plaintiffs~~V&D, and ~~Plaintiffs are~~V&D is entitled to recover from Alexion the damages sustained by Plaintiff~~s~~ as a result of the Alexion's wrongful acts in an amount subject to proof at trial.

~~31~~25.   Defendant Alexion's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

26.   **Prayer for Relief**

WHEREFORE, Plaintiffs demand judgment:

~~A.      declaring that MedImmune has infringed and continues to infringe the '688 Patent and finding such infringement willful;~~

~~B~~A.      declaring that Biogen has infringed and continues to infringe the '688 Patent and finding such infringement willful;

~~C~~B.      declaring that Alexion has infringed and continues to infringe the '688 Patent and finding such infringement willful;

~~D~~C.      awarding ~~Plaintiffs~~ V&D compensatory damages for ~~Defendants'~~ Biogen and Alexion's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

D.      awarding Pharma compensatory damages for Biogen's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

E.    trebling any and all damages awarded to Plaintiffs for willful acts of infringement complained of herein;

F.    awarding Plaintiffs reasonable attorneys' fees pursuant to 35 U.S.C 285; and

G.    granting Plaintiffs such other and further relief as this Court deems just and proper.

**<u>Jury Demand</u>**

Pursuant to Fed. R. Civ. P. 38(b), ~~Plaintiff Novartis V&D~~<u>Plaintiffs</u> demand~~s~~ a trial by jury.

Dated: ~~July 13~~<u>February___</u>, 201~~2~~3

_____
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Amy A. Quinlan (#3021)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA  94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

*Attorneys for Plaintiff,*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.

_____

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware A venue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com

*Attorneys for Plaintiff,*
NOVARTIS PHARMA AG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., AND NOVARTIS PHARMA AG,<br><br>*Plaintiffs,*<br><br>v.<br><br>BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC.<br><br>*Defendants.* | Civil Action No. 11-cv-00084-SLR |

## First Supplemental Complaint For Patent Infringement

Plaintiffs Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG ("Pharma")(collectively "Plaintiffs"), by and through their undersigned counsel, for their Complaint herein against Biogen Idec, Inc. and Alexion Pharmaceuticals, Inc., upon knowledge as to matters relating to themselves and upon information and belief as to all other matters, alleges as follows:

## Nature of the Action

1.      This is an action for patent infringement.

## Parties

2.      Plaintiff V&D is a corporation organized and existing under the laws of Delaware, having places of business in Emeryville, California and Cambridge, Massachusetts. V&D is engaged in the research, development, manufacture and sale of pharmaceutical products, including vaccines and diagnostic products.

3,      Plaintiff Novartis Pharma AG ("Pharma") is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland.  Pharma is engaged in development, manufacture, and sale of pharmaceutical products.

4.      Defendant Biogen Idec, Inc. ("Biogen") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 14 Cambridge Center, Cambridge, Massachusetts, 02142.  Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

5.      Defendant Alexion Pharmaceuticals, Inc. ("Alexion") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410.  Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

## Jurisdiction And Venue

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

7.      The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

9.      On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M.

Thayer and Nancy Haigwood.  A true and correct copy of the '688 Patent is attached hereto as Exhibit 1.

10.     Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron" ), a biotechnology firm that was formerly based in Emeryville, California.

11.     On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly owned subsidiary of Novartis AG.  After the acquisition, Chiron's vaccines and blood-testing units were combined to form what is now known as V&D.

12.     As successor to Chiron, V&D holds all right, title and interest in the '688 Patent.

13.     V&D and Pharma entered into an exclusive license agreement effective July 1, 2012, whereby Pharma became an exclusive licensee of the '688 Patent in the field of treatment for multiple sclerosis and eye diseases.

14.     The '688 Patent discloses and claims, among other things, gene expression constructs for the expression of polypeptides in mammalian cells.

15.     Non-party Lonza Group AG, through one or more of its affiliates, manufactures and sells a commercial gene expression system—the Lonza GS Expression System™—that uses the same technology claimed in the '688 Patent. A typical expression vector used in the Lonza GS Expression System™ includes each of the four primary elements of the claimed inventions: (a) an upstream SV40 origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from the human cytomegalovirus ("hCMV") immediate early region IE1, inclusive of the promoter, enhancer and Intron A; and (d) a polypeptide coding sequence encoding a heterologous polypeptide. Accordingly, use of the expression vectors associated with the Lonza GS Expression System™, or use of an expression system into which such vectors are incorporated, infringes one or more claims of the '688 Patent.

## Count I

### (Biogen's Infringement of U.S. Patent No. 5,688,688)

16.     Plaintiffs incorporate by reference and reallege paragraphs 1-15 above as though fully stated herein.

17.     Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Tysabri® without authority or license from Plaintiffs. Tysabri is manufactured in the United States using the Lonza GS Expression System™.

18.     Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

19.     Defendant Biogen's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Biogen the damages sustained by Plaintiffs as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

20.     Defendant Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## Count II

### (Alexion's Infringement of U.S. Patent No. 5,688,688)

21.     V&D incorporates by reference and realleges paragraphs 1-20 above as though fully stated herein.

22.     Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or

causing to be made Soliris® without authority or license from V&D. Soliris is manufactured in the United States using the Lonza GS Expression System™.

