IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES & DIAGNOSTICS, INC., and NOVARTIS PHARMA AG, <br><br> Plaintiffs, <br><br> v. <br><br> BIOGEN IDEC, INC. and ALEXION PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 11-84-SLR-MPT <br><br> **JURY TRIAL DEMANDED** <br><br> ▮ <br><br> Public Version filed on May 20, 2013 |

**BIOGEN IDEC INC.'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

*Of Counsel*:

Donald R. Ware
Claire Laporte
Jeremy A. Younkin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
dware@foleyhoag.com
claporte@foleyhoag.com
jyounkin@foleyhoag.com

Collins J. Seitz, Jr. (Bar No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
SEITZ ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1601
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendant Biogen Idec Inc.*

May 13, 2013

TABLE OF CONTENTS

Introduction ............................................................................................................................. 1

Factual Background ................................................................................................................ 1

Argument ................................................................................................................................. 3

    A.    The Proposed Amendment Is Futile Under *Seagate*. ............................................. 3

    B.    Plaintiffs Lack Any Good Faith Basis To Assert Willful Infringement Or Seek Treble Damages. ........................................................................................ 4

    C.    Pharma Has No Good Faith Basis To Assert Willful Infringement Or To Seek Treble Damages Because It Did Not Enter Into The License Agreement Until July 1, 2012. ............................................................................................................. 7

    D.    Novartis Cannot Avoid Its Rule 11 Obligations. ................................................... 7

Conclusion ............................................................................................................................... 8

## TABLE OF AUTHORITIES

## TABLE OF AUTHORITIES

**CASES**                                                            **Page**

*Aeritas, LLC v. Alaska Air Group, Inc.*,
    2012 U.S. Dist. LEXIS 140038 (D. Del. Sept. 28, 2012) ...... 6

*Bigband Networks, Inc. v. Imagine Comm'ns, Inc.*,
    No. 07-351-JJF, 2010 WL 2898286 (D. Del. July 20, 2010) ...... 3

*Butamax ™ Advanced Biofuels LLC v. Gevo, Inc.*,
    No. 11-54-SLR, 2013 U.S. Dist. LEXIS 19069 (D. Del. Feb. 13, 2013) ...... 3-4

*Execware, LLC v. Staples, Inc.*,
    2012 U.S. Dist. LEXIS 174885 (D. Del. Dec. 11, 2012) ...... 5

*Foman v. Davis*,
    371 U.S. 178 (1962) ...... 3

*In re Seagate Technology, LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ...... 1, 4, 5, 6, 7

*Koken v. GPC Int'l, Inc.*,
    443 F. Supp. 2d 631 (D. Del. 2006) ...... 3

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    No. 11-798-LPS-SRF, 2012 WL 4340653 (D. Del. Sept. 20, 2012) ...... 6

*Netgear Inc. v. Ruckus Wireless Inc.*,
    No. 10-999-SLR, 2013 U.S. Dist. LEXIS 35686 (D. Del. Mar. 14, 2013) ...... 5, 6

*SoftView LLC v. Apple Inc.*,
    No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ...... 6

## INTRODUCTION

Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied because the proposed amended complaint contains a futile claim for willful infringement and treble damages that is baseless as a matter of law. Under *In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), and its progeny, plaintiffs Novartis Vaccines & Diagnostics ("NVD") and Novartis Pharma ("Pharma") cannot maintain a claim for willful infringement or request treble damages in the circumstances of this case. Accordingly, plaintiffs' motion should be denied insofar as the proposed amended complaint alleges willful infringement by, and requests treble damages from, Biogen Idec.[1]

## FACTUAL BACKGROUND



---

[1] Biogen Idec does not object to amending the complaint to remove Pharma's claims against Alexion. Biogen Idec reserves all rights and defenses with respect to the amended complaint, including the right to assert that Pharma lacks standing to make a claim against Biogen Idec.



On January 26, 2011, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ NVD filed a complaint against Biogen Idec, Alexion, and MedImmune alleging infringement of the '688 patent. (D.I. 1.)

NVD was the only plaintiff in this lawsuit for the first eighteen months of the case. On July 1, 2012, unbeknownst to defendants, Pharma entered into an agreement with NVD under which NVD purported to license the '688 patent to Pharma exclusively in certain fields of use. Ex. 6. In July 2012, the Court granted NVD's unopposed motion to add Pharma as a plaintiff.



█████

In December 2012, Pharma informed defendants for the first time that it was asserting patent infringement claims only against Biogen Idec, not Alexion. In April 2013, plaintiffs sent defendants the proposed amended complaint that is the subject of the present motion. It alleges willful infringement by Biogen Idec and seeks treble damages. More specifically, it alleges that "Biogen has known of the '688 Patent and of its infringement by the manufacture of Tysabri at least as early as November 2010," and adds that "Plaintiffs V&D and Pharma demand judgment trebling any and all damages awarded to each of them for willful acts of infringement complained of herein." D.I. 418, Pls. Br., Ex. A.

