# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., AND NOVARTIS PHARMA AG,<br><br>*Plaintiffs*,<br><br>v.<br><br>BIOGEN IDEC, INC., AND ALEXION PHARMACEUTICALS, INC.,<br><br>*Defendants*. | Civil Action No. 11-cv-00084-SLR-MPT<br><br>JURY TRIAL DEMANDED<br><br>▬▬▬▬▬▬▬▬<br><br>PUBLIC - REDACTED VERSION |

**NOVARTIS VACCINES AND DIAGNOSTICS, INC. AND NOVARTIS PHARMA AG'S REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A <u>SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

OF COUNSEL:

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA 94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

Dated: May 23, 2013

`Public version filed May 30, 2013`

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com
kdorsney@morrisjames.com

*Attorneys for Plaintiff*
NOVARTIS VACCINES AND DIAGNOSTICS, INC.

OF COUNSEL:

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware A venue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiff*
*NOVARTIS PHARMA AG*

## TABLE OF CONTENTS

          **Page**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 2

    A. An Amendment Is Not Futile If Its Factual Allegations "Plausibly Give Rise To An Entitlement To Relief." ....................................................................... 2

    B. The Proposed Second Amended Complaint Alleges Both Prongs Of The Willfulness Test ................................................................................................... 2

    C. Biogen's Dispute Of The Factual Allegations In Novartis's Proposed Second Amended Complaint Is Irrelevant To The Instant Motion ....................... 3

        1. ███████████████████████████████████████ .................................. 4

        2. ███████████████████████████████████ .................... 5

    D. Pharma's Claims For Biogen's Willful Infringement Are Not Futile ................... 6

III. CONCLUSION .................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Apeldyn Corp. v. Sony Corp.*,
  852 F. Supp. 2d 568 (D. Del. 2012) ............................................................................. 2, 3, 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 1, 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... 1, 2, 3

*Copease Mfg. Co. v. Am. Photocopy Equip. Co.*,
  298 F.2d 772 (7th Cir. 1961) ............................................................................................... 7

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ............................................................................................................... 2

*Free Speech Coalition, Inc. v. AG of the United States*,
  677 F.3d 519 (3rd Cir. 2012) .............................................................................................. 2

*In re Seagate Technology, LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ............................................................................... 2, 5, 6, 7

*Moody v. Kearney*,
  Civ. No. 01-374-SLR, 2004 U.S. Dist. LEXIS 21849 (D. Del. Oct. 13, 2004) ............... 2, 5

*Pentech Int'l, Inc., v. Hayduchok*,
  931 F. Supp. 1167 (S.D.N.Y. 1996) .................................................................................... 7

*Read Corp. v. Portec, Inc.*,
  970 F.2d 816 (Fed. Cir. 1992) ......................................................................................... 7, 8

**RULES**

Fed. R. Civ. P. 11 ..................................................................................................................... 1, 7

Fed. R. Civ. P. 30(b)(6) ................................................................................................................ 3

**OTHER AUTHORITIES**

*Chisum On Patents* § 20.03[4][b][vi][B] ..................................................................................... 8

**I.      INTRODUCTION**

By its opposition, Biogen Idec Inc. ("Biogen") contests only ¶ 20, ¶ 26(A), and ¶ 26(E) of the proposed Second Amended Complaint[1] submitted by Plaintiff Novartis Vaccines and Diagnostics, Inc., ("NVD") and Plaintiff Novartis Pharma AG ("Pharma") (collectively "Novartis"). Biogen alleges that these claims are futile. The question before the Court is thus straightforward—do these paragraphs survive a motion to dismiss? That is, (1) do they contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007), and, if so, (2) "assum[ing] their veracity [do] they plausibly give rise to an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Biogen's entire opposition rests on the assertion that Novartis is required to plead pre-filing willfulness and has failed to do so. This foundation is flawed because Novartis's proposed Second Amended Complaint *does* allege pre-filing reckless conduct. Second Amended Complaint, ¶ 19-20. For purposes of the instant motion, the factual allegations in the proposed Second Amended Complaint regarding Biogen's pre-suit knowledge of the patent-in-suit and its objectively reckless conduct in continuing to sell its infringing product despite its knowledge of the patent must be accepted as true. Thus, for the reasons discussed below, the Court should grant Novartis's Motion For Leave To File A Second Amended Complaint.[2]

---

[1] The Second Amended Complaint is attached to Novartis Vaccines And Diagnostics, Inc. And Novartis Pharma AG's Opening Brief In Support Of Their Motion For Leave To File A Second Amended Complaint For Patent Infringement (D.I. 418) as Exhibit A.

[2] Biogen's contention that Novartis cannot avoid its rule 11 obligations is undisputed, but irrelevant to the present motion for leave to amend. Should the Court grant this motion to amend, Novartis would certify the proposed complaint under Rule 11 by filing it with the Court—this motion is not the place to challenge that certification.