23.     Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

24.     Defendant Alexion's acts of infringement have caused damage to V&D, and V&D is entitled to recover from Alexion the damages sustained by Plaintiff as a result of the Alexion's wrongful acts in an amount subject to proof at trial.

25.     Defendant Alexion's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

26.     **Prayer for Relief**

WHEREFORE, Plaintiffs demand judgment:

A.     declaring that Biogen has infringed and continues to infringe the '688 Patent and finding such infringement willful;

B.     declaring that Alexion has infringed and continues to infringe the '688 Patent and finding such infringement willful;

C.     awarding V&D compensatory damages for Biogen and Alexion's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

D.     awarding Pharma compensatory damages for Biogen's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

E.     trebling any and all damages awarded to Plaintiffs for willful acts of infringement complained of herein;

F.     awarding Plaintiffs reasonable attorneys' fees pursuant to 35 U.S.C 285; and

G.      granting Plaintiffs such other and further relief as this Court deems just and proper.

**<u>Jury Demand</u>**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated:  February __, 2013

                                      _____

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Amy A. Quinlan (#3021)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA  94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

*Attorneys for Plaintiff,*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.

_____

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES

500 Delaware A venue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com

*Attorneys for Plaintiff,*
NOVARTIS PHARMA AG

# EXHIBIT F

| | |
|---|---|
| **From:** | Conca, David M. <davidconca@paulhastings.com> |
| **Sent:** | Friday, February 22, 2013 12:14 PM |
| **To:** | Moon, Bo; alyssaklapper@paulhastings.com; anthonymichael@paulhastings.com; bfarnan@farnanlaw.com; geraldflattmann@paulhastings.com; jamesevans@paulhastings.com; markshtilerman@paulhastings.; petercsepes@paulhastings.com; petrascamborova@paulhastings.com; claporte@foleyhoag.com; cseitz@seitzross.com; dware@foleyhoag.com; jyounkin@foleyhoag.com; mquina@foleyhoag.com; sburg@foleyhoag.com |
| **Cc:** | amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Godfrey, Kristin; Janda, Nick; Kappos, John; Pang, Diane; Riley, George; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com |
| **Subject:** | RE: [NVD v. Biogen, Alexion] Discovery correspondence |

John,

Alexion disagrees with all the statements in your February 7 and 8 letters regarding the pleadings in this case.

Alexion agrees not to oppose the filing of the amended complaint.

Regards,

Dave

---

**From:** Moon, Bo [mailto:bmoon@omm.com]
**Sent:** Friday, February 08, 2013 9:59 PM
**To:** Klapper, Alyssa; Michael, Anthony; bfarnan@farnanlaw.com; Conca, David M.; Flattmann, Gerald J.; Evans, James T.; Shtilerman, Mark D.; Csepes, Peter; Scamborova, Petra; claporte@foleyhoag.com; cseitz@seitzross.com; dware@foleyhoag.com; jyounkin@foleyhoag.com; mquina@foleyhoag.com; sburg@foleyhoag.com
**Cc:** amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Godfrey, Kristin; Janda, Nick; Kappos, John; Pang, Diane; Riley, George; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com
**Subject:** RE: [NVD v. Biogen, Alexion] Discovery correspondence

Dear counsel,

Please see the attached letter, with the corrected date.

Bo Moon

**From:** Moon, Bo
**Sent:** Friday, February 08, 2013 6:43 PM
**To:** alyssaklapper@paulhastings.com; anthonymichael@paulhastings.com; bfarnan@farnanlaw.com; davidconca@paulhastings.com; geraldflattmann@paulhastings.com; jamesevans@paulhastings.com; markshtilerman@paulhastings.; petercsepes@paulhastings.com; petrascamborova@paulhastings.com; claporte@foleyhoag.com; cseitz@seitzross.com; dware@foleyhoag.com; jyounkin@foleyhoag.com; mquina@foleyhoag.com; sburg@foleyhoag.com
**Cc:** amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Godfrey, Kristin; Janda, Nick; Kappos, John; Moon, Bo; Pang, Diane; Riley, George; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com
**Subject:** [NVD v. Biogen, Alexion] Discovery correspondence

Dear counsel,

Please see the attached letter from John Kappos.


**Bo Moon**
**O'Melveny & Myers LLP**

610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-7183
bmoon@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*


*******************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*******************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