In emails and during meet-and-confer discussions, counsel for Biogen Idec explained that, based on case law, plaintiffs' willfulness allegations and demands for treble damages could not be sustained as a matter of law. Biogen Idec urged Novartis to identify any contrary case law that supported its position and to provide a Rule 11 basis for its allegations. NVD refused, stating that there is no "requirement that a party explain its rule 11 basis at this stage and we decline to do so." Ex. 7 at 1. Pharma also refused to disclose its Rule 11 basis.

## ARGUMENT

### A. The Proposed Amendment Is Futile Under *Seagate*.

Plaintiffs' motion to amend should be denied because the proposed amended complaint contains a futile claim for willful infringement and treble damages. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile when it "fails to state a claim upon which relief can be granted" or "advances a claim or defense that is legally insufficient on its face." *Bigband Networks, Inc. v. Imagine Comm'ns, Inc.*, No. 07-351-JJF, 2010 WL 2898286, at *1 (D. Del. July 20, 2010) (in part quoting *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006); *Butamax ™ Advanced Biofuels LLC v. Gevo, Inc.*, No. 11-54-SLR, 2013 U.S. Dist.

LEXIS 19069 (D. Del. Feb. 13, 2013) (Robinson, J.) (denying motion for leave to amend complaint because amendment would be futile). Here, the proposed allegation of willful infringement and the demand for treble damages are futile because, based on the facts set forth above, they are precluded as a matter of law by the Federal Circuit's decision in *In re Seagate Technologies, LLC*, 497 F.3d 1360 (Fed. Cir. 2007).

In *Seagate*, the Federal Circuit articulated a two-part standard for assessing willfulness and seeking treble damages. Under that standard, to establish willful infringement, the patentee must show by clear and convincing evidence "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and, second, that the "objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer." *Id.* at 1371. The *Seagate* Court further stated in that "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct." *Id.* at 1374. The Federal Circuit explained,

> when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. *A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.*

*Id.* (emphasis added).

### B. Plaintiffs Lack Any Good Faith Basis To Assert Willful Infringement Or Seek Treble Damages.



███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████NVD filed suit in January 2011,███████
███████████████████████████

Insofar as the allegation of willfulness relates to Biogen Idec's pre-suit conduct, these facts preclude plaintiffs' futile claim. *Seagate*, 497 F.3d at 1374. ██████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

Plaintiffs' willfulness claim fails as a matter of law. *See Netgear Inc. v. Ruckus Wireless Inc.*, No. 10-999-SLR, 2013 U.S. Dist. LEXIS 35686 (D. Del. Mar. 14, 2013) (Robinson, J.) (granting motion to dismiss because "the only circumstance identified by plaintiff to substantiate its willfulness claims … is the litigation itself…."); *Execware, LLC v. Staples, Inc.*, 2012 U.S. Dist. LEXIS 174885 (D. Del. Dec. 11, 2012) ("Allegations of willful infringement are insufficient if the alleged infringer had no pre-suit knowledge of the patent-in-suit.").

████████████████████████████████████████
Under plaintiffs' logic, Biogen Idec should have pulled a lifesaving drug off the market instantaneously upon being informed of an allegation that the drug infringed an ***unidentified*** patent or should have licensed that patent without even knowing what it was. It is plain that Biogen Idec did not act "despite an objectively high likelihood that its actions constituted infringement of a valid patent." Nor can it conceivably be argued, on these facts, that the

"objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F. 3d at 1371; *see also Netgear*, 2013 U.S. Dist. LEXIS 35686 at *5. Indeed, plaintiffs' proposed complaint does not even attempt to allege the objective recklessness required by *Seagate* and its progeny. *Seagate*, 497 F.3d at 1371; *Aeritas, LLC v. Alaska Air Group, Inc.*, 2012 U.S. Dist. LEXIS 140038, at *12 (D. Del. Sept. 28, 2012) (Robinson, J.).

The allegation of willfulness is equally futile with respect to Biogen Idec's post-suit conduct. In *Aeritas*, this Court determined that the plaintiff did not have a good faith basis for asserting willful infringement under *Seagate's* requirement of recklessness where the plaintiff alleged only post-complaint willfulness. This Court explained:

> [Plaintiff's] assertions of willful infringement do not pass muster under Rule 8, given: (a) the apparent recognition by [plaintiff] that it had no good faith basis to assert willful infringement for [defendant's] prelitigation conduct; (b) the Federal Circuit's recognition that willfulness ordinarily depends on an infringer's prelitigation conduct; and (c) the fact that the burden to prove willful infringement includes more than mere knowledge of the patent.