## II.     ARGUMENT

### A.     An Amendment Is Not Futile If Its Factual Allegations "Plausibly Give Rise To An Entitlement To Relief."

Surviving a challenge of futility does not require proof that the claim will succeed because "litigants 'are entitled to discovery before being put to their proof.'" *Moody v. Kearney*, Civ. No. 01-374-SLR, 2004 U.S. Dist. LEXIS 21849, at *15 (D. Del. Oct. 13, 2004) (Robinson, J.) (citation omitted). Rather, a "proposed amendment is not futile [where it] would withstand a motion to dismiss." *Free Speech Coalition, Inc. v. AG of the United States*, 677 F.3d 519, 545 (3rd Cir. 2012); *see also Moody*, 2004 U.S. Dist. LEXIS 21849, at *15. When reviewing a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 571-72 (D. Del. 2012) (Robinson, J.) ("A complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and *Twombly*, 550 U.S. at 54). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Apeldyn*, 852 F. Supp. 2d at 572 (citing *Iqbal*, 556 U.S. 662).

### B.     The Proposed Second Amended Complaint Alleges Both Prongs Of The Willfulness Test.

Biogen correctly observes that "[i]n *Seagate*, the Federal Circuit articulated a two-part standard for asserting willfulness and seeking treble damages." (D.I. 424 at 4 (citing *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).) First, Novartis must show that Biogen acted despite an objectively high risk that its actions infringed a valid patent. *In re Seagate*, 497 F.3d at 1371. Second, Novartis must demonstrate that the objectively high risk was either known or should have been known to Biogen. *Id.* This second, subjective prong "hinges

on the fact finder's assessments of the credibility of witnesses." *Apeldyn*, 852 F. Supp. 2d at 574 (citation omitted).

Novartis's proposed Second Amended Complaint alleges that "Defendant Biogen has known of the '688 Patent and of its infringement by the manufacture of Tysabri at least as early as November 2010, and Biogen's infringement of the '688 Patent has been and continues to be deliberate and willful." (D.I. 418, Ex. A at ¶ 20.) This is sufficient to give Biogen "fair notice," of the two prongs of willfulness. *Twombly*, 550 U.S. at 545. This disposes of any question as to Novartis's entitlement to file its proposed Second Amended Complaint. Novartis's motion should be granted.

### C. Biogen's Dispute Of The Factual Allegations In Novartis's Proposed Second Amended Complaint Is Irrelevant To The Instant Motion.

Biogen argues that Novartis's proposed amendments are futile because Novartis cannot *prove* Biogen's pre-litigation knowledge of the '688 Patent. (*See* D.I. 424 at 4-6.) Even if this were true (which it is not), Biogen's argument goes to the merits of the case, which are to be addressed after discovery at trial in the second phase of this case or on a motion for summary judgment, *not* on a motion to amend pleadings or a motion to dismiss, where the factual allegations of the complaint must be assumed to be true.

In any case, even though not relevant to the instant motion, Biogen's corporate representative has admitted in a Rule 30(b)(6) deposition that ███████████████

████████████████████████████████████████████████████ ███

████████████████████ ████████████████

████████████████████████████████████

████████████████████████████

3

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

Undaunted by the knowledge that factual allegations regarding pre-suit reckless conduct set out in the proposed Second Amended Complaint must be assumed to be true for purposes of the instant motion, Biogen argues that ███████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████

████ Both arguments are misplaced.

    **1.** ████████████████████████████████████████████████
████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████ It may very well turn out to be the case that Biogen knew about the '688 Patent long before the time Biogen now claims it first learned of the patent. ████

██████████████████████████████████████████████████████████████████████

4

███████████████████████████████████████████████████████

██████████████████████████████████████ Rather, Novartis should be permitted to assert its claim and take second phase "discovery before being put to their proof,'" particularly for an issue that "hinges on the fact finder's assessments of the credibility of witnesses." *Apeldyn*, 852 F. Supp. 2d at 574; *see also Moody*, 2004 U.S. Dist. LEXIS 21849, at *14-15.

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████████████████████

      **2.**    ████████████████████████████████████

███████████████████████████████████████████████████████
█████████████████  ████████████████████████████████████████
███████████████████████████████████████████████████████
██████████  █████████████████████████████████████████████
███████████████████████████████████████████████████████
█████  ████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████  ██████████████████████  ███



it does not excuse Biogen's pre-suit willfulness. *Id.*

### D. Pharma's Claims For Biogen's Willful Infringement Are Not Futile.

Biogen asserts that "Pharma has no business complaining about Biogen Idec's prelitigation conduct," on grounds that because Pharma became an exclusive licensee 18 months after NVD filed its original complaint in this action on January 26, 2011, "Pharma's infringement claim is limited as a matter of law to post-Complaint activity" and so "*Seagate* and its progeny bar Pharma from making a willfulness claim." (D.I. 424 at 7.) Biogen's contention is completely without merit, for a number of separate reasons.

First, Biogen is wrong that *for Pharma*, "pre-filing conduct" refers to the time before January 26, 2011, when *NVD* filed its first complaint against Biogen (D.I. 1). *Seagate* says that in order for a party to have a good faith basis for alleging willfulness in its original complaint, this must necessarily be grounded in the accused infringer's pre-filing conduct. *Seagate*, 497 F.3d at 1374 (("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. So a willfulness claim asserted in the *original complaint* must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.") (emphasis added) (citation omitted). *Pharma's* original complaint was filed on July 18, 2012, when Pharma was

6

added to this case in the First Amended Complaint. Pharma's good faith basis for alleging willful infringement had to be established as of that date, July 18, 2012, not as of the date 18 months earlier, January 26, 2011, when a different entity, NVD, filed its original complaint. Pharma satisfied its Rule 11 obligations when it filed its first complaint against Biogen on July 18, 2012, which alleged infringing conduct that occurred before July 18, 2012. Biogen is confusing Pharma for NVD when it contends Pharma is required to allege reckless conduct prior to NVD's January 26, 2011, filing date.[3]

Biogen further argues that because Pharma did not become an exclusive licensee for the '688 Patent until July 2012, Biogen's reckless conduct before July 2012 does not count. Biogen is wrong. Federal courts have upheld willfulness claims based on conduct that occurred before a plaintiff had standing to sue. *Copease Mfg. Co. v. Am. Photocopy Equip. Co.*, 298 F.2d 772 (7th Cir. 1961) (affirming finding of willful infringement for assignee based in part on infringer's conduct occurring before patent assignment, even though assignee did not have right to sue for past infringement); *Pentech Int'l, Inc., v. Hayduchok*, 931 F. Supp. 1167, 1178-79 (S.D.N.Y. 1996) (finding willful infringement for exclusive licensee based in part on infringer's conduct occurring before patentee granted exclusive license).

Moreover, the factors identified in *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) for evaluating the degree of the infringer's culpability and in determining whether to exercise the court's discretion to award enhanced damages make clear that the time period for the duration of misconduct that forms the basis for a willfulness claim need not be the same as

---

[3] *Seagate* also distinguishes pre-filing from post-filing periods by noting that "when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction." *Seagate*, 497 F.3d at 1374. Since Pharma could not have moved to enjoin anyone on a patent for which it did not have standing to sue, post-filing conduct relative to Pharma could not occur before it became an exclusive licensee in July 2012.

7

the time period for the recovery of enhanced infringement damages. *See Chisum On Patents* § 20.03[4][b][vi][B] (noting that the sixth *Read* factor is the "duration of defendant's misconduct" and that the *Read* court "had in mind not only the absolute length of the infringement period but also whether there had been changes in circumstances during the infringement, such as rulings on infringement and validity"). Damages can be enhanced for the entire period of infringement even where defendant's willful misconduct did not persist for the entire period.

It is clear, therefore, that Pharma is entitled to bring a claim for willfulness based on Biogen's reckless conduct that occurred before Pharma had standing to sue. The time period for conduct that forms the basis for a willfulness claim is not required to be co-extensive with the time period of plaintiffs' standing to sue. Biogen cites no authority, and Pharma is aware of none, that would support an opposite conclusion.

Moreover, even if Pharma could not make a claim for willful infringement based on reckless conduct that occurred before Pharma had standing (which it can), Pharma became an exclusive licensee of the '688 Patent effective July 1, 2012, at which time it had standing to sue Biogen. (*See* D.I. 418, Ex. C.) Biogen's actions between July 1, 2012, and July 18, 2012, occurred while Pharma had standing and constitute pre-filing conduct relative to Pharma. Thus, even if Biogen's argument had merit (which it does not), Pharma still is entitled to bring such a claim based on conduct that occurred *after* the time Pharma acquired standing.

## III. CONCLUSION

Plaintiffs respectfully requests that the Court grant their motion.

Dated:  May 23, 2013

*Public version filed:*
   *May 30, 2013*

      */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com
kdorsney@morrisjames.com

*Of counsel:*

George A. Riley (pro hac vice)
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA 94111
(415) 984-8700
griley@OMM.com

John C. Kappos (pro hac vice)
Bo K. Moon (pro hac vice)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-6954
jkappos@OMM.com
bmoon@OMM.com

*Attorneys for Plaintiff*
*NOVARTIS VACCINES AND DIAGNOSTICS, INC.*

    */s/ Andrew C. Mayo*
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware A venue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Of counsel:*

Thomas P. Steindler
Charles J. Hawkins
Raymond M. Gabriel
MCDERMOTT, WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
tsteindler@mwe.com
chawkins@mwe.com
rgabriel@mwe.com

*Attorneys for Plaintiff*
*NOVARTIS PHARMA AG*