For additional information, please visit our website at

# EXHIBIT G

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY

# EXHIBIT H

| | |
|---|---|
| **From:** | Conca, David M. <davidconca@paulhastings.com> |
| **Sent:** | Thursday, April 11, 2013 10:01 AM |
| **To:** | 'kgodfrey@omm.com'; Klapper, Alyssa; Michael, Anthony; 'bfarnan@farnanlaw.com'; Flattmann, Gerald J.; Evans, James T.; Shtilerman, Mark D.; Csepes, Peter; Scamborova, Petra; 'claporte@foleyhoag.com'; 'cseitz@seitzross.com'; 'dware@foleyhoag.com'; 'JYounkin@foleyhoag.com'; 'mquina@foleyhoag.com'; 'sburg@foleyhoag.com' |
| **Cc:** | 'amayo@ashby-geddes.com'; 'chawkins@mwe.com'; 'jday@ashby-geddes.com'; 'lmaguire@ashby-geddes.com'; 'lmarth@mwe.com'; 'mkipp@ashby-geddes.com'; 'nclouse@mwe.com'; 'nlopez@ashby-geddes.com'; 'nmyers@ashby-geddes.com'; 'NovartisPharmaAG-Medi-DE@mwe.com'; 'nstarzi@ashby-geddes.com'; 'rgabriel@mwe.com'; 'sbalick@ashby-geddes.com'; 'sfinnegan@ashby-geddes.com'; 'tlydon@ashby-geddes.com'; 'tsteindler@mwe.com'; 'mbreverman@omm.com'; 'jdalog@omm.com'; 'njanda@omm.com'; 'jkappos@OMM.com'; 'bmoon@OMM.com'; 'dpang@omm.com'; 'griley@omm.com'; Andrew Kumamoto; Cora Schmid; Don F. Kumamoto; 'kdorsney@morrisjames.com'; 'khunt@morrisjames.com'; 'mmatterer@morrisjames.com'; 'rherrmann@morrisjames.com'; 'shadley@morrisjames.com' |
| **Subject:** | Re: [NVD v. Biogen, Alexion] Correspondence |

John,

Alexion disagrees with everything in your April 10, 2013 letter concerning the amended pleading, especially the blatant misrepresentations concerning the timing and way this issue first arose during our meet and confer back in December 2012.

That said, Alexion does not object to a motion to file the amended pleading provided you change the title to amended complaint instead of supplemental complaint and change the word "Plaintiff" in new paragraph 24 to "V&D".

Thanks,

Dave

---

**From:** Godfrey, Kristin [mailto:kgodfrey@omm.com]
**Sent:** Wednesday, April 10, 2013 02:47 PM
**To:** Klapper, Alyssa; Michael, Anthony; bfarnan@farnanlaw.com <bfarnan@farnanlaw.com>; Conca, David M.; Flattmann, Gerald J.; Evans, James T.; Shtilerman, Mark D.; Csepes, Peter; Scamborova, Petra; claporte@foleyhoag.com <claporte@foleyhoag.com>; cseitz@seitzross.com <cseitz@seitzross.com>; dware@foleyhoag.com <dware@foleyhoag.com>; jyounkin@foleyhoag.com <jyounkin@foleyhoag.com>; mquina@foleyhoag.com <mquina@foleyhoag.com>; sburg@foleyhoag.com <sburg@foleyhoag.com>
**Cc:** amayo@ashby-geddes.com <amayo@ashby-geddes.com>; chawkins@mwe.com <chawkins@mwe.com>; jday@ashby-geddes.com <jday@ashby-geddes.com>; lmaguire@ashby-geddes.com <lmaguire@ashby-geddes.com>; lmarth@mwe.com <lmarth@mwe.com>; mkipp@ashby-geddes.com <mkipp@ashby-geddes.com>; nclouse@mwe.com <nclouse@mwe.com>; nlopez@ashby-geddes.com <nlopez@ashby-geddes.com>; nmyers@ashby-geddes.com <nmyers@ashby-geddes.com>; NovartisPharmaAG-Medi-DE@mwe.com <NovartisPharmaAG-Medi-DE@mwe.com>; nstarzi@ashby-geddes.com <nstarzi@ashby-geddes.com>; rgabriel@mwe.com <rgabriel@mwe.com>; sbalick@ashby-geddes.com <sbalick@ashby-geddes.com>; sfinnegan@ashby-geddes.com <sfinnegan@ashby-geddes.com>; tlydon@ashby-geddes.com <tlydon@ashby-geddes.com>; tsteindler@mwe.com <tsteindler@mwe.com>; Breverman, Marc M. <mbreverman@omm.com>; Dalog, John Paolo <jdalog@omm.com>; Godfrey, Kristin <kgodfrey@omm.com>; Janda, Nick <njanda@omm.com>; Kappos, John <jkappos@omm.com>; Moon, Bo <bmoon@omm.com>; Pang, Diane <dpang@omm.com>; Riley, George <griley@omm.com>; akumamoto@helixip.com <akumamoto@helixip.com>;

1

cschmid@helixip.com <cschmid@helixip.com>; dfkumamoto@helixip.com <dfkumamoto@helixip.com>;
kdorsney@morrisjames.com <kdorsney@morrisjames.com>; khunt@morrisjames.com <khunt@morrisjames.com>;
mmatterer@morrisjames.com <mmatterer@morrisjames.com>; rherrmann@morrisjames.com
<rherrmann@morrisjames.com>; shadley@morrisjames.com <shadley@morrisjames.com>; thall@morrisjames.com
<thall@morrisjames.com>

**Subject**: [NVD v. Biogen, Alexion] Correspondence

Counsel:

Please see attached correspondence from John Kappos.

**Kristin Miyagi Godfrey**
*Case Manager*
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
United States of America
Phone:  (949) 823-6942
Fax:  (949) 823-6994
Email:  kgodfrey@omm.com

This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

*****************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*****************************************************************************************


This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


For additional information, please visit our website at

# EXHIBIT I

| | |
|---|---|
| **From:** | jyounkin@foleyhoag.com |
| **Sent:** | Thursday, April 11, 2013 9:08 AM |
| **To:** | Kappos, John; tsteindler@mwe.com |
| **Cc:** | Moon, Bo; chawkins@mwe.com; Ware, Donald; Laporte, Claire; sburg@foleyhoag.com; davidconca@paulhastings.com; anthonymichael@paulhastings.com |
| **Subject:** | RE: [NVD v. Biogen, Alexion] Correspondence |

John and Tom:

I write in response to the letter you sent yesterday afternoon demanding Biogen Idec's position on NVD's and Novartis Pharma's motion to file an amended complaint.  As we have repeatedly explained, there is no good faith basis for either NVD or Novartis Pharma to maintain its request that each is entitled to treble damages based on Biogen Idec's alleged willful infringement of the patent-in-suit  that.  We object to your inclusion of such allegations in an amended complaint and will oppose any motion to file an amended complaint that includes them.  That these allegations are in the currently operative complaint is irrelevant; NVD and Novartis Pharma must have a good faith basis to re-plead them.  We note that NVD has expressly refused to explain how these allegations are proper under *Seagate* and its progeny and Pharma has not participated *at all* in the correspondence regarding its motion to file an amended complaint.  Under these circumstances, NVD and Novartis Pharma have failed to meet their obligations to meet and confer about its motion in good faith.  We reserve all rights to seek to recover the attorney's fees incurred in opposing NVD and Novartis Pharma's motion.

Regards,
Jeremy

---

**From:** Godfrey, Kristin [mailto:kgodfrey@omm.com]
**Sent:** Wednesday, April 10, 2013 2:48 PM
**To:** alyssaklapper@paulhastings.com; anthonymichael@paulhastings.com; bfarnan@farnanlaw.com; davidconca@paulhastings.com; geraldflattmann@paulhastings.com; jamesevans@paulhastings.com; markshtilerman@paulhastings.; petercsepes@paulhastings.com; petrascamborova@paulhastings.com; Laporte, Claire; cseitz@seitzross.com; Ware, Donald; Younkin, Jeremy; Quina, Marco; Burg, Sarah
**Cc:** amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; lmarth@mwe.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Godfrey, Kristin; Janda, Nick; Kappos, John; Moon, Bo; Pang, Diane; Riley, George; akumamoto@helixip.com; cschmid@helixip.com; dfkumamoto@helixip.com; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com
**Subject:** [NVD v. Biogen, Alexion] Correspondence

Counsel:

Please see attached correspondence from John Kappos.

**Kristin Miyagi Godfrey**
*Case Manager*
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
United States of America
Phone:  (949) 823-6942
Fax:  (949) 823-6994
Email:  kgodfrey@omm.com

This message and any attached documents contain information from the law firm
of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are
not the intended recipient, you may not read, copy, distribute, or use this
information. If you have received this transmission in error, please notify the
sender immediately by reply e-mail and then delete this message.


United States Treasury Regulations require us to disclose the following:
Any tax advice included in this document and its attachments was not
intended or written to be used, and it cannot be used, for the purpose of
avoiding penalties under the Internal Revenue Code.

This email message and any attachments are confidential and may be
privileged. If you are not the intended recipient, please notify Foley
Hoag LLP immediately -- by replying to this message or by sending an email
to postmaster@foleyhoag.com -- and destroy all copies of this message and
any attachments without reading or disclosing their contents. Thank you.

For more information about Foley Hoag LLP, please visit us at
www.foleyhoag.com.

# EXHIBIT J



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

NEW YORK

610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429

TELEPHONE (949) 760-9600
FACSIMILE (949) 823-6994
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

April 22, 2013

OUR FILE NUMBER
0151800-00013

WRITER'S DIRECT DIAL
(949) 823-6954

WRITER'S E-MAIL ADDRESS
jkappos@omm.com

**<u>VIA EMAIL</u>**

Jeremy Younkin, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210
jyounkin@foleyhoag.com

David Conca, Esq.
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
davidconca@paulhastings.com

> **Re:** ***Novartis Vaccines and Diagnostics, Inc. v. MedImmune, LLC, et. al.,***
> ***C.A. No. 11-CV-84 (SLR)***

Dear Jeremy and David:

      This letter confirms our meet and confer earlier today regarding our proposed amendment to the complaint in the above-referenced action. During our discussion, we asked whether you opposed our proposed amendments:

      (1)     to clarify that Plaintiff Novartis Pharma AG ("Pharma") is not asserting patent infringement against Defendant Alexion Pharmaceuticals, Inc. ("Alexion"),

      (2)     to remove infringement allegations against former Defendant MedImmune, LLC ("MedImmune"), because MedImmune has settled and is no longer a party to this case, and

      (3)     to address Biogen's recently raised concern about willfulness by alleging pre-filing knowledge of the patent-in-suit by Alexion and Biogen Idec, Inc. ("Biogen") ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ – specifically that "Biogen has known of the '688 Patent and of its infringement by the manufacture of Tysabri at least as early as November 2010" and that "Alexion has known of the '688 Patent and of its infringement by the manufacture of Soliris at least as early as March 2006."

O'MELVENY & MYERS LLP
Jeremy Younkin, Esq., David Conca, Esq., April 22, 2013 - Page 2


Biogen responded that "we, of course, have no problem" with the amendment clarifying that Pharma is not asserting patent infringement against Alexion, but that Biogen opposes any amendment that continues to allege willful infringement by Biogen.  Plaintiffs and Biogen have thus reached an impasse regarding plaintiffs' motion to amend their complaint in this action. Alexion indicated that it will confirm its position promptly.  We request that Alexion confirm its position by tomorrow, April 23rd at 5 p.m. EDT to avoid delaying resolution of this issue.

Sincerely,

*John Kappos*

John Kappos

cc:     Cora Schmid, Esq.
        Thomas P. Steindler, Esq.
        Richard Herrmann, Esq.

# EXHIBIT K

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT L

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT M

| | |
|---|---|
| **From:** | davidconca@paulhastings.com |
| **Sent:** | Tuesday, April 23, 2013 9:34 AM |
| **To:** | Moon, Bo; alyssaklapper@paulhastings.com; anthonymichael@paulhastings.com; bfarnan@farnanlaw.com; geraldflattmann@paulhastings.com; jamesevans@paulhastings.com; markshtilerman@paulhastings.; petercsepes@paulhastings.com; petrascamborova@paulhastings.com; claporte@foleyhoag.com; cseitz@seitzross.com; dware@foleyhoag.com; jyounkin@foleyhoag.com; mquina@foleyhoag.com; sburg@foleyhoag.com |
| **Cc:** | amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; lmarth@mwe.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Godfrey, Kristin; Janda, Nick; Kappos, John; Pang, Diane; Riley, George; akumamoto@helixip.com; cschmid@helixip.com; dfkumamoto@helixip.com; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com |
| **Subject:** | RE: [NVD v. Alexion, Biogen] Correspondence |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

John,

Am I missing something? After you sent your first proposed amended complaint months ago, Alexion agreed that it was fine. You then waited several weeks and sent another revised version, which Alexion again said was fine. The prior two proposed amended complaints you sent us do not contain the quoted language in your letter. Are you asking us now to consider a third proposed amended complaint with additional allegations? If so, that was not clear from yesterday's call and Alexion requests that you send such a third proposed amended complaint for our consideration so that we may confer with our client regarding your request.

Thanks,

Dave

**From:** Moon, Bo [mailto:bmoon@omm.com]
**Sent:** Monday, April 22, 2013 8:02 PM
**To:** Klapper, Alyssa; Michael, Anthony; bfarnan@farnanlaw.com; Conca, David M.; Flattmann, Gerald J.; Evans, James T.; Shtilerman, Mark D.; Csepes, Peter; Scamborova, Petra; claporte@foleyhoag.com; cseitz@seitzross.com; dware@foleyhoag.com; jyounkin@foleyhoag.com; mquina@foleyhoag.com; sburg@foleyhoag.com
**Cc:** amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; lmarth@mwe.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Godfrey, Kristin; Janda, Nick; Kappos, John; Moon, Bo; Pang, Diane; Riley, George; akumamoto@helixip.com; cschmid@helixip.com; dfkumamoto@helixip.com; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com
**Subject:** [NVD v. Alexion, Biogen] Correspondence

Dear counsel,

Please see the attached letter from John Kappos.


**Bo Moon**
**O'Melveny & Myers LLP**

610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-7183
bmoon@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*


*********************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*********************************************************************************************


This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


For additional information, please visit our website at

# EXHIBIT N



## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

NEW YORK

610 Newport Center Drive, 17th Floor
Newport Beach, California  92660-6429

TELEPHONE  (949) 760-9600
FACSIMILE  (949) 823-6994
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

April 23, 2013

OUR FILE NUMBER
0151800-00013

WRITER'S DIRECT DIAL
(949) 823-6954

WRITER'S E-MAIL ADDRESS
jkappos@omm.com

**VIA EMAIL**

David Conca
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
davidconca@paulhastings.com

       Re:    *Novartis Vaccines and Diagnostics, Inc. v. MedImmune, LLC, et. al.,*
               *C.A. No. 11-CV-84 (SLR)*

Dear David:

      Further to your email of today, as you know, we have been trying to resolve the issues raised in our proposed amended complaint since you advised us in February that you were reading the complaint to mean that Pharma was asserting a claim against Alexion.  Each time we sent a proposed amended complaint, we did not hear from Alexion for weeks, did not hear from Biogen for weeks, or Biogen refused to agree to the proposed amendments.

      We made it clear yesterday, both on the meet and confer and in our letter, that we are amending the willfulness allegation against Biogen and Alexion to specifically allege pre-filing knowledge of the patent-in-suit.  This is in response to Biogen having objected to the current language in our willfulness allegation (to which Biogen had not previously objected).  A redline of the proposed amendment against the governing complaint—which is entirely consistent with the language set forth in my letter of yesterday—is attached.  Please let us know by close of business today whether Alexion will oppose.  Because Biogen has already indicated that Biogen will oppose, we will file the motion today.

      Sincerely,

      *John Kappos*

      John Kappos

cc:   Jeremy Younkin, Esq.
       Thomas P. Steindler, Esq.
       Richard Herrmann, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., AND NOVARTIS PHARMA AG, <br><br> *Plaintiffs*, <br><br> v. <br><br> MEDIMMUNE, LLC, BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC., <br><br> *Defendants*. | Civil Action No. 11-CV 84cv-00084 (SLR) <br><br> JURY TRIAL DEMANDED |

FIRST SUPPLEMENTAL COMPLAINT TO FIRSTSecond **Amended Complaint** FORFor
**Patent Infringement**

Plaintiffs Novartis Vaccines and Diagnostics, Inc. ("V&D"), and Novartis Pharma AG

("Pharma")("")  (collectively "Plaintiffs"), by and through their undersigned counsel, for theirfile

this Complaint herein.  V&D is filing against MedImmune, LLC, Biogen Idec, Inc., ("Biogen"),

and Alexion Pharmaceuticals, Inc., . ("Alexion"), and Pharma is filing against Biogen only.  This

Complaint alleges upon knowledge as to matters relating to themselveseach of the Plaintiffs and

upon information and belief as to all other matters, alleges as follows:

**Nature of the Action**

1.        1.        This is an action for patent infringement.

**Parties**

2.        2.        Plaintiff V&D is a corporation organized and existing under the laws of

Delaware, having places of business in Emeryville, California and Cambridge, Massachusetts.

V&D is engaged in the research, development, manufacture and sale of pharmaceutical products, including vaccines and diagnostic products.

3.    3.    Plaintiff ~~Novartis~~ Pharma ~~AG ("Pharma")~~ is a corporation organized and existing under the laws of Switzerland, having a place of business in Basel, Switzerland.  Pharma is engaged in development, manufacture, and sale of pharmaceutical products.

4.    4.    Defendant ~~MedImmune, LLC ("MedImmune")~~ Biogen is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at ~~One MedImmune Way, Gaithersburg, MD 20878.  MedImmune is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.~~

~~5.    Defendant Biogen Idec, Inc. ("Biogen") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 133 Boston Post Road, Weston, MA 02493.~~ 14 Cambridge Center, Cambridge, Massachusetts, 02142. Biogen is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

6.    5.    Defendant Alexion ~~Pharmaceuticals, Inc. ("Alexion")~~ is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 352 Knotter Drive, Cheshire, CT 06410.  Alexion is engaged in the research, development, manufacture and sale of, among other things, pharmaceutical products.

## Jurisdiction And Venue

7.    6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

8.   7.   The Defendants are subject to personal jurisdiction in this district because each is a corporation organized and existing under the laws of the state of Delaware and/or has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

9.   8.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## Count I

### (MedImmune's Infringement of U.S. Patent No. 5,688,688)

10.   Plaintiffs incorporate by reference and realleges paragraphs 1-9 above as though fully stated herein.

11.   9.   On November 18, 1997, United States Patent No. 5,688,688 (the "'688 Patent"), entitled "Vector for Expression of a Polypeptide in a Mammalian Cell," was duly and legally issued to inventors Paul Luciw, Dino Dina, Steven Rosenberg, Barbara S. Chapman, Richard M. Thayer and Nancy Haigwood.  A true and correct copy of the '688 Patent is attached hereto as Exhibit 1.

12.   10.   Upon issuance, the '688 Patent was assigned to Chiron Corporation ("Chiron"), a biotechnology firm that was formerly based in Emeryville, California.

13.   11.   On April 20, 2006, Chiron was acquired by merger and became an indirect, wholly owned subsidiary of Novartis AG.  After the acquisition, Chiron's vaccines and blood-testing units were combined to form what is now known as V&D.

14.   12.   As successor to Chiron, V&D holds all right, title and interest in the '688 Patent.

15. 13.    V&D and Pharma entered into an exclusive license agreement effective July 1, 2012, whereby Pharma became an exclusive licensee of the '688 Patent in the fields of treatment for multiple sclerosis and eye diseases.

16. 14.    The '688 Patent discloses and claims, among other things, gene expression constructs for the expression of polypeptides in mammalian cells.

17. 15.    Non-party Lonza Group AG, through one or more of its affiliates, manufactures and sells a commercial gene expression system—the Lonza GS Expression System™—that uses the same technology claimed in the '688 Patent. A typical expression vector used in the Lonza GS Expression System™ includes each of the four primary elements of the claimed inventions: (a) an upstream SV40 origin of replication; (b) a downstream SV40 polyadenylation region; (c) a transcriptional regulatory region from the human cytomegalovirus ("hCMV") immediate early region IE1, inclusive of the promoter, enhancer and Intron A; and (d) a polypeptide coding sequence encoding a heterologous polypeptide. Accordingly, use of the expression vectors associated with the Lonza GS Expression System™, or use of an expression system into which such vectors are incorporated, infringes one or more claims of the '688 Patent.

18.    Defendant MedImmune has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Synagis® without authority or license from Plaintiffs.  Synagis is manufactured in the United States using the Lonza GS Expression System™.

19.    Defendant MedImmune is liable for infringement of the '688 Patent pursuant to 35 U.S.C. § 271.

20. ~~Defendant MedImmune's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from MedImmune the damages sustained by Plaintiffs as a result of MedImmune's wrongful acts in an amount subject to proof at trial.~~

21. ~~Defendant MedImmune's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.~~

## Count II

### (Biogen's Infringement of U.S. Patent No. 5,688,688)

~~22.~~ 16.    Plaintiffs V&D and Pharma incorporate by reference and ~~realleges~~ re-allege paragraphs 1-~~21~~15 above as though fully stated herein.

~~23.~~ 17.    Plaintiffs V&D and Pharma allege that Defendant Biogen has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Tysabri® without authority or license from Plaintiffs~~.~~ V&D and Pharma. Tysabri is manufactured in the United States using the Lonza GS Expression System™.

~~24.~~ 18.    Defendant Biogen is liable for infringement of the '688 Patent pursuant to 35 U.S.C. §~~.~~271.

~~25.~~ 19.    Defendant Biogen's acts of infringement have caused damage to Plaintiffs V&D and Pharma, and Plaintiffs V&D and Pharma are entitled to recover from Biogen the damages sustained by Plaintiffs V&D and Pharma as a result of the Biogen's wrongful acts in an amount subject to proof at trial.

26.   Defendant20. Defendant Biogen has known of the '688 Patent and of its infringement by the manufacture of Tysabri at least as early as November 2010, and Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the assessment of treble damages pursuant to 35 U.S.C. §284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. §285.

## Count III

### (Alexion's Infringement of U.S. Patent No. 5,688,688)

27.   Plaintiffs incorporate21.   Plaintiff V&D incorporates by reference and realleges re-alleges paragraphs 1-2620 above as though fully stated herein.

28.   22.   Plaintiff V&D alleges that Defendant Alexion has been and currently is directly infringing, contributorily infringing, and/or inducing infringement of the '688 Patent by, among other things, making or causing to be made Soliris® without authority or license from Plaintiffs. V&D. Soliris is manufactured in the United States using the Lonza GS Expression System™.

29.   23.   Defendant Alexion is liable for infringement of the '688 Patent pursuant to 35 U.S.C. §271.

30.   24.   Defendant Alexion's acts of infringement have caused damage to PlaintiffsPlaintiff V&D, and Plaintiffs areV&D is entitled to recover from Alexion the damages sustained by Novartis V&D as a result of the Alexion's wrongful acts in an amount subject to proof at trial.

31.   Defendant25. Defendant Alexion has known of the '688 Patent and of its infringement by the manufacture of Soliris at least as early as March 2006, and Alexion's infringement of the '688 Patent has been and continues to be deliberate and willful, justifying the

2

assessment of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case, justifying the award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

26.   <b><u>Prayer for Relief</u></b>

WHEREFORE~~,~~:

A.      Plaintiffs V&D and Pharma demand judgment~~:~~

~~A.      declaring that MedImmune has infringed and continues to infringe the '688 Patent and finding such infringement willful;~~

~~B.~~      declaring that Biogen has infringed and continues to infringe the '688 Patent and finding such infringement willful;

~~C.~~      B.      Plaintiff V&D demands judgment declaring that Alexion has infringed and continues to infringe the '688 Patent and finding such infringement willful;

C.      Plaintiff V&D demands judgment awarding ~~Plaintiffs~~ Plaintiff V&D compensatory damages for ~~Defendants'~~ Biogen and Alexion's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

~~D.~~      D.      Plaintiff Pharma demands judgment awarding Pharma compensatory damages for Biogen's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

~~E.~~      E.      Plaintiffs V&D and Pharma demand judgment trebling any and all damages awarded to ~~Plaintiffs,~~ each of them for willful acts of infringement complained of herein;

~~F.~~      ~~awarding~~ F.   Plaintiffs V&D and Pharma demand judgment awarding each of them reasonable attorneys' fees pursuant to 35 U.S.C~~.~~ § 285; and

~~G.~~      G.      Plaintiffs V&D and Pharma demand judgment granting ~~Plaintiffs~~ each of them such other and further relief as this Court deems just and proper.

## Jury Demand

Pursuant to Fed. R. Civ. P. 38(b), ~~Plaintiff Novartis~~Plaintiffs V&D ~~demands~~and Pharma demand a trial by jury.

Dated: ~~July 13, 2012~~_____, 2013

~~/s/ Richard K. Herrmann~~
~~Richard K. Herrmann (#405)~~
~~Mary B. Matterer (#2696)~~
~~Kenneth L. Dorsney (#3726)~~
~~MORRIS JAMES LLP~~
~~500 Delaware Avenue, Suite 1500~~
~~Wilmington, DE 19801~~
~~(302) 888-6800~~
~~rherrmann@morrisjames.com~~

~~/s/ Richard K. Herrmann~~
~~Richard K. Herrmann (#405)~~
~~Mary B. Matterer (#2696)~~
~~Kenneth L. Dorsney (#3726)~~
~~MORRIS JAMES LLP~~          ~~George A. Riley (pro hac vice)~~
~~500 Delaware Avenue, Suite 1500~~   ~~O'Melveny & Myers LLP~~
~~Wilmington, DE 19801~~        ~~Two Embarcadero Center~~
~~(302) 888-6800~~           ~~San Francisco, CA  94111~~
~~rherrmann@morrisjames.com~~     ~~(415) 984-8700~~
                      ~~griley@OMM.com~~

~~*Attorneys for Plaintiff,*~~      ~~John C. Kappos (pro hac vice)~~
~~NOVARTIS PHARMA AG~~        ~~Bo K. Moon (pro hac vice)~~
                      ~~O'Melveny & Myers LLP~~
                      ~~610 Newport Center Drive~~
                      ~~17th Floor~~
                      ~~Newport Beach, CA 92660~~
                      ~~(949) 823-6954~~
                      ~~jkappos@OMM.com~~
                      ~~bmoon@OMM.com~~

                      ~~*Attorneys for Plaintiff,*~~
                      ~~NOVARTIS VACCINES AND DIAGNOSTICS, INC.~~

/s/ Richard K. Herrmann

~~2~~

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Amy A. Quinlan (#3021)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA 94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

*Attorneys for Plaintiff,*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware A venue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Thomas P. Steindler
Charles J. Hawkins

Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com
*Attorneys for Plaintiff,*
NOVARTIS PHARMA AG

# EXHIBIT O

| | |
|---|---|
| **From:** | Conca, David M. <davidconca@paulhastings.com> |
| **Sent:** | Tuesday, April 23, 2013 5:01 PM |
| **To:** | Kappos, John |
| **Cc:** | amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; lmarth@mwe.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Janda, Nick; Moon, Bo; Pang, Diane; Riley, George; akumamoto@helixip.com; cschmid@helixip.com; dfkumamoto@helixip.com; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com; Godfrey, Kristin; alyssaklapper@paulhastings.com; anthonymichael@paulhastings.com; bfarnan@farnanlaw.com; geraldflattmann@paulhastings.com; jamesevans@paulhastings.com; markshtilerman@paulhastings.; petercsepes@paulhastings.com; petrascamborova@paulhastings.com; claporte@foleyhoag.com; cseitz@seitzross.com; dware@foleyhoag.com; jyounkin@foleyhoag.com; mquina@foleyhoag.com; sburg@foleyhoag.com |
| **Subject:** | RE: [NVD v. Alexion and Biogen] Correspondence |

John,

I reminded you last time, when you sent me the second draft of the proposed amended complaint, that your letter mischaracterized how and when this dispute first arose, which was in 2012, not in February 2013.  You have made those same mistakes in your April 23, 2013 letter.

Further, we told the Novartis entities twice already based on two different draft pleadings that we would not object to Novartis Pharma dropping its allegations against Alexion.  Indeed, nothing is stopping Novartis Pharma today from unilaterally withdrawing its claims against Alexion.

Nevertheless, you have now sent us a third proposed amended pleading, adding new allegations from the prior ones, trying to blame that on Biogen, and demanding an answer less than 24 hours later.

We will get back to you after we confer with our client.

Thank you,

Dave

---

**From:** Godfrey, Kristin [mailto:kgodfrey@omm.com]
**Sent:** Tuesday, April 23, 2013 3:16 PM
**To:** Klapper, Alyssa; Michael, Anthony; bfarnan@farnanlaw.com; Conca, David M.; Flattmann, Gerald J.; Evans, James T.; Shtilerman, Mark D.; Csepes, Peter; Scamborova, Petra; claporte@foleyhoag.com; cseitz@seitzross.com; dware@foleyhoag.com; jyounkin@foleyhoag.com; mquina@foleyhoag.com; sburg@foleyhoag.com
**Cc:** amayo@ashby-geddes.com; chawkins@mwe.com; jday@ashby-geddes.com; lmaguire@ashby-geddes.com; lmarth@mwe.com; mkipp@ashby-geddes.com; nclouse@mwe.com; nlopez@ashby-geddes.com; nmyers@ashby-

geddes.com; NovartisPharmaAG-Medi-DE@mwe.com; nstarzi@ashby-geddes.com; rgabriel@mwe.com; sbalick@ashby-geddes.com; sfinnegan@ashby-geddes.com; tlydon@ashby-geddes.com; tsteindler@mwe.com; Breverman, Marc M.; Dalog, John Paolo; Godfrey, Kristin; Janda, Nick; Kappos, John; Moon, Bo; Pang, Diane; Riley, George; akumamoto@helixip.com; cschmid@helixip.com; dfkumamoto@helixip.com; kdorsney@morrisjames.com; khunt@morrisjames.com; mmatterer@morrisjames.com; rherrmann@morrisjames.com; shadley@morrisjames.com; thall@morrisjames.com

**Subject:** [NVD v. Alexion and Biogen] Correspondence

Counsel:

Please see attached correspondence from John Kappos.

**Kristin Miyagi Godfrey**
*Case Manager*
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
United States of America
Phone:  (949) 823-6942
Fax:  (949) 823-6994
Email:  kgodfrey@omm.com
This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

***************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
***************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

# EXHIBIT P

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

NEW YORK

610 Newport Center Drive, 17th Floor
Newport Beach, California  92660-6429

TELEPHONE  (949) 760-9600
FACSIMILE  (949) 823-6994
www.omm.com

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

April 24, 2013

**VIA EMAIL**

David Conca
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
davidconca@paulhastings.com

OUR FILE NUMBER
0151800-00013

WRITER'S DIRECT DIAL
(949) 823-6954

WRITER'S E-MAIL ADDRESS
jkappos@omm.com

> **Re:**  *Novartis Vaccines and Diagnostics, Inc. v. MedImmune, LLC, et. al., C.A. No. 11-CV-84 (SLR)*

Dear David:

In response to your email of yesterday at 8:01 PM ET, we delayed filing the motion to amend at your request.  At no time have all parties agreed to the totality of the amendments we propose to make.  Indeed, Biogen has clearly stated that it will oppose the current proposed amendment.

Please let us know whether Alexion will or will not oppose by close of business today.  If we do not hear from you, we will file the motion as an opposed motion.

Sincerely,

*John Kappos*

John Kappos

cc:  Jeremy Younkin, Esq.
   Thomas P. Steindler, Esq.
   Richard Herrmann, Esq.