*Id.* at *12; *see also MONEC Holding AG v. Motorola Mobility, Inc.*, No. 11-798-LPS-SRF, 2012 WL 4340653, at *10 (D. Del. Sept. 20, 2012) (a plaintiff's "failure to sufficiently plead that [the defendant] had any reason to know of the [patents-in-suit] is ... fatal to its claim for willful infringement" and dismissing willfulness allegations); *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *8 (D. Del. July 26, 2012) ("fail[ure] to plausibly allege pre-suit knowledge of the patents-in-suit by [defendant] leads to the conclusion that [plaintiff's] willful infringement allegations against [defendant] should be dismissed").

For similar reasons, the request for treble damages is also futile. In *Seagate*, the Federal Circuit explained that a patentee who believes that an infringer's post-filing conduct is reckless can move for a preliminary injunction, and that a patentee who chooses not to do so should not

be allowed to accrue enhanced damages for post-Complaint conduct. *Seagate*, 497 F.3d at 1374. Accordingly, under *Seagate*, plaintiffs cannot seek enhanced damages for any conduct by Biogen Idec after the Complaint was filed. Further, as explained above, they cannot seek enhanced damages for alleged infringement during the two-month gap between November 2010 and January 2011. There is no basis for treble damages.

### C. Pharma Has No Good Faith Basis To Assert Willful Infringement Or To Seek Treble Damages Because It Did Not Enter Into The License Agreement Until July 1, 2012.

Pharma's claims of willful infringement and for treble damages lack any conceivable basis. Those claims suffer from all of the infirmities identified above, but they are further weakened by the fact that Pharma's claimed standing is based entirely on the license agreement. That license came into effect only in July 2012, *eighteen months after* the beginning of the lawsuit, ███████████████████████████████████████████ Thus, Pharma has no business complaining about Biogen Idec's prelitigation conduct. ███████████████████████████████████████████ *Seagate* and its progeny bar Pharma from making a willfulness claim against Biogen Idec or requesting treble damages.

### D. Novartis Cannot Avoid Its Rule 11 Obligations.

Plaintiffs seek to excuse the baselessness of their allegations and the futility of the proposed amended complaint because the objectionable allegations appear in the currently operative complaint. This argument ignores Rule 11, which requires a good faith basis for *every* pleading. Plaintiffs have learned through discovery that their willfulness allegations and treble

damages demands have no good faith basis.[2] The Court should not permit plaintiffs to repeat these baseless allegations in a new pleading.

## CONCLUSION

For the reasons stated above, Biogen Idec respectfully requests that the Court deny plaintiffs' motion for leave to amend insofar as it seeks to file an amended complaint alleging willful infringement by, and requesting treble damages from, Biogen Idec.

*Of Counsel*:

Donald R. Ware
Claire Laporte
Jeremy A. Younkin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
dware@foleyhoag.com
claporte@foleyhoag.com
jyounkin@foleyhoag.com

May 13, 2013

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (Bar No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
SEITZ ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1601
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendant Biogen Idec Inc.*

---

[2] Plaintiffs' argument that "[i]t serves no purpose to address [willfulness and treble damages] in the first phase" of the case (Pls. Br. at 13, n. 2) should also be rejected. The fact that the case is bifurcated does not mean that Novartis can pursue claims without any good faith basis. Rule 11 applies at all stages of the case.

## **CERTIFICATE OF SERVICE**

I, Benjamin J. Schladweiler, hereby certify that on May 20, 2013, I caused a copy of the *Redacted Version of Biogen Idec Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint for Patent Infringement* to be served via electronic mail to the following individuals.

Steven J. Balick
Andrew Colin Mayo
Tiffany Geyer Lydon
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
sbalick@ashby-geddes.com
amayo@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Novartis Pharma AG*

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, D.C. 20001
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com

*Attorneys for Novartis Pharma AG*

Richard K. Herrmann
Mary B. Matterer
Kenneth L. Dorsney
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
rherrmann@morrisjames.com
mmatterer@morrisjames.com
kdorsney@morrisjames.com

*Attorneys for Novartis Vaccines and Diagnostics Inc.*

John C. Kappos
Bo K. Moon
Diane K. Pang
Michael L. Myers
Nicholas B. Janda
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
jkappos@omm.com
bmoon@omm.com
dpang@omm.com
mmyers@omm.com
njanda@omm.com

*Attorneys for Novartis Vaccines and Diagnostics Inc.*


George A. Riley
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
griley@omm.com

*Attorneys for Novartis Vaccines and Diagnostics Inc.*

 */s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (Bar No. 4